DAVID P. MASTAGNI (SBN 57721)
GRANT A. WINTER (SBN 266329)
BRETT D. BEYLER (SBN 319415)
**MASTAGNI HOLSTEDT, A.P.C.**
1912 I Street,
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
Email: bbeyler@mastagni.com

Attorneys for Plaintiffs
ALAN STRICKLAND and KELLY STRICKLAND

### UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN STRICKLAND, an individual; and KELLY STRICKLAND, an individual, | Case No.: |
| | **COMPLAINT FOR PERSONAL INJURIES AND DAMAGES:** |
| Plaintiffs, | |
| v. | (1) ASSAULT |
| | (2) BATTERY |
| MASAI UJIRI, an individual; TORONTO RAPTORS, a business entity; MAPLE LEAF SPORTS & ENTERTAINMENT, a business entity; NATIONAL BASKETBALL ASSOCIATION, INC.; and DOES 1 through 100, inclusive, | (3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |
| | (4) NEGLIGENCE |
| | (5) NEGLIGENCE |
| | (6) LOSS OF CONSORTIUM |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiffs ALAN STRICKLAND and KELLY STRICKLAND complain and allege of Defendants MASAI UJIRI, TORONTO RAPTORS, MAPLE LEAF SPORTS & ENTERTAINMENT, NATIONAL BASKETBALL ASSOCIATION, INC., and DOES 1 through 100, (hereinafter the foregoing defendants are referred to collectively as "Defendants") inclusive, and each of them, as follows:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PARTIES**

1.      At all times herein mentioned, Plaintiff ALAN STRICKLAND was, and is now, an individual adult natural person residing in the State of California.

2.      At all times herein mentioned, Plaintiff KELLY STRICKLAND was, and is now, an individual adult and natural person residing in the State of California.

3.      Plaintiffs are informed and believe, and thereon allege, that Defendant MASAI UJIRI was, and is now, an individual adult and natural person residing in Toronto, Canada.

4.      Plaintiffs are informed and believe, and thereon allege, that Defendant TORONTO RAPTORS was, and is now, a business entity of a type not currently known, doing business in the United States of America, including in the State of California. Plaintiffs are informed and believe that the TORONTO RAPTORS is a citizen of Canada and has its principal place of business in Canada.

5.      Plaintiffs are informed and believe, and thereon allege, that Defendant MAPLE LEAF SPORTS & ENTERTAINMENT was, and is now, a business entity of a type not currently known, doing business in the United States of America, including in the State of California. Plaintiffs are informed and believe that the MAPLE LEAF SPORTS & ENTERTAINMENT is a citizen of Canada and has its principal place of business in Canada.

6.      Plaintiffs are informed and believe, and thereon allege, that Defendant NATIONAL BASKETBALL ASSOCIATION, INC. was, and is now, a business entity of a type not currently known, doing business in the State of California. Plaintiffs are informed and believe and thereon allege that the NATIONAL BASKETBALL ASSOCIATION, INC. has its principal place of business in New York City, New York.

7.      The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants DOE 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sues such Defendants by such fictitious names, and Plaintiff will amend this Complaint to show their true names and capacities when the same have been ascertained.

8.      Plaintiff is informed and believes and thereon alleges that each of the Defendants

designated as DOE are responsible under law in some manner and liable herein by reason of negligence, negligence per se, strict liability, and in other manner, and by such wrongful conduct that was a substantial factor in causing the events and happenings herein referred to and thereby caused the injuries and damages to Plaintiff as herein alleged.

9.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto, each Defendant, whether designated by name or as a DOE, was the agent, servant and employee of every other Defendant, who was a principal, master, and employer of each other Defendant, and every Defendant was acting within the course and scope of said agency, authority, and employment. Furthermore, each of the Defendants was a partner and was engaged in a joint venture with every other Defendant, and each Defendant was acting within the course, scope, and in furtherance of said partnership and joint venture; and each Defendant was a principal, master, or employer authorized, ratified, directed, and approved the acts, omissions, and conduct of each other Defendant; and each Defendant assumed the liabilities of every other Defendant with respect to the conditions, incident, events, injuries, and damages referred to herein.

10.     Whenever in this Complaint reference is made to any act or omission of Defendants, or any of them, such allegations shall be deemed to mean that the officers, directors, agents, trustees, and employees of said Defendants did or authorized or ratified such acts or omissions while actively engaged in the management, direction, control, and employ of the affairs of said Defendants, and were acting within the course and scope of their employment, authority, and agency.  Whenever in this Complaint reference is made to any act or omission of Defendants, and each of them, such allegation shall be deemed to mean the act or omission of each Defendant, acting individually, jointly, in concert, and severally, and in furtherance of their joint activity.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the value of $75,000.00 and is between citizens of different States and/or of a foreign state.

12.     Venue is proper pursuant to 28 U.S.C. § 1391 given that the subject matter of this

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

litigation occurred at Oracle Arena which is located in the City of Oakland, County of Alameda, State of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

13.     Plaintiffs incorporate herein, as though fully set forth at length, each and every allegation set forth in paragraphs above, inclusive of this Complaint.

14.     Plaintiffs ALAN STRICKLAND and KELLY STRICKLAND allege that DEFENDANTS, and each of them, were the legal (proximate), actual, and substantial cause of the damages to Plaintiffs. By the following acts or omissions, Defendants and each of them, intentionally, negligently, and/or by breaches of the duties identified herein, caused the damage to Plaintiffs.

15.     Plaintiffs ALAN STRICKLAND and KELLY STRICKLAND hereby make a claim for personal injuries and damages arising from an incident involving Plaintiff ALAN STRICKLAND and DEFENDANTS occurred on or about June 13, 2019, at or about the hour of 9:00 P.M., at or near the basketball court perimeter at or near the southgate tunnel of the Oracle Arena (hereinafter "Subject Incident").

16.     Plaintiff ALAN STRICKLAND was assigned to the Oracle Arena for game number 6 of the NATIONAL BASKETBALL ASSOCIATION, INC. (hereinafter "NBA") Finals between the Golden State Warriors and the Toronto Raptors.

17.     NBA officials issued instructions to Plaintiff ALAN STRICKLAND, and all other law enforcement and/or security personnel working security at this game. Specifically, these instructions included, but were not limited to, stopping and preventing any and all individuals from accessing the basketball court unless that individual was wearing a specific security "credential."

18.     NBA officials instructed Plaintiff ALAN STRICKLAND, and all other law enforcement and/or security personnel working security at this game, to prevent any unauthorized person from accessing the court and cause a disturbance, cause harm to a player or coach or commit a crime.

19.     NBA officials informed Plaintiff ALAN STRICKLAND, and all other law enforcement and/or security personnel working security at this game, that a recent security breach

occurred wherein an unauthorized person presented fictitious credentials to access the court, bypassing multiple layers of security. NBA officials instructed Plaintiff ALAN STRICKLAND, and all other law enforcement and/or security personnel working security at this game, they did not want this security breach to occur again.

20.     NBA officials assigned Plaintiff ALAN STRICKLAND to his post at or near the basketball court perimeter on the date of the Subject Incident. At or around 9:00 P.M., Plaintiff ALAN STRICKLAND was at his assigned post when he saw an unidentified male wearing a dark suit and neck tie approaching his post. Plaintiff ALAN STRICKLAND later learned the identity of the male in the dark suit and neck tie was MASAI UJIRI.

21.     MASAI UJIRI had no visible credentials, as was required by NBA security regulations. MASAI UJIRI attempted to circumvent the security checkpoint and evade Plaintiff ALAN STRICKLAND and access the basketball court without showing security personnel, including ALAN STRICKLAND, his credential. MASAI UJIRI repeatedly ignored Plaintiff ALAN STRICKLAND's orders to stop and return to the arena security official.

22.     MASAI UJIRI then attacked Plaintiff ALAN STRICKLAND and hit him in the face and chest with both fists. The force of from MASAI UJIRI's attack sent Plaintiff ALAN STRICKLAND backwards several feet. And/or MASAI UJIRI negligently hit Plaintiff ALAN STRICKLAND and hit him in the face and chest with both fists.

23.     At no point during this confrontation between MASAI UJIRI and Plaintiff ALAN STRICKLAND did MASAI UJIRI stop trying to advance towards the court or present his credentials for inspection as required by NBA security regulations.

24.     Plaintiff is informed and believes and thereon alleges that each and every Defendant are legally responsible in some manner for the events, happenings, omissions and/or occurrences causing damages referred to herein, and legally and proximately caused damage to Plaintiff.

25.     At all times relevant herein, Defendants, each of which are vicariously liable for the harm Plaintiff suffered resulting from the conduct of each other Defendant, had actual knowledge and/or should have known of MASAI UJIRI's violent predisposition and propensity for physical

violence prior to his assault on Plaintiff ALAN STRICKLAND.

26.     As a result of the Subject Incident, Plaintiff ALAN STRICKLAND suffered, and will continue to suffer, physical, mental, emotional, and economic injuries, including, but not limited to, lost wages, lost opportunity for financial gain, future earning capacity, and past and future medical care and expenses.

27.     As a substantial result of the wrongful conduct and/or omissions of each and every Defendant named herein, and their employees and/or agents, and of each of them, Plaintiff ALAN STRICKLAND was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock of injury to his nervous system and person, all of which said injuries have caused and continue to cause Plaintiff ALAN STRICKLAND great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes, and thereon alleges, that said injuries will result in some permanent disability to Plaintiff ALAN STRICKLAND, all to his general damage in an amount well in excess of $75,000, and, as such, in accordance with California law, he is entitled to prejudgment interest on that amount when determined.

28.     As a further substantial result of the wrongful conduct and/or omissions of the defendants, and of each of them, Plaintiff ALAN STRICKLAND was required to, did, and will employ physicians and surgeons to examine, treat and care for him and did incur medical and incidental expenses. The exact amount of such expense is unknown to Plaintiff ALAN STRICKLAND at this time, and Plaintiff ALAN STRICKLAND will ask leave to amend his pleading to set forth the exact amount thereof when the same is ascertained by him, and any and all prejudgment interest in accordance with California law.

29.     As a further substantial result of the said negligence and other wrongful conduct herein alleged of the defendants, and of each of them, Plaintiff ALAN STRICKLAND was prevented from attending to his usual occupation, and Plaintiff ALAN STRICKLAND is informed and believes, and thereon alleges, that he will thereby be prevented from attending to his usual occupation for a period of time in the future, all to Plaintiff ALAN STRICKLAND's further damage in an amount unknown at this time, and Plaintiff ALAN STRICKLAND will ask leave to amend his complaint to show the

1    exact amount when determined, and any and all prejudgment interest in accordance with California

2    law.

3         30.    Prior to the game, Defendants advertised and publicly represented that they would

4    provide security at the game and make the game safe for individuals present; however, Defendants

5    failed to implement reasonable security in the form of security personnel, staff, plans, strategies,

6    measures, systems, standards, procedures, schemes, personnel training, signs, warnings, physical

7    barriers, equipment, tools, and arrangements.  Defendants failed to provide adequate safety and

8    security measures to protect members of the public including Plaintiff, failing to supervise MASAI

9    UJIRI, failing to employ adequate security personnel, failing to employ adequate physical barriers

10   between the stage and the audience floor, failing to warn of danger, failing to post signs warning of

11   danger, including the danger of MASAI UJIRI, failing to adequately train security personnel, and

12   failing to adequately equip security personnel with tools to prevent injuries to individuals present at

13   the game, including Plaintiff.

14        31.    At all times relevant herein, Defendants knew or should have known of MASAI

15   UJIRI's propensity for violence.  Defendants failed to use reasonable care to protect individuals

16   present at the game from MASAI UJIRI's intentionally harmful conduct.  Such conduct was

17   reasonably foreseeable based on MASAI UJIRI's previous altercations involving similar

18   circumstances and necessitated adequate security, which Defendants failed to provide.

19                                    **FIRST CAUSE OF ACTION**

20                    (Assault – Plaintiff ALAN STRICKLAND Against All Defendants,

21                              including Does 1 through 100)

22        32.    Plaintiffs incorporate herein, as though fully set forth at length, each and every

23   allegation set forth in paragraphs above, inclusive of this Complaint.

24        33.    At the time of the Subject Incident, MASAI UJIRI acted, intending to cause harmful

25   and/or offensive contact with Plaintiff ALAN STRICKLAND's head and/or body with his hands

26   and/or fists, which resulted in harmful contact with Plaintiff ALAN STRICKLAND.

27        34.    Such harmful or offensive contact did, in fact, occur on June 13, 2019, without

28

Plaintiff ALAN STRICKLAND's consent.

35.     MASAI UJIRI caused Plaintiff ALAN STRICKLAND imminent apprehension of harmful or offensive contact with Plaintiff ALAN STRICKLAND's head and/or body, which resulted in direct contact with Plaintiff ALAN STRICKLAND.

36.     Plaintiff ALAN STRICKLAND was harmed by MASAI UJIRI's conduct.

37.     As a direct and proximate result of Defendants' conduct, Plaintiff ALAN STRICKLAND suffered injury to his head, body, health, strength, nervous system, and person, all of which caused and continue to cause Plaintiff great mental, physical, emotional and psychological pain and suffering. As a result of the acts and omissions herein complained of, Plaintiff ALAN STRICKLAND suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiff is entitled to recover all damages resulting from Defendants' acts, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorney's fees, costs, and any other damages the Court deems appropriate.

38.     Defendants committed the acts herein described despicably, maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff ALAN STRICKLAND, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Further, MASAI UJIRI knew that his conduct was illegal and acted with the specific intent to cause injury and damage to Plaintiff ALAN STRICKLAND, and Plaintiff ALAN STRICKLAND is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

39.     Defendants are vicariously liable for the conduct of each other defendant carried out within the course and scope of their employment duties using the powers imparted to them as agents for each other defendant.

## SECOND CAUSE OF ACTION

(Battery – Plaintiff ALAN STRICKLAND Against All Defendants,

Including DOES 1 through 100)

40.     Plaintiffs incorporate herein, as though fully set forth at length, each and every

allegation set forth in paragraphs above, inclusive of this Complaint.

41.     At the time of the Subject Incident, MASAI UJIRI acted, intending to cause harmful and/or offensive contact with Plaintiff ALAN STRICKLAND's head and/or body with his hands and/or fists, which resulted in harmful contact with Plaintiff ALAN STRICKLAND.

42.     Such harmful or offensive contact did, in fact, occur on June 13, 2019, without Plaintiff ALAN STRICKLAND's consent.

43.     MASAI UJIRI caused Plaintiff ALAN STRICKLAND imminent apprehension of harmful or offensive contact with Plaintiff ALAN STRICKLAND's head and/or body, which resulted in direct contact with Plaintiff ALAN STRICKLAND.

44.     Plaintiff ALAN STRICKLAND was harmed by MASAI UJIRI's conduct.

45.     As a direct and proximate result of Defendants' conduct, Plaintiff ALAN STRICKLAND suffered injury to his head, body, health, strength, nervous system, and person, all of which caused and continue to cause Plaintiff great mental, physical, emotional and psychological pain and suffering. As a result of the acts and omissions herein complained of, Plaintiff ALAN STRICKLAND suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiff is entitled to recover all damages resulting from Defendants' acts, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorney's fees, costs, and any other damages the Court deems appropriate.

46.     Defendants committed the acts herein described despicably, maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff ALAN STRICKLAND, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Further, MASAI UJIRI knew that his conduct was illegal and acted with the specific intent to cause injury and damage to Plaintiff ALAN STRICKLAND, and Plaintiff ALAN STRICKLAND is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

47.     Defendants are vicariously liable for the conduct of each other defendant carried out within the course and scope of their employment duties using the powers imparted to them as agents

1  for each other defendant.

2  **THIRD CAUSE OF ACTION**

3  (Intentional Infliction of Emotional Distress – Plaintiff ALAN STRICKLAND Against All

4  Defendants,

5  Including Does 1 through 100)

6  48.    Plaintiffs incorporate herein, as though fully set forth at length, each and every

7  allegation set forth in paragraphs above, inclusive of this Complaint.

8  49.    Defendants engaged in extreme and outrageous conduct as set forth herein.

9  50.    Defendants extreme and outrageous conduct included, but was not limited to, the act

10  of physically harming, assaulting and battering Plaintiff ALAN STRICKLAND in a forum open to

11  the public which was warranted to be a safe and secure event.

12  51.    Defendants recklessly disregarded the probability of causing severe and emotional

13  distress to Plaintiff ALAN STRICKLAND which resulted from taking no steps to prevent MASAI

14  UJIRI from assaulting and battering Plaintiff or engaging in other harmful and offensive contact with

15  Plaintiff ALAN STRICKLAND, and preventing Plaintiff ALAN STRICKLAND from defending

16  himself from MASAI UJIRI, despite Defendants having knowledge of MASAI UJIRI's propensity

17  for violent tendencies.

18  52.    Defendants intentionally caused severe and emotional distress to Plaintiff ALAN

19  STRICKLAND by his extreme and outrageous conduct of assaulting, battering, and physically

20  harming the head and body of Plaintiff ALAN STRICKLAND.

21  53.    Plaintiff ALAN STRICKLAND suffered severe emotional distress of such substantial

22  quantity and enduring quality that an individual in a civilized society should not be expected to endure

23  it.

24  54.    Defendants conduct directly and proximately caused Plaintiff ALAN STRICKLAND

25  severe emotional distress.

26  55.    As a direct and proximate result of Defendants conduct, Plaintiff ALAN

27  STRICKLAND suffered injury to his body, health, strength, activity, and person, all of which have

28

caused and continue to cause Plaintiff great mental, emotional, psychological, physical, and nervous pain and suffering. Plaintiff ALAN STRICKLAND suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiff ALAN STRICKLAND is entitled to recover all damages resulting from Defendants acts, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorney's fees, costs, and any other damages the Court deems appropriate.

56. Defendants committed the acts herein described despicably, maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff ALAN STRICKLAND's rights. Further, Defendants knew that this conduct was illegal acted with the specific intent to cause injury and damage to Plaintiff, and Plaintiff is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

57. Defendants are vicariously liable for the conduct of each other Defendant which they carried out within the course and scope of their employment duties using the powers imparted to them as an agent of each other Defendant.

### FOURTH CAUSE OF ACTION

(Negligence – Plaintiff ALAN STRICKLAND Against MASAI UJIRI,

Including Does 1 through 100)

58. Plaintiffs incorporate herein, as though fully set forth at length, each and every allegation set forth in paragraphs above, inclusive of this Complaint.

59. Defendant MASAI UJIRI negligently hit Plaintiff ALAN STRICKLAND in the face and chest with both fists.

60. Plaintiff ALAN STRICKLAND was harmed as a direct result of MASAI UJIRI's negligence.

61. Defendant MASAI UJIRI's negligence was a substantial factor in causing Plaintiff ALAN STRICKLAND's harm.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

62.     Plaintiff ALAN STRICKLAND suffered severe emotional distress of such substantial quantity and enduring quality that an individual in a civilized society should not be expected to endure it.

63.     Defendants conduct directly and proximately caused Plaintiff ALAN STRICKLAND severe emotional distress.

64.     As a direct and proximate result of Defendants conduct, Plaintiff ALAN STRICKLAND suffered injury to his body, health, strength, activity, and person, all of which have caused and continue to cause Plaintiff great mental, emotional, psychological, physical, and nervous pain and suffering.  Plaintiff ALAN STRICKLAND suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial.  Plaintiff ALAN STRICKLAND is entitled to recover all damages resulting from Defendants acts, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorney's fees, costs, and any other damages the Court deems appropriate.

65.     Defendants committed the acts herein described despicably, maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff ALAN STRICKLAND's rights. Further, Defendants knew that this conduct was illegal acted with the specific intent to cause injury and damage to Plaintiff, and Plaintiff is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

66.     Defendants are vicariously liable for the conduct of each other Defendant which they carried out within the course and scope of their employment duties using the powers imparted to them as an agent of each other Defendant.

## **FIFTH CAUSE OF ACTION**

(Negligence – Plaintiff ALAN STRICKLAND Against MASAI UJIRI, TORONTO RAPTORS, MAPLE LEAF SPORTS & ENTERTAINMENT, NATIONAL BASKETBALL ASSOCIATION, INC.,

Including Does 1 through 100)

67.     Plaintiffs incorporate herein, as though fully set forth at length, each and every allegation set forth in paragraphs above, inclusive of this Complaint.

68.     Defendants, and each of them, owed a duty to Plaintiff and are responsible for the harm caused by MASAI UJIRI because they negligently hired, supervised, and/or retained him.

69.     Defendants owed a duty to Plaintiff to reasonably supervise and/or monitor MASAI UJIRI, who they knew, or should have known, had a violent predisposition and propensity for physical violence.  MASAI UJIRI had engaged in prior similar criminal and/or violent conduct towards third parties including, but not limited to, NBA fans, NBA officials, and/or NBA players, on previous occasions. Defendants owed a duty to Plaintiff to take reasonable steps to prevent such harm as was foreseeable.

70.     Defendants breached their duties of care to Plaintiff ALAN STRICKLAND through their negligent conduct which included, but is not limited to, Defendants failure to implement reasonable security in the form of security personnel, staff, plans, strategies, measures, systems, standards, procedures, schemes, personnel training, signs, warnings, physical barriers, equipment, tools, and arrangements.  Defendants failure to provide adequate safety and security measures to protect members of the public including Plaintiff, failing to supervise MASAI UJIRI, failing to employ adequate security personnel, failing to employ adequate physical barriers between the stage and the audience floor, failing to warn of danger, failing to post signs warning of danger concerning MASAI UJIRI, failing to adequately train security personnel, failing to adequately equip security personnel with tools to prevent injuries to the public including Plaintiff.

71.     Defendants knew that MASAI UJIRI was unfit to perform the work for which he was hired and/or they knew or should have known that he had become unfit for the work in which he was hire to do, and that this unfitness created a particular risk of harm to others, including Plaintiffs.

72.     Defendants negligence was a substantial factor in causing Plaintiff harm.

73.     Plaintiff suffered harm as a result of Defendants negligent actions or omissions.

74.     As a direct and proximate result of Defendants conduct, Plaintiff suffered injury to his body, health, strength, activity, and person, all of which have caused and continue to cause Plaintiff great mental, emotional, psychological, physical, and nervous pain and suffering.  Plaintiff further alleges that such injuries resulted in permanent disability.  Plaintiff suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial.  Plaintiff is entitled to recover all damages resulting from MASAI UJIRI's acts, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorney's fees, costs, and any other damages the Court deems appropriate.

## SIXTH CAUSE OF ACTION

(Loss of Consortium – Plaintiff KELLY STRICKLAND Against All Defendants,

Including

Does 1 through 100.)

75.     Plaintiffs incorporate herein, as though fully set forth at length, each and every allegation set forth in paragraphs above, inclusive of this Complaint.

76.     That at all times mentioned herein, Plaintiffs ALAN STRICKLAND and KELLY STRICKLAND were, and now are, married.

77.     That as a substantial result of the harm caused by Defendants MASAI UJIRI, TORONTO RAPTORS, MAPLE LEAF SPORTS & ENTERTAINMENT, DOES 1 through 100, inclusive, and each of them, Plaintiff  KELLY STRICKLAND is informed and believes, and hereon alleges, that the injuries to her spouse are of a permanent nature, and that she will be deprived of her love, companionship, comfort, care, services, assistance, protection, affection, society, and moral support, all to her further damage, and in excess of the minimum jurisdictional limits of this Court, and that she is entitled to prejudgment interest on that amount in accordance with law.

## PRAYER FOR RELIEF

78.     WHEREFORE, Plaintiff ALAN STRICKLAND and KELLY STRICKLAND prays for relief against Defendants MASAI UJIRI, TORONTO RAPTORS, MAPLE LEAF SPORTS &

ENTERTAINMENT, NATIONAL BASKETBALL ASSOCIATION, INC., and DOES 1 through 100, inclusive, and each of them, as set forth below:

    a.  General damages in excess of the minimum jurisdictional amount of $75,000;

    b.  Punitive damages in an appropriate amount according to proof;

    c.  All medical and incidental expenses according to proof;

    d.  All future medical and incidental expenses according to proof;

    e.  All loss of earnings according to proof;

    f.  All prejudgment interest on general and special damages in accordance with law;

    g.  All property damage and expenses, according to proof;

    h.  All costs of suit; and,

    i.  Such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs ALAN STRICKLAND and KELLY STRICKLAND request a jury trial on all issues raised in this complaint.

DATED: February 7, 2020        **MASTAGNI HOLSTEDT, A.P.C.**

By: /s/ BRETT D. BEYLER
BRETT D. BEYLER
Attorneys for Plaintiffs