JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
EMANUEL B. TOWNSEND (SBN 305373)
etownsend@cpmlegal.com
TAMARAH PREVOST (SBN 313422)
tprevost@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000 │ Fax: (650) 697-0577

*Attorneys for Defendants Masai Ujiri, Toronto Raptors,
and Maple Leaf Sports & Entertainment*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **ALAN STRICKLAND**, an individual; and **KELLY STRICKLAND**, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> 1. **MASAI UJIRI**, an individual; <br><br> 2. **TORONTO RAPTORS**, a business entity; <br><br> 3. **MAPLE LEAF SPORTS & ENTERTAINMENT**, a business entity; <br><br> 4. **NATIONAL BASKETBALL ASSOCIATION, INC.**; and DOES 1 through 100, inclusive <br><br> Defendants. | Case No. 4:20-cv-000981-YGR <br><br> **DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S** <br><br> **JOINT ANSWER TO PLAINTIFFS ALAN STRICKLAND AND KELLY STRICKLAND'S COMPLAINT** <br><br> <u>**DEMAND FOR JURY TRIAL**</u> |

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S JOINT ANSWER TO PLAINTIFFS ALAN STRICKLAND AND KELLY STRICKLAND'S COMPLAINT; Case No. 4:20-cv-000981-YGR**

# TABLE OF CONTENTS

Page No.

I. DEFENDANTS' INTRODUCTORY STATEMENT ...................................................... 1

II. PLAINTIFFS' COMPLAINT ............................................................................................ 2

    PARTIES ........................................................................................................................... 2

    JURISDICITON AND VENUE ....................................................................................... 3

    FACTS COMMON TO ALL CAUSES OF ACTION .................................................... 3

III. CAUSES OF ACTION ...................................................................................................... 5

    FIRST CAUSE OF ACTION ........................................................................................... 5

    SECOND CAUSE OF ACTION ...................................................................................... 6

    THIRD CAUSE OF ACTION .......................................................................................... 6

    FOURTH CAUSE OF ACTION ...................................................................................... 7

    FIFTH CAUSE OF ACTION ........................................................................................... 8

    SIXTH CAUSE OF ACTION .......................................................................................... 9

    PRAYER FOR RELIEF ................................................................................................... 9

IV. DEFENDANTS' AFFIRMATIVE DEFENSES ............................................................. 10

    FIRST AFFIRMATIVE DEFENSE .............................................................................. 10

    SECOND AFFIRMATIVE DEFENSE ......................................................................... 10

    THIRD AFFIRMATIVE DEFENSE ............................................................................. 10

    FOURTH AFFIRMATIVE DEFENSE ......................................................................... 10

    FIFTH AFFIRMATIVE DEFENSE .............................................................................. 10

    SIXTH AFFIRMATIVE DEFENSE ............................................................................. 11

    SEVENTH AFFIRMATIVE DEFENSE ...................................................................... 11

    EIGHTH AFFIRMATIVE DEFENSE .......................................................................... 11

    NINTH AFFIRMATIVE DEFENSE ............................................................................ 11

    TENTH AFFIRMATIVE DEFENSE ............................................................................ 11

DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S JOINT ANSWER TO PLAINTIFFS ALAN STRICKLAND AND KELLY STRICKLAND'S COMPLAINT; Case No. 4:20-cv-000981-YGR     i

ELEVENTH AFFIRMATIVE DEFENSE...........................................................................11

ADDITIONAL DEFENSES ............................................................................................12

V.    **DEFENDANTS' PRAYER FOR RELIEF** .................................................................12

**DEMAND FOR JURY TRIAL**............................................................................................12

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S JOINT ANSWER TO PLAINTIFFS ALAN STRICKLAND AND KELLY STRICKLAND'S COMPLAINT; Case No. 4:20-cv-000981-YGR**          ii

Defendants Masai Ujiri, Toronto Raptors, and Maple Leaf Sports & Entertainment (collectively referred to herein as "Defendants") by and through their undersigned counsel, in response to the Complaint of Alan Strickland and Kelly Strickland ("Plaintiffs") answer Plaintiffs' Complaint ("Complaint") as follows:

## I. DEFENDANTS' INTRODUCTORY STATEMENT

1. Masai Ujiri is President of Basketball Operations ("President") for the Toronto Raptors ("Raptors"). On June 13, 2019, the Raptors defeated the Golden State Warriors in Game 6 of the National Basketball Association ("NBA") Finals, at Oracle Arena in Oakland, California. By winning Game 6, the Raptors were crowned NBA champions.

2. When an NBA team wins the championship, it is customary for NBA executives, like Mr. Ujiri, to join their team on the court to accept the championship trophy from the Commissioner of the NBA and to give a live on-camera interview. On June 13, 2019, Mr. Ujiri watched the game's final moments from the tunnel that leads to the players' locker room at Oracle Arena. He then walked from the tunnel out to the arena floor where he met and embraced his wife who was sitting in the section reserved for the Raptors' family and friends. After embracing his wife, Mr. Ujiri then proceeded towards the court where he expected to meet the Raptors' players and coaches.

3. As Mr. Ujiri attempted to make his way onto the court to join his team and fulfill his duties as Raptors' President, he encountered Plaintiff Alan Strickland. Mr. Strickland was working as a security guard at the game. As Mr. Ujiri attempted to enter the court, Mr. Strickland assaulted him, forcefully shoving him back once and then twice. Mr. Ujiri then shoved Mr. Strickland in the chest. Other than the shoves, the two men did not have any further physical contact with each other. The entire encounter between Mr. Strickland and Mr. Ujiri was brief. Mr. Ujiri was eventually escorted to the court where he joined his team, accepted the championship trophy, and gave a live on camera interview.

/ / /

/ / /

/ / /

Law Offices
COTCHETT, PITRE & MCCARTHY, LLP

DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S JOINT ANSWER TO PLAINTIFFS ALAN STRICKLAND AND KELLY STRICKLAND'S COMPLAINT; Case No. 4:20-cv-000981-YGR         1

## II.   PLAINTIFFS' COMPLAINT

## PARTIES

6. Answering the allegations contained in Paragraph 1 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

7. Answering the allegations contained in Paragraph 2 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

8. Answering the allegations contained in Paragraph 3 of the Complaint, Defendants admit that Masai Ujiri is an individual adult and natural person residing in Toronto, Canada.

9. Answering the allegations contained in Paragraph 4 of the Complaint, Defendants admit the Toronto Raptors are a business entity.  Defendants further admit the Toronto Raptors has its principal place of business in Canada.

10. Answering the allegations contained in Paragraph 5 of the Complaint, Defendants admit Maple Leaf Sports & Entertainment is a business entity.  Defendants further admit Maple Leaf Sports & Entertainment has its principal place of business in Canada.

11. Answering the allegations contained in Paragraph 6 of the Complaint, Defendants admit the National Basketball Association is a membership association that operates a professional basketball league consisting of thirty members and their member teams, with its principal place of business in New York, New York.

12. Answering the allegations contained in Paragraph 7 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

13. Answering the allegations contained in Paragraph 8 of the Complaint, Defendants deny each and every allegation contained therein.

14. Answering the allegations contained in Paragraph 9 of the Complaint, Defendants deny each and every allegation contained therein.

/ / /

Law Offices COTCHETT, PITRE & MCCARTHY, LLP

DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S JOINT ANSWER TO PLAINTIFFS ALAN STRICKLAND AND KELLY STRICKLAND'S COMPLAINT; Case No. 4:20-cv-000981-YGR     2

15. Answering the allegations contained in Paragraph 10 of the Complaint, Defendants deny each and every allegation contained therein.

## JURISDICITON AND VENUE

16. Answering the allegations contained in Paragraph 11 of the Complaint, Defendants deny the amount in controversy exceeds the value of $75,000.00. Defendants further aver they did not cause any injury or damage to Plaintiffs, and therefore, the amount in controversy is zero.

17. Answering the allegations contained in Paragraph 12 of the Complaint, Defendants deny the Northern District of California is the proper venue for this matter because the amount in controversy is zero.

## FACTS COMMON TO ALL CAUSES OF ACTION

18. Answering the allegations contained in Paragraph 13 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 12, inclusive, as though fully set forth herein.

19. Answering the allegations contained in Paragraph 14 of the Complaint, Defendants deny each and every allegation contained therein.

20. Answering the allegations contained in Paragraph 15 of the Complaint, Defendants deny Plaintiffs sustained any personal injuries or damages arising from an incident involving Plaintiff Alan Strickland and any of the Defendants named in the Complaint. Defendants admit Masai Ujiri encountered Plaintiff Alan Strickland at or around 9:00 P.M. on June 13, 2019 at Oracle Arena in Oakland, California.

21. Answering the allegations contained in Paragraph 16 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

22. Answering the allegations contained in Paragraph 17 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

///

Law Offices
COTCHETT, PITRE & MCCARTHY, LLP

DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S JOINT ANSWER TO PLAINTIFFS ALAN STRICKLAND AND KELLY STRICKLAND'S COMPLAINT; Case No. 4:20-cv-000981-YGR    3

23. Answering the allegations contained in Paragraph 18 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

24. Answering the allegations contained in Paragraph 19 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

25. Answering the allegations contained in Paragraph 20 of the Complaint, Defendants admit Masai Ujiri was wearing a suit and necktie when he encountered Plaintiff Alan Strickland on June 13, 2019 at Oracle Arena. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 20.

26. Answering the allegations contained in Paragraph 21 of the Complaint, Defendants deny each and every allegation contained therein.

27. Answering the allegations contained in Paragraph 22 of the Complaint, Defendants deny each and every allegation contained therein.

28. Answering the allegations contained in Paragraph 23 of the Complaint, Defendants deny each and every allegation contained therein.

29. Answering the allegations contained in Paragraph 24 of the Complaint, Defendants deny each and every allegation contained therein.

30. Answering the allegations contained in Paragraph 25 of the Complaint, Defendants deny each and every allegation contained therein.

31. Answering the allegations contained in Paragraph 26 of the Complaint, Defendants deny each and every allegation contained therein.

32. Answering the allegations contained in Paragraph 27 of the Complaint, Defendants deny each and every allegation contained therein.

33. Answering the allegations contained in Paragraph 28 of the Complaint, Defendants deny each and every allegation contained therein.

34. Answering the allegations contained in Paragraph 29 of the Complaint, Defendants deny each and every allegation contained therein.

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S JOINT ANSWER TO PLAINTIFFS ALAN STRICKLAND AND KELLY STRICKLAND'S COMPLAINT; Case No. 4:20-cv-000981-YGR    4

1  35.  Answering the allegations contained in Paragraph 30 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

36.  Answering the allegations contained in Paragraph 31 of the Complaint, Defendants deny each and every allegation contained therein.

### III. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(Assault — Plaintiff ALAN STRICKLAND Against All Defendants, Including DOES 1 through 100)

37.  Answering the allegations contained in Paragraph 32 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 31, inclusive, as though fully set forth herein.

38.  Answering the allegations contained in Paragraph 33 of the Complaint, Defendants deny each and every allegation contained therein.

39.  Answering the allegations contained in Paragraph 34 of the Complaint, Defendants deny each and every allegation contained therein.

40.  Answering the allegations contained in Paragraph 35 of the Complaint, Defendants deny each and every allegation contained therein.

41.  Answering the allegations contained in Paragraph 36 of the Complaint, Defendants deny each and every allegation contained therein.

42.  Answering the allegations contained in Paragraph 37 of the Complaint, Defendants deny each and every allegation contained therein.

43.  Answering the allegations contained in Paragraph 38 of the Complaint, Defendants deny each and every allegation contained therein.

44.  Answering the allegations contained in Paragraph 39 of the Complaint, Defendants deny each and every allegation contained therein.

/ / /

/ / /

Law Offices
COTCHETT, PITRE & MCCARTHY, LLP

DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S JOINT ANSWER TO PLAINTIFFS ALAN STRICKLAND AND KELLY STRICKLAND'S COMPLAINT; Case No. 4:20-cv-000981-YGR    5

## SECOND CAUSE OF ACTION

(Battery — Plaintiff ALAN STRICKLAND Against All Defendants,

Including DOES 1 through 100)

45. Answering the allegations contained in Paragraph 40 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 39, inclusive, as though fully set forth herein.

46. Answering the allegations contained in Paragraph 41 of the Complaint, Defendants deny each and every allegation contained therein.

47. Answering the allegations contained in Paragraph 42 of the Complaint, Defendants deny each and every allegation contained therein.

48. Answering the allegations contained in Paragraph 43 of the Complaint, Defendants deny each and every allegation contained therein.

49. Answering the allegations contained in Paragraph 44 of the Complaint, Defendants deny each and every allegation contained therein.

50. Answering the allegations contained in Paragraph 45 of the Complaint, Defendants deny each and every allegation contained therein.

51. Answering the allegations contained in Paragraph 46 of the Complaint, Defendants deny each and every allegation contained therein.

52. Answering the allegations contained in Paragraph 47 of the Complaint, Defendants deny each and every allegation contained therein.

## THIRD CAUSE OF ACTION

(Intentional Infliction of Emotional Distress — Plaintiff ALAN STRICKLAND Against All

Defendants,

Including DOES 1 through 100)

53. Answering the allegations contained in Paragraph 48 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 47, inclusive, as though fully set forth herein.

/ / /

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S JOINT ANSWER TO PLAINTIFFS ALAN STRICKLAND AND KELLY STRICKLAND'S COMPLAINT; Case No. 4:20-cv-000981-YGR        6

54. Answering the allegations contained in Paragraph 49 of the Complaint, Defendants deny each and every allegation contained therein.

55. Answering the allegations contained in Paragraph 50 of the Complaint, Defendants deny each and every allegation contained therein.

56. Answering the allegations contained in Paragraph 51 of the Complaint, Defendants deny each and every allegation contained therein.

57. Answering the allegations contained in Paragraph 52 of the Complaint, Defendants deny each and every allegation contained therein.

58. Answering the allegations contained in Paragraph 53 of the Complaint, Defendants deny each and every allegation contained therein.

59. Answering the allegations contained in Paragraph 54 of the Complaint, Defendants deny each and every allegation contained therein.

60. Answering the allegations contained in Paragraph 55 of the Complaint, Defendants deny each and every allegation contained therein.

61. Answering the allegations contained in Paragraph 56 of the Complaint, Defendants deny each and every allegation contained therein.

62. Answering the allegations contained in Paragraph 57 of the Complaint, Defendants deny each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

(Negligence — Plaintiff ALAN STRICKLAND Against MASAI UJIRI,

Including DOES 1 through 100)

63. Answering the allegations contained in Paragraph 58 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 57, inclusive, as though fully set forth herein.

64. Answering the allegations contained in Paragraph 59 of the Complaint, Defendants deny each and every allegation contained therein.

65. Answering the allegations contained in Paragraph 60 of the Complaint, Defendants deny each and every allegation contained therein.

Law Offices
COTCHETT, PITRE & MCCARTHY, LLP

DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S JOINT ANSWER TO PLAINTIFFS ALAN STRICKLAND AND KELLY STRICKLAND'S COMPLAINT; Case No. 4:20-cv-000981-YGR        7

66. Answering the allegations contained in Paragraph 61 of the Complaint, Defendants deny each and every allegation contained therein.

67. Answering the allegations contained in Paragraph 62 of the Complaint, Defendants deny each and every allegation contained therein.

68. Answering the allegations contained in Paragraph 63 of the Complaint, Defendants deny each and every allegation contained therein.

69. Answering the allegations contained in Paragraph 64 of the Complaint, Defendants deny each and every allegation contained therein.

70. Answering the allegations contained in Paragraph 65 of the Complaint, Defendants deny each and every allegation contained therein.

71. Answering the allegations contained in Paragraph 66 of the Complaint, Defendants deny each and every allegation contained therein.

## **FIFTH CAUSE OF ACTION**

(Negligence — Plaintiff ALAN STRICKLAND Against MASAI UJIRI, TORONTO RAPTORS, MAPLE LEAF SPORTS & ENTERTAINMENT, NATIONAL BASKETBALL ASSOCIATION, INC.,

Including DOES 1 through 100)

72. Answering the allegations contained in Paragraph 67 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 66, inclusive, as though fully set forth herein.

73. Answering the allegations contained in Paragraph 68 of the Complaint, Defendants deny each and every allegation contained therein.

74. Answering the allegations contained in Paragraph 69 of the Complaint, Defendants deny each and every allegation contained therein.

75. Answering the allegations contained in Paragraph 70 of the Complaint, Defendants deny each and every allegation contained therein.

76. Answering the allegations contained in Paragraph 71 of the Complaint, Defendants deny each and every allegation contained therein.

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S JOINT ANSWER TO PLAINTIFFS ALAN STRICKLAND AND KELLY STRICKLAND'S COMPLAINT; Case No. 4:20-cv-000981-YGR     8

77. Answering the allegations contained in Paragraph 72 of the Complaint, Defendants deny each and every allegation contained therein.

78. Answering the allegations contained in Paragraph 73 of the Complaint, Defendants deny each and every allegation contained therein.

79. Answering the allegations contained in Paragraph 74 of the Complaint, Defendants deny each and every allegation contained therein.

**SIXTH CAUSE OF ACTION**

(Loss of Consortium — Plaintiff KELLY STRICKLAND Against All Defendants, Including DOES 1 through 100)

80. Answering the allegations contained in Paragraph 75 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 74, inclusive, as though fully set forth herein.

81. Answering the allegations contained in Paragraph 76 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

82. Answering the allegations contained in Paragraph 77 of the Complaint, Defendants deny each and every allegation contained therein.

**PRAYER FOR RELIEF**

83. Answering the allegations contained in Paragraph 78 of the Complaint, Defendants deny Plaintiffs are entitled to any relief sought in their prayer for relief.

84. To the extent not expressly admitted, denied, or qualified above, Defendants deny each and every remaining allegation of Plaintiffs' Complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Law Offices
COTCHETT, PITRE & MCCARTHY, LLP

DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S JOINT ANSWER TO PLAINTIFFS ALAN STRICKLAND AND KELLY STRICKLAND'S COMPLAINT; Case No. 4:20-cv-000981-YGR        9

## IV. DEFENDANTS' AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, Defendants do not agree or concede they bear the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part. For their Affirmative Defenses to the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiffs' Complaint, on one or more claims for relief set forth therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

The claims made in the Complaint are barred, in whole or in part, because the Court lacks subject matter jurisdiction over Plaintiffs' claims. Defendants have not caused Plaintiff any injury and therefore Plaintiffs cannot establish the amount in controversy exceeds $75,000.00 as required to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### THIRD AFFIRMATIVE DEFENSE
### (Self Defense)

The claims made in the Complaint are barred, in whole or in part, because Defendant Masai Ujiri was acting in self-defense when he made physical contact with Plaintiff Alan Strickland and therefore Defendants are not responsible for Plaintiffs' alleged harm.

### FOURTH AFFIRMATIVE DEFENSE
### (Primary Assumption of Risk)

The claims made in the Complaint are barred, in whole or in part, because Plaintiff Alan Strickland's alleged injuries arose from a risk inherent in the occupation of security guard.

### FIFTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

The claims made in the Complaint are barred, in whole or in part, because Plaintiff Alan Strickland's own negligence contributed to his alleged harm.

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S JOINT ANSWER TO PLAINTIFFS ALAN STRICKLAND AND KELLY STRICKLAND'S COMPLAINT; Case No. 4:20-cv-000981-YGR           10

### SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

The claims made in the Complaint are barred, in whole or in part, because Plaintiffs have waived their right, if any, to pursue the claims in the Complaint, and each purported cause of action contained therein, by reason of Plaintiffs' own actions and course of conduct.

### SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The claims made in the Complaint are barred, in whole or in part, because of Plaintiffs' failure to mitigate damages, if such damages exist.

### EIGHTH AFFIRMATIVE DEFENSE

### (Acts of Plaintiff)

The damages, if any, that were allegedly sustained by Plaintiffs as a result of the acts complained of in the Complaint were caused in whole or in part or were contributed to by reason of the acts, omissions, negligence, and/or intentional misconduct of Plaintiffs, its agents, predecessors, and/or related entities.

### NINTH AFFIRMATIVE DEFENSE

### (No Causation)

The claims made in the Complaint are barred, in whole or in part, because Plaintiffs' damages, if any, were not caused by Defendants.

### TENTH AFFIRMATIVE DEFENSE

### (No Damage)

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The claims made in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S JOINT ANSWER TO PLAINTIFFS ALAN STRICKLAND AND KELLY STRICKLAND'S COMPLAINT; Case No. 4:20-cv-000981-YGR    11

# ADDITIONAL DEFENSES

Defendants reserve the right to assert additional defenses based on information learned or obtained during discovery.

## V.   DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray this Court enter judgment as follows:

1. That Plaintiffs take nothing by their Complaint;
2. For judgment in favor of Defendants; and
4. For such other and further relief as this Court deems just and proper; including costs and any other monies to which Defendants are entitled.

Dated:  April 2, 2020

        /s/ Joseph W. Cotchett
JOSEPH W. COTCHETT
**COTCHETT, PITRE & McCARTHY, LLP**

## DEMAND FOR JURY TRIAL

Defendants demand trial by jury on all issues so triable.

Dated:  April 2, 2020

        /s/ Joseph W. Cotchett
JOSEPH W. COTCHETT
**COTCHETT, PITRE & McCARTHY, LLP**

Law Offices
COTCHETT, PITRE & MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S JOINT ANSWER TO PLAINTIFFS ALAN STRICKLAND AND KELLY STRICKLAND'S COMPLAINT; Case No. 4:20-cv-000981-YGR**          12