MARK R. CONRAD (CA Bar No. 255667)
COURTNEY C. AASEN (CA Bar No. 307404)
**CONRAD & METLITZKY LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel:   (415) 343-7100
Fax:   (415) 343-7101
Email: mconrad@conradmetlitzky.com
Email: caasen@conradmetlitzky.com

Attorneys for Defendant National Basketball Association

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN STRICKLAND, an individual; and KELLY STRICKLAND, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> MASAI UJIRI, an individual; TORONTO RAPTORS, a business entity; MAPLE LEAF SPORTS & ENTERTAINMENT, a business entity; NATIONAL BASKETBALL ASSOCIATION, INC.; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO. 4:20-CV-00981-YGR <br><br> **DEFENDANT NATIONAL BASKETBALL ASSOCIATION'S ANSWER TO THE COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant National Basketball Association ("NBA"), erroneously sued as National Basketball Association, Inc., by and through its undersigned counsel, hereby responds to the Complaint for Personal Injuries and Damages ("Complaint") filed by Plaintiffs Alan Strickland and Kelly Strickland and asserts its affirmative defenses as follows:

**PARTIES**

1. The NBA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Complaint and on that basis denies them.

2. The NBA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 of the Complaint and on that basis denies them.

3. The NBA admits that Masai Ujiri is an individual adult and natural person residing in Toronto, Canada.

4. The NBA admits that the Toronto Raptors is a business entity with its principal place of business in Canada.

5. The NBA admits that Maple Leaf Sports & Entertainment is a business entity with its principal place of business in Canada.

6. The NBA admits that it is a membership association that operates a professional basketball league consisting of thirty members and their member teams, with its principal place of business in New York, New York.

7. Paragraph 7 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the NBA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Complaint and on that basis denies them.

8. Paragraph 8 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the NBA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint and on that basis denies them.

9. Paragraph 9 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the NBA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint and on that basis denies them.

10. Paragraph 10 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the NBA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint and on that basis denies them.

## JURISDICTION AND VENUE

11. Paragraph 11 of the Complaint states legal conclusions to which no response is required.

12. Paragraph 12 of the Complaint states legal conclusions to which no response is required.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. The NBA incorporates each and every response set forth in the above Paragraphs 1 to 12 as though fully set forth herein.

14. Paragraph 14 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the NBA denies the allegations in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the NBA admits that the Complaint asserts claims on behalf of Plaintiffs Alan Strickland and Kelly Strickland arising from an incident that is alleged to have occurred on or about June 13, 2019, at or about the hour of 9:00 P.M., at or near the basketball court perimeter at or near the south gate tunnel of the Oracle Arena, and otherwise denies the allegations in Paragraph 15 of the Complaint.

16. The NBA admits that Plaintiff Alan Strickland was working at the Oracle Arena for Game 6 of the 2019 NBA Finals between the Golden State Warriors and the Toronto Raptors. The NBA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16 of the Complaint and on that basis denies them.

17. The NBA admits that NBA officials conducted briefings for certain law enforcement and/or security personnel working at Game 6 of the 2019 NBA Finals on June 13, 2019, including on subjects related to court access and security credentials, and denies the remaining allegations in Paragraph 17 of the Complaint.

18. The NBA denies the allegations in Paragraph 18 of the Complaint.

19. The NBA admits that NBA officials issued a briefing to certain law enforcement and/or security personnel working at Game 6 of the 2019 NBA Finals regarding topics that included unauthorized court access and fictitious credentials, and denies the remaining allegations in Paragraph 19 of the Complaint.

20. The NBA denies the allegations in the first sentence of Paragraph 20 of the Complaint. The NBA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 20 of the Complaint and on that basis denies them.

21. The NBA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Complaint and on that basis denies them.

22. The NBA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Complaint and on that basis denies them.

23. The NBA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Complaint and on that basis denies them.

24. Paragraph 24 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the NBA denies the allegations in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the NBA denies the allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the NBA denies the allegations in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the NBA denies the allegations in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the NBA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Complaint and on that basis denies them.

29. Paragraph 29 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the NBA denies the allegations in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint is vague and ambiguous with respect to the allegation that Defendants "advertised and publicly represented that they would provide security at the game and make the game safe for individuals present." The NBA lacks information or knowledge sufficient to form a belief as to the truth or falsity of these vague and ambiguous allegations in Paragraph 30 of the Complaint and on that basis denies them. The remaining allegations in Paragraph 30 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the NBA denies the remaining allegations in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the NBA denies the allegations in Paragraph 31 of the Complaint.

**FIRST CAUSE OF ACTION**

32. The NBA incorporates each and every response set forth in the above Paragraphs 1 to 31 as though fully set forth herein.

33. The NBA denies the allegations in Paragraph 33 of the Complaint.

34. The NBA denies the allegations in Paragraph 34 of the Complaint.

35. The NBA denies the allegations in Paragraph 35 of the Complaint.

36. The NBA denies the allegations in Paragraph 36 of the Complaint.

37. The NBA denies the allegations in Paragraph 37 of the Complaint.

38. The NBA denies the allegations in Paragraph 38 of the Complaint.

39. The NBA denies the allegations in Paragraph 39 of the Complaint.

**SECOND CAUSE OF ACTION**

40. The NBA incorporates each and every response set forth in the above Paragraphs 1 to 39 as though fully set forth herein.

41. The NBA denies the allegations in Paragraph 41 of the Complaint.

42. The NBA denies the allegations in Paragraph 42 of the Complaint.

43. The NBA denies the allegations in Paragraph 43 of the Complaint.

44. The NBA denies the allegations in Paragraph 44 of the Complaint.

45. The NBA denies the allegations in Paragraph 45 of the Complaint.

46. The NBA denies the allegations in Paragraph 46 of the Complaint.

47. The NBA denies the allegations in Paragraph 47 of the Complaint.

**THIRD CAUSE OF ACTION**

48. The NBA incorporates each and every response set forth in the above Paragraphs 1 to 47 as though fully set forth herein.

49. The NBA denies the allegations in Paragraph 49 of the Complaint.

50. The NBA denies the allegations in Paragraph 50 of the Complaint.

51. The NBA denies the allegations in Paragraph 51 of the Complaint.

52. The NBA denies the allegations in Paragraph 52 of the Complaint.

53. The NBA denies the allegations in Paragraph 53 of the Complaint.

54. The NBA denies the allegations in Paragraph 54 of the Complaint.

55. The NBA denies the allegations in Paragraph 55 of the Complaint.

56. The NBA denies the allegations in Paragraph 56 of the Complaint.

57. The NBA denies the allegations in Paragraph 57 of the Complaint.

**FOURTH CAUSE OF ACTION**

58. Plaintiff's Fourth Cause of Action is not asserted against the NBA, and so no response is required to the allegations in Paragraph 58 of the Complaint.

59. Plaintiff's Fourth Cause of Action is not asserted against the NBA, and so no response is required to the allegations in Paragraph 59 of the Complaint.

60. Plaintiff's Fourth Cause of Action is not asserted against the NBA, and so no response is required to the allegations in Paragraph 60 of the Complaint.

61. Plaintiff's Fourth Cause of Action is not asserted against the NBA, and so no response is required to the allegations in Paragraph 61 of the Complaint.

62. Plaintiff's Fourth Cause of Action is not asserted against the NBA, and so no response is required to the allegations in Paragraph 62 of the Complaint.

63. Plaintiff's Fourth Cause of Action is not asserted against the NBA, and so no response is required to the allegations in Paragraph 63 of the Complaint.

64. Plaintiff's Fourth Cause of Action is not asserted against the NBA, and so no response is required to the allegations in Paragraph 64 of the Complaint.

65. Plaintiff's Fourth Cause of Action is not asserted against the NBA, and so no response is required to the allegations in Paragraph 65 of the Complaint.

66. Plaintiff's Fourth Cause of Action is not asserted against the NBA, and so no response is required to the allegations in Paragraph 66 of the Complaint.

## FIFTH CAUSE OF ACTION

67. The NBA incorporates each and every response set forth in the above Paragraphs 1 to 66 as though fully set forth herein.

68. The NBA denies the allegations in Paragraph 68 of the Complaint.

69. The NBA denies the allegations in Paragraph 69 of the Complaint.

70. The NBA denies the allegations in Paragraph 70 of the Complaint.

71. The NBA denies the allegations in Paragraph 71 of the Complaint.

72. The NBA denies the allegations in Paragraph 72 of the Complaint.

73. The NBA denies the allegations in Paragraph 73 of the Complaint.

74. The NBA denies the allegations in Paragraph 74 of the Complaint.

## SIXTH CAUSE OF ACTION

75. The NBA incorporates each and every response set forth in the above Paragraphs 1 to 74 as though fully set forth herein.

76. The NBA lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 of the Complaint and on that basis denies them.

77. The NBA denies the allegations in Paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint contains Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, the NBA denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

To the extent not expressly admitted, denied, or qualified above, the NBA denies each and every remaining allegation of Plaintiffs' Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint and each purported cause of action contained therein fails to state facts sufficient

to constitute a cause of action against the NBA.

## SECOND AFFIRMATIVE DEFENSE

### (Uncertainty)

The Complaint and each purported cause of action contained therein is uncertain.

## THIRD AFFIRMATIVE DEFENSE

### (Negligence or Other Acts of Others)

Plaintiffs' injuries, if any, were caused by the negligence, recklessness, and intentional conduct of other persons and/or entities, and thus, the NBA is entitled to an allocation of such negligent, reckless, intentional conduct amongst them, conduct which the NBA denies, and these other persons and/or entities. Thus, if any liability is found against the NBA, judgment should be assessed against the NBA only to the extent that it represents the proportionate percentage by which the NBA's acts and/or omissions contributed to the alleged injuries, if any.

## FOURTH AFFIRMATIVE DEFENSE

### (Self-Defense)

Plaintiffs' injuries, if any, were caused by Plaintiffs' own aggressive acts and reasonable and justified acts in self-defense resulting directly from Plaintiffs' aggression. Accordingly, Plaintiffs may not recover damages from the NBA.

## FIFTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Any injuries or damages to Plaintiffs were proximately caused by the negligence, recklessness, or intentional conduct of Plaintiffs in that they failed to exercise ordinary care under the circumstances present prior to the alleged subject incidents. Plaintiffs are therefore barred from recovery herein, or, if any liability is found on the part of the NBA, then Plaintiffs' recovery shall be reduced on the basis of Plaintiffs' contributory and/or comparative negligence, recklessness, and intentional conduct.

## SIXTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

At all times herein described, Plaintiffs knew of the risks of injury and damage involved in their actions and conduct, and with full knowledge of such risks and appreciating the dangers thereof,

nevertheless voluntarily assumed such risks, thereby extinguishing or limiting any responsibility on the part of the NBA.

## SEVENTH AFFIRMATIVE DEFENSE
### (Superseding Act)

No act and/or omission of the NBA was a factor, whether substantial or otherwise, in causing the injuries alleged in the Complaint, if any. Additionally, no act and/or omission of the NBA contributed, in any manner, to the injuries alleged in the Complaint, if any. Finally, any alleged acts and/or omissions on the part of the NBA were superseded by the acts and/or omissions of other persons or entities, which acts and omissions were the independent, superseding, and intervening cause of the incident and injury described in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
### (Cause in Fact)

Plaintiffs cannot prove any facts showing that the conduct of the NBA was the cause in fact of any alleged injuries or damages suffered as alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiffs cannot prove any facts showing that the conduct of the NBA was the proximate cause of any injuries or damages as alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE
### (Unforeseeable Intervening Cause)

The injuries and/or damages sustained by Plaintiffs, if any, were the result of acts and omissions of others, which acts or omissions were not and could not have been foreseen by the NBA.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Use Reasonable Care)

The NBA avers that Plaintiffs failed and neglected to use reasonable care.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

The NBA avers that Plaintiffs have failed to mitigate damages, if any, and that said failure to

mitigate has proximately caused or contributed to the matters complained of and the damages alleged in the Complaint, if any. Therefore, the amount of damages to which Plaintiffs are entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Several Liability of Non-Economic Damages)

California Civil Code sections 1431.1 through 1431.5, known as the Fair Responsibility Act of 1986, apply to the present action and/or to certain claims therein, and based upon principles of comparative fault, the liability, if any, of the NBA for non-economic damages shall be several only, and shall not be joint with any other person or entity. In the event the NBA is found liable at all, it can be held liable only for the amount of non-economic damages allocated to it in direct proportion to its respective percentage of fault, and a separate and several judgment shall be rendered against it for non-economic damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Indemnification / Contribution)

In the event the NBA is found liable, the NBA is entitled to indemnification and/or contribution from any person or entity whose negligence proximately contributed to the resulting injuries and damages. The NBA is entitled to a judicial determination of the percentage of the fault of each person or entity who is a proximate cause of the alleged injuries sustained.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (No Damage)

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The claims made in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

### SEVENTEETH AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

The NBA presently lacks sufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, Affirmative Defenses. The NBA reserves herein the right to assert additional Affirmative Defenses in the event discovery indicates it would be appropriate.

WHEREFORE, the NBA, having fully answered Plaintiffs' Complaint, prays that judgment be entered in its favor and against Plaintiffs as follows:

1. That Plaintiff take nothing by way of the Complaint;
2. That the Complaint be dismissed with prejudice;
3. That the NBA recover its costs of suit herein, including attorneys' fees; and
4. For such other relief as is just and proper.

### DEMAND FOR JURY TRIAL

The NBA demands a trial by jury on all issues so triable.

Respectfully submitted,

Date:   April 2, 2020                    CONRAD & METLITZKY LLP

*/s/ Mark R. Conrad*
MARK R. CONRAD
COURTNEY C. AASEN
Attorneys for Defendant National Basketball Association