DAVID P. MASTAGNI (SBN 57721)
GRANT A. WINTER (SBN 266329)
BRETT D. BEYLER (SBN 319415)
**MASTAGNI HOLSTEDT, A.P.C.**
1912 I Street,
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
Email: bbeyler@mastagni.com
Attorneys for Plaintiffs, ALAN STRICKLAND
and KELLY STRICKLAND

**COTCHETT, PITRE & McCARTHY, LLP**
Joseph W. Cotchett (SBN 36324)
Emanuel B. Townsend (SBN 305373)
Tamarah Prevost (313422)
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: jcotchett@cpmlegal.com; etownsend@cpmlegal.com; tprevost@cpmlegal.com
Attorneys for Defendants, MASAI UJIRI, TORONTO RAPTORS,
and MAPLE LEAF SPORTS & ENTERTAINMENT

*Additional counsel listed on next page*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN STRICKLAND, an individual; and KELLY STRICKLAND, an individual, | Case No.: 4:20-CV-00981-YGR |
| Plaintiffs, | JOINT STATUS CONFERENCE REPORT |
| v. | Status (Pretrial Scheduling) Conference |
| MASAI UJIRI, an individual; TORONTO RAPTORS, a business entity; MAPLE LEAF SPORTS & ENTERTAINMENT, a business entity; NATIONAL BASKETBALL ASSOCIATION; and DOES 1 through 100, inclusive, | Date: May 11, 2020 |
| | Time: 10:00 A.M. |
| | Location: Courtroom 1, Fourth Floor Ronald V. Dellums Federal Building 1301 Clay Street, Oakland, CA 94612 |
| Defendants. | |

- 1 –

Mark R. Conrad (SBN 255667)
Courtney C. Aasen (SBN 307404)
**CONRAD & METLITZKY LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 343-7100
Facsimile: (415) 343-7101
Email: mconrad@conradmetlitzky.com; caasen@conradmetlitzky.com.
Attorneys for Defendant,
NATIONAL BASKETBALL ASSOCIATION

**JOINT STATUS REPORT**

Pursuant to the Court's Order Setting Initial Case Management Conference and ADR Deadlines (ECF 3), Order Reassigning Case (ECF 8), the Court's Standing Order (cand.uscourts.gov/ygrorders), and Civil Local Rule 16-9, the parties provide the following Joint Status Report.

**1.      Jurisdiction & Service.**

Plaintiffs assert that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000 and there is complete diversity between Plaintiffs and defendants. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

Defendants do not dispute that this Court has diversity jurisdiction. Defendants stipulate that Venue is proper pursuant to 28 U.S.C. § 1391.

All named parties have been served.

**2.      Facts.**

**a.   Plaintiffs' Statement of Facts.**

This case arises out of injuries allegedly sustained by Plaintiff Alan Strickland which occurred on June 13, 2019 at or around 9:00 P.M. at the Oracle Arena, located at 7000 Coliseum Way, Alameda County, Oakland, California 94621 (hereinafter "Incident").

Plaintiff Alan Strickland is an Alameda County Sheriff's Deputy. On June 13, 2019, Mr. Strickland was assigned to the Oracle Arena for game number 6 of the National Basketball Association's (hereinafter "NBA") Finals between the Golden State Warriors and the Toronto Raptors. Mr. Strickland was directed by the NBA as to where he was supposed to be posted and what his job duties entailed while he was at his post.

At this game, the NBA stationed Mr. Strickland to a post near the basketball court perimeter.  Mr. Strickland was instructed to remain at this post and work in conjunction with Oracle Arena security. Mr. Strickland was instructed to only allow those individuals with proper security credentials to pass by him once they had presented proper security credentials to the Oracle Arena security officer working in conjunction with Mr. Strickland and that Oracle Arena security officer

authenticated those security credentials. Mr. Strickland was further instructed to prevent any unauthorized individuals from accessing the Court.

At or around 9:00 P.M., while Mr. Strickland was at his assigned post, he was approached by an unidentified male. Mr. Strickland only later learned that this man was Masai Ujiri. Mr. Ujiri had no visible credentials, as required by NBA event regulations. Mr. Ujiri appeared to be attempting to circumvent the security checkpoint by walking past the Oracle Arena security official and attempting to sidestep Mr. Strickland. After Mr. Strickland made two attempts of stopping Mr. Ujiri, Mr. Strickland alleges that Mr. Ujiri attacked him, hitting him in the face and chest with both fists. The force of the attack by Mr. Ujiri sent Mr. Strickland back several feet and caused him serious bodily injury.

Plaintiffs allege that at the time of the Incident, Mr. Ujiri was working for Defendants Toronto Raptors and Maple Leaf Sports & Entertainment and as such they are vicariously liable for the conduct of Mr. Ujiri giving rise to the Incident. Plaintiffs further alleged that the NBA was responsible for providing all necessary security and resources at game 6. Plaintiffs allege that the NBA negligently failed to provide sufficient security in the form of security personnel, staff, plans, strategies, procedures, and training to prevent injuries to individuals present at the game, including Plaintiff.

**b. Masai Ujiri & Toronto Raptors/Maple Leaf Sports & Entertainment's (MLS&E) Statement of Facts**

Masai Ujiri is President of Basketball Operations ("President") for the Toronto Raptors ("Raptors"). On June 13, 2019, the Raptors defeated the Golden State Warriors in Game 6 of the NBA Finals, at Oracle Arena in Oakland, California. By winning Game 6, the Raptors were crowned NBA champions.

Mr. Ujiri watched the final moments of Game 6 from the tunnel at Oracle Arena that leads to the players' locker room. He then walked from the tunnel out to the arena floor and proceeded towards the court where he expected to meet the Raptors' players and coaches.

As Mr. Ujiri attempted to make his way onto the court to join his team and fulfill his duties

as Raptors' President, he encountered Plaintiff Alan Strickland who was providing security at the game. As Mr. Ujiri attempted to enter the court, Mr. Strickland assaulted him, forcefully shoving him back once and then twice. The assault was unprovoked, excessive, and unreasonable. Mr. Ujiri returned a shove to Mr. Strickland's chest only after Mr. Strickland shoved him the second time. Mr. Ujiri denies that he caused any injury to Plaintiff Alan Strickland and denies any liability for any of Plaintiffs' alleged damages. Other than the shoves, the two men did not have any further physical contact. The entire encounter between Mr. Strickland and Mr. Ujiri was brief. Mr. Ujiri was eventually escorted onto the court where he joined his team, accepted the championship trophy, and gave a live on camera interview.

After conducting an investigation, the Alameda County District Attorney's Office determined that no criminal charges would be filed against Mr. Ujiri.

### c.  The NBA's Statement of Facts

This case arises out of an altercation that occurred after the conclusion of Game 6 of the 2019 NBA Finals between Plaintiff Alan Strickland (who was providing security at the game) and Defendant Masai Ujiri (who is the President of the Toronto Raptors organization). The NBA denies Plaintiffs' claims and denies there is a valid basis for holding the NBA liable as a result of the altercation between the two individuals involved. The NBA also denies that it breached any legal duty owed to Plaintiff based on vaguely alleged flaws in the NBA's security policies or procedures.

### 3.  Legal Issues.

### a.  Plaintiffs' Statement.

At this juncture, Plaintiffs are unaware of any issues as to named Defendants but anticipate legal issues will arise once discovery gets underway.

### b.  Masai Ujiri and Toronto Raptors/MLS&E's Statement.

Defendants Masai Ujiri and Raptors/MLS&E contend Mr. Ujiri was acting in self-defense when he pushed Plaintiff Alan Strickland.  Legal issues may arise around Plaintiff Alan Strickland's employment status at the time of the encounter.  It appears a private company, AEG Management Oakland, LLC was paying Mr. Strickland to provide security for Game 6 at Oracle

Arena.  Plaintiff Alan Strickland's employment status may affect the self-defense analysis.

### c.   The NBA's Statement.

The NBA denies that it may be held vicariously liable for Mr. Ujiri's conduct, since it does not employ Mr. Ujiri. At the Rule 26(f) conference, the NBA asked Plaintiffs to explain the basis on which they have alleged that Mr. Ujiri is an employee of the NBA, *see* Compl. ¶ 68, and Plaintiffs' counsel declined to respond. With respect to the claim for direct negligence, the basis of which is unclear, the NBA denies that it breached any legal obligation that it may have owed to Plaintiffs.

### 4.   Motions.

#### a.   Plaintiffs' Statement

No motions are currently pending. Plaintiffs anticipate they will need to file various discovery motions to compel substantive, non-evasive, and complete responses to written discovery or produce any documents.

#### b.   Masai Ujiri and Toronto Raptors/MLS&E's Statement

Defendants Masai Ujiri and Raptors/MLS&E anticipate they will file a motion for summary judgment as they believe the undisputed facts will show Mr. Ujiri did not injure Plaintiff Alan Strickland and that Mr. Ujiri acted in self-defense against Plaintiff Alan Strickland's unprovoked assault and excessive use of force.

#### c.   The NBA's Statement

The NBA anticipates that it will file a motion for summary judgment, including on the issue of whether it has vicarious liability for any of Mr. Ujiri's conduct.

### 5.   Amendment of Pleadings.

#### a.   Plaintiffs' Statement

Plaintiffs request 120 days from the date of the exchange of documents and/or things pursuant to FRCP 26 initial disclosures to amend the pleadings and/or name additional Doe Defendants if their true identities become known. Further, after the expiration of 120 days, Plaintiff may move the Court to amend the pleadings, good cause showing.

### b. Defendants' Joint Statement

Defendants submit that 60 days after the exchange of initial disclosures is enough time for Plaintiffs to determine whether they will amend their pleadings.

### 6. Evidence Preservation.

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Federal Rules of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. (*See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.)

### 7. Disclosures.

The parties will make timely disclosures in compliance with Federal Rules of Civil Procedure 26(a)(1)(A) & (C).

### 8. Discovery.

### a. Discovery Taken to Date.

No formal discovery to date.

### b. Scope of Anticipated Discovery.

The parties anticipate discovery pertaining to all claims and defenses raised in the existing and forthcoming pleadings. Such subjects of discovery will include, but are not limited to, the events occurring at the Oracle Arena on the date of the Incident, the security protocols in place on the date of the Incident, training and security briefings regarding security for the date of the Incident, as well as the nature and extent of any economic and noneconomic damages that Plaintiffs attribute to those events.

### c. Limitations on Discovery.

The parties agree that discovery standards set forth in the Federal Rules of Civil Procedure shall apply. The parties also reserve the right to stipulate and modify any and all discovery limitations, and further reserve the right to apply for leave to Court to modify any and all discovery limitations in the event the parties are unable to agree upon such modification(s).

Plaintiffs believe this is a complex case with multiple defendants, numerous non-party entities and individuals with discoverable information regarding an Incident which occurred in front of a large number of people, therefore, more than 10 depositions will likely be necessary. Plaintiff anticipates the need to file motions to compel subpoenas on several non-parties to produce relevant evidence.

Defendants consider this a straightforward case involving claims for personal injury arising out of a brief altercation and expect that the default discovery limits will be appropriate in this matter.

The parties have agreed that, if any party believes that more than 10 depositions are necessary, and in the event that the parties cannot agree on the issue, the party seeking relief from the limits imposed by Rule 30(a)(2) shall move the Court regarding further depositions.

**9.    Class Actions.**

Not applicable to this action.

**10.    Related Cases.**

There are no known related cases to this action.

**11.    Relief.**

Plaintiffs bring claims for economic and non-economic damages, as well as punitive damages.

**12.    Settlement and ADR.**

All parties have agreed to attempt to mediate this matter and have complied with ADR L.R. 3-5.

**a.  Plaintiffs' Statement**

Efforts will be made to settle or resolve this case after the completion of discovery in this action.

**b.  Defendants' Joint Statement**

Defendants believe that the Parties should attempt to mediate this matter within 90 days of the referral to the ADR program per ADR Local Rule 3-7.

**13.    Consent to Magistrate Judge for All Purposes.**

In accordance with 28 U.S.C. § 636(c), Plaintiffs have declined to have a magistrate judge conduct any further proceedings.

**14.    Other References.**

None at this time.

**15.    Narrowing of Issues.**

At this juncture, the parties are unaware of any issues that can be narrowed prior to the close of discovery.

**16.    Expedited Trial Procedure.**

This is not a proper case for expedited trial procedures, nor is one being requested at this time.

**17.    Scheduling.**

| MATTER | PLAINTIFFS' PROPOSED DATES | DEFENDANTS' PROPOSED DATES |
|---|---|---|
| Deadline to amend pleadings | September 1, 2020 | July 7, 2020 |
| Fact discovery cutoff | August 31, 2021 | December 18, 2020 |
| Deadline to serve expert disclosures | May 31, 2021 | February 1, 2021 |
| Deadline to serve rebuttal expert disclosures | July 30, 2021 | March 3, 2021 |
| Expert discovery cutoff | September 30, 2021 | April 2, 2021 |
| Deadline for hearing dispositive motions | December 14, 2021 | June 15, 2021 |
| Final pretrial conference | January 28, 2022 | August 20, 2021, 9:30 a.m. |
| Trial | April 25, 2022 | September 13, 2021, 8:00 a.m. |

**18.    Trial.**

The parties have requested a jury trial, which the parties anticipate will last 5 to 10 days.

**19.    Disclosure of Non-Party Interested Entities or Persons.**

Defendants have all complied and served their respective Certificates of Interested Entities

1  or Parties pursuant to Federal Rules of Civil Procedure, Rule 7.1, and Local Rules 7.1-1 and 3-15.

2         **20.**    **Professional Conduct.**

3         All attorneys for the parties have reviewed the Guidelines for Professional Conduct for the

4  Northern District of California.

5    Dated: May 4, 2020               Respectfully submitted,

6                               **MASTAGNI HOLSTEDT, A.P.C.**

7                  By:    /s/ BRETT D. BEYLER
8                               David P. Mastagni
                             Grant A. Winter

9                               Brett D. Beyler

10                               Attorneys for Plaintiffs

11                               **CONRAD & METLITZKY, LLP**

                By:    /s/ COURTNEY C. AASEN

12                               Mark R. Conrad
                             Courtney C. Aasen

13                               Attorneys for Defendant National Basketball

14                               Association

15                               **COTCHETT, PITRE & McCARTHY, LLP**

16                  By:    /s/ TAMARAH PREVOST
                             Joseph W. Cotchett

17                               Emanuel B. Townsend
                             Tamarah Prevost

18                               Attorneys for Defendants Masai Ujiri, Toronto
                             Raptors, and Maple Leaf Sports & Entertainment

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

 Dated: _____   _____

UNITED STATES DISTRICT JUDGE YVONNE
GONZALEZ ROGERS