JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
EMANUEL B. TOWNSEND (SBN 305373)
etownsend@cpmlegal.com
TAMARAH P. PREVOST (SBN 313422)
tprevost@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:   (650) 697-0577

*Attorneys for Defendants Masai Ujiri, Toronto Raptors/Maple Leaf Sports & Entertainment*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **ALAN STRICKLAND**, an individual; and **KELLY STRICKLAND**, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> 1. **MASAI UJIRI**, an individual; <br><br> 2. **TORONTO RAPTORS**, a business entity; <br><br> 3. **MAPLE LEAF SPORTS & ENTERTAINMENT**, a business entity; <br><br> 4. **NATIONAL BASKETBALL ASSOCIATION, INC.**; and DOES 1 through 100, inclusive <br><br> Defendants. | Case No. 4:20-cv-000981-YGR <br><br> **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED JOINT ANSWER AND COUNTERCLAIM OF UJIRI; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:         Tuesday, September 22, 2020 <br> Time:        2:00 p.m. <br> Courtroom: 1, 19th Floor <br> Judge:       Hon. Yvonne Gonzalez Rogers |

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED JOINT ANSWER AND COUNTERCLAIM OF UJIRI; MPA IN SUPPORT THEREOF**; Case No. 4:20-cv-000981-YGR

# TABLE OF CONTENTS

**Page No.**

I. **INTRODUCTION** ...................................................................................................................... 2

II. **BACKGROUND** ........................................................................................................................ 2

    A.    Factual Background ............................................................................................................ 2

    B.    Procedural History ............................................................................................................. 3

    C.    Information Learned in Discovery ..................................................................................... 3

III. **LEGAL ARGUMENT** ............................................................................................................... 4

    A.    There is Good Cause to Grant Leave to Amend, which is Freely Granted Under Federal Rule of Civil Procedure ....................................................................................... 4

    B.    The Motion for Leave to Amend Should Be Granted ...................................................... 4

IV. **CONCLUSION** .......................................................................................................................... 6

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED JOINT ANSWER AND COUNTERCLAIM OF UJIRI; MPA IN SUPPORT THEREOF**; Case No. 4:20-cv-000981-YGR    i

# TABLE OF AUTHORITIES

**Page No(s).**

**STATUTES**

42 U.S.C. § 1983 .................................................................................................................................. 5

Fed. R. Civ. Proc. § 15(a) ..................................................................................................................... 4

**CASES**

*Abels v. JBC Legal Group, P.C.* (N.D. Cal. 2005) ........................................................................... 4, 5
   229 F.R.D. 152

*DCD Programs, Ltd. v. Leighton* (9th Cir. 1987) ............................................................................ 4, 5
   833 F.2d 183

*Eminence Capital, LLC v. Aspeon, Inc.* (9th Cir. 2003) ...................................................................... 4
   316 F.3d 1048

*Foman v. Davis* (1962) ......................................................................................................................... 4
   71 U.S. 178

*Miller v. Rykoff-Sexton, Inc.* (9th Cir. 1988) ....................................................................................... 6
   845 F.2d 209

*Morongo Band of Mission Indians v. Rose* (9th Cir. 1990) ................................................................ 4
   893 F.2d 1074

*Solomon v. North Am. Life & Cas. Ins. Co.* (9th Cir. 1998) ............................................................... 5
   151 F.3d 1132

# NOTICE OF MOTION FOR LEAVE TO FILE
# AMENDED JOINT ANSWER AND COUNTERCLAIM

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on September 22, 2020 at 2:00 p.m., in Courtroom 1 before the Honorable Yvonne Gonzalez Rogers, United States District Court, for the Northern District of California, Oakland Division, located at 1301 Clay Street, 4th Floor, Oakland, California 94612, Defendants Masai Ujiri and Toronto Raptors/Maple Leaf Sports & Entertainment ("Defendants") will, and hereby do, move the Court for leave to file an Amended Answer to include a Counterclaim. This motion is brought pursuant to Federal Rules of Civil Procedure 15 and 16(b)(4) on the grounds that Defendants seek to include counterclaims for unreasonable force pursuant to 42 U.S.C. § 1983, assault, battery, and intentional infliction of emotional distress against Plaintiff Alan Strickland based, in large part, upon new information Defendants obtained through discovery.

This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Declaration of Tamarah P. Prevost, and the attached Amended Answer and Counterclaim thereto, any papers filed in reply, the argument of counsel, and all papers and records on file in this matter.

Dated: August 18, 2020               **COTCHETT, PITRE & McCARTHY, LLP**

                                     By:   */s/ Tamarah P. Prevost*
                                           JOSEPH W. COTCHETT
                                           EMANUEL B. TOWNSEND
                                           TAMARAH P. PREVOST

                                     *Attorneys for Defendants Masai Ujiri, Toronto*
                                     *Raptors/Maple Leaf Sports & Entertainment*

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED JOINT ANSWER AND COUNTERCLAIM OF UJIRI; MPA IN SUPPORT THEREOF; Case No. 4:20-cv-000981-YGR            1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Masai Ujiri and Toronto Raptors/Maple Leaf Sports & Entertainment ("Defendants") hereby request leave to file the proposed Amended Answer and Counterclaims that is attached to the Declaration of Tamarah P. Prevost as **Exhibit A** (clean) and **Exhibit B** (redlined). The only proposed amendment asserts a counterclaim on Mr. Ujiri's behalf against Plaintiff Alan Strickland for excessive force pursuant to 42 U.S.C. § 1983, assault, battery, and intentional infliction of emotional distress. In all other respects, Defendants' original Joint Answer remains unchanged.

Recently obtained discovery, including body camera footage, reveal the true nature of events at issue in this case. Mr. Ujiri's counterclaims seek to vindicate his rights as a victim of unreasonable force, assault, and battery at the hands of Mr. Strickland. Defendants make this request pursuant to Rules 15(a)(2) of the Federal Rules of Civil Procedure, and in compliance with Rule 16(b)(4).

## II. BACKGROUND

### A. Factual Background

This case arises from a complaint filed by Plaintiffs Alan and Kelly Strickland, alleging Mr. Strickland was assaulted by Masai Ujiri on June 13, 2019. Masai Ujiri is President of Basketball Operations ("President") for the Toronto Raptors ("Raptors"). On the date in question, the Raptors played the Golden State Warriors in Game 6 of the National Basketball Association ("NBA") Finals at Oracle Arena in Oakland, California. By winning Game 6, the Raptors were crowned NBA champions.

As Mr. Ujiri walked from the tunnel to the arena floor on his way to the court to join his team in celebration, he briefly encountered Plaintiff Alan Strickland, an Alameda County Sheriff's Deputy who was working as a security guard at the game. This encounter lasted approximately 11 seconds, after which Mr. Strickland continued to work his shift, and Mr. Ujiri entered the arena to celebrate with his team and accept the championship trophy from the Commissioner of the NBA.

This 11 second encounter prompted Mr. Strickland to sue Defendants for assault, battery, intentional infliction of emotional distress, and two counts of negligence. *See* Doc. No. 1. Mrs.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED JOINT ANSWER
AND COUNTERCLAIM OF UJIRI; MPA IN SUPPORT THEREOF; Case No. 4:20-cv-000981-YGR    2

Strickland, Mr. Strickland's wife, has also asserted a loss of consortium claim for alleged deprivation of love, companionship, and comfort arising from her husband's purported injuries.

### B. Procedural History

Plaintiffs filed their complaint on February 7, 2020. *See* Doc. No. 1. Discovery is in its early stages: the parties have each propounded and responded to one set of written discovery, and no depositions have been taken by any party. On July 21, 2020, Plaintiffs made their first document production, which contained several pieces of video footage including that of Plaintiff Alan Strickland's body camera, capturing the alleged encounter at the center of this case from his viewpoint.

Trial has been set in this matter to begin on December 13, 2021 and all pretrial dates have been set. The fact and expert discovery deadlines are nearly eight months away, on April 2, 2021 and June 4, 2021, respectively. Doc. No. 30.

### C. Information Learned in Discovery

Though discovery is in its infancy, Defendants have already obtained evidence seriously calling into question Plaintiffs' version of events, and in fact revealing that Mr. Ujiri has ripe legal claims against Mr. Strickland. By way of example only, Mr. Strickland's body camera footage is the closest video evidence Defendants received of the incident to date, and clearly captures—from Strickland's viewpoint—the 11-second encounter mentioned in Plaintiffs' complaint. *See* Declaration of Tamarah P. Prevost, **Exhibit A**. This footage demonstrates that Plaintiff Strickland shoved Masai Ujiri twice, giving rise to credible counterclaims for unreasonable force, assault, and battery.[1] Indeed, the footage reveals Strickland, not Ujiri, as the assailant aggressor. *See id*.

As such, Defendants seek to amend their answer to add counterclaims based partly on this and other critical discovery recently obtained by Defendants.

/ / /

/ / /

---

[1] The footage also seriously calling into question Strickland's claim he was assaulted by Defendant Ujiri to the point of permanent disability, as alleged by Strickland in his parallel workers' compensation case.

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED JOINT ANSWER AND COUNTERCLAIM OF UJIRI; MPA IN SUPPORT THEREOF**; Case No. 4:20-cv-000981-YGR     3

## III. LEGAL ARGUMENT

### A. There is Good Cause to Grant Leave to Amend, which is Freely Granted Under Federal Rule of Civil Procedure

Rule 15(a) of the Federal Rules of Civil Procedure sets forth a liberal standard for the amendment of pleadings, and provides that even after the issues have been joined, "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. Proc. § 15(a). The United States Supreme Court has emphasized that Rule 15(a) requires courts to look favorably on motions to amend the pleadings, holding that a court must grant leave to amend absent a *substantial* reason to deny leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, the Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Liberality in granting leave to amend applies regardless of whether an amendment will add causes of action or parties. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

There is also good cause to permit Defendants to amend their answer pursuant to Rule 16(b)(4), which the Court required prior to any such amendment. *See* Doc. No. 30. Defendants' proposed amendment does not alter the existing pre-trial schedule, the amendment is made in good faith, and any resulting prejudice to Plaintiffs is minimal.

### B. The Motion for Leave to Amend Should Be Granted

"The four factors commonly used to determine the proprietary of a motion for leave to amend are bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Abels v. JBC Legal Group, P.C.*, 229 F.R.D. 152, 155-56 (N.D. Cal. 2005) (citing *Foman*, 371 U.S. at 182). Of these factors, prejudice to the party opposing an amendment carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing an amendment "bears the burden of showing prejudice." *Id.* (citing *DCD Programs*, 833 F.2d at 186-87 (9th Cir. 1987).

First, Defendants do not bring this motion in bad faith. As mentioned, Mr. Strickland's body camera footage is the closest portrayal of the 11-second encounter Defendants have seen, and clearly captures him assaulting Mr. Ujiri. *See id.* This video footage and other evidence as explained in

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED JOINT ANSWER AND COUNTERCLAIM OF UJIRI; MPA IN SUPPORT THEREOF; Case No. 4:20-cv-000981-YGR    4

Defendants' proposed Counterclaim expose Mr. Strickland as the primary aggressor. Prevost Decl., **Ex. A**. But more critically, Strickland's body camera video reveals that he, while acting under color of law, acted with unreasonable force. Other discovery as further described in Defendants Counterclaim further elucidate the strength of Mr. Ujiri's claims. This amendment is sought in good faith, for the purpose of vindicating Mr. Ujiri's constitutional rights under 42 U.S.C. § 1983.

Second, there has been no undue delay in bringing this motion. The foregoing powerful evidence—obtained less than three weeks before filing this motion—helped form the bases for Defendants' counterclaim. *See* Prevost Decl., **Ex. A**. As such, the motion is timely.

Third, any prejudice suffered by Plaintiffs in granting this motion is minimal. Discovery is in its infancy and Defendants' counterclaim centers upon the same common nucleus of facts, *i.e.*, the 11 second encounter between Alan Strickland and Masai Ujiri. And though the proposed amendment may alter the legal questions presented to some degree, no new parties have been named, and the legal theories center upon the same general facts. Thus, if motions for leave to amend are liberally granted when entirely new legal theories and parties are added, the bar for a proposed Amended Answer that does neither should be even lower. *See e.g.*, *DCD Programs*, 833 F.2d at 186.

Moreover, fact and expert discovery deadlines are far from imminent, April 2 and June 4, 2021, respectively. Doc. No. 30. There is ample time for Plaintiffs to respond to Defendants' Counterclaim and conduct additional discovery, as necessary. And notably, no depositions have been taken so there is no risk of duplicative discovery or increased costs in that regard. With the applicable discovery cut-off date over eight months away, this weighs in favor of granting leave to amend. *See Abels*, 229 F.R.D. at 155-156 (citing *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (denying leave to amend on the eve of the discovery deadline)). Additionally, Defendants' proposed amendment need not alter any existing deadlines in the Court ordered pre-trial schedule. As such, there is good cause to grant this motion under Rule 16(b)(4). *See also* Doc. No. 30.

Fourth, Defendants' counterclaims are far from futile. A proposed amendment is futile only if "no set of facts can be proved under the amendment that would constitute a valid claim or defense."

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED JOINT ANSWER AND COUNTERCLAIM OF UJIRI; MPA IN SUPPORT THEREOF**; Case No. 4:20-cv-000981-YGR    5

*Abels*, 229 F.R.D. at 157, citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).[2] As mentioned, three of the proposed counterclaims are identical to those asserted by Plaintiff Strickland in his complaint, and all are tethered to the same set of facts which, if proven, strongly support Defendants' counterclaims. As such, Defendants' proposed amended answer and counterclaim is not futile.

## IV. CONCLUSION

Based on the foregoing reasons, Defendants respectfully request that this Court grant their motion for leave to amend the Answer to add their Counterclaims. Any prejudice to Plaintiffs in granting this motion would be greatly outweighed by the potential loss of Defendants' legitimate, meritorious, and ripe legal claims.

Dated: August 17, 2020               Respectfully submitted,

                                                  **COTCHETT, PITRE & McCARTHY, LLP**

                                                  By:   */s/ Tamarah P. Prevost*
                                                           JOSEPH W. COTCHETT
                                                           EMANUEL B. TOWNSEND
                                                           TAMARAH P. PREVOST

                                                  *Attorneys for Defendants Masai Ujiri, Toronto Raptors/Maple Leaf Sports & Entertainment*

---

[2] *See also* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, 2 CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL 8:423 (Rutter Group rev. ed. 2005) (denials based solely on futility "are rare").


LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED JOINT ANSWER AND COUNTERCLAIM OF UJIRI; MPA IN SUPPORT THEREOF**; Case No. 4:20-cv-000981-YGR       6