JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
EMANUEL B. TOWNSEND (SBN 305373)
etownsend@cpmlegal.com
TAMARAH P. PREVOST (SBN 313422)
tprevost@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:   (650) 697-0577

*Counsel for Defendants Masai Ujiri, Toronto*
*Raptors, and Maple Leaf Sports & Entertainment*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| **ALAN STRICKLAND**, an individual; and **KELLY STRICKLAND**, an individual,<br><br>                    Plaintiffs,<br><br>          v.<br><br>**1. MASAI UJIRI**, an individual;<br><br>**2. TORONTO RAPTORS**, a business entity;<br><br>**3. MAPLE LEAF SPORTS & ENTERTAINMENT**, a business entity;<br><br>**4.  NATIONAL BASKETBALL ASSOCIATION, INC.**; and DOES 1 through 100, inclusive<br><br>                    Defendants. | **Case No. 4:20-cv-000981-YGR**<br><br>**DECLARATION OF TAMARAH P. PREVOST IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER TO ADD COUNTERCLAIM OF UJIRI**<br><br>Date:          Tuesday, September 22, 2020<br>Time:          2:00 p.m.<br>Courtroom:  1, 19th Floor<br>Judge:         Hon. Yvonne Gonzalez Rogers |

**DECLARATION OF TAMARAH PREVOST ISO DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED JOINT ANSWER AND COUNTERCLAIM OF UJIRI**; Case No. 4:20-cv-000981-YGR

## DECLARATION OF TAMARAH PREVOST

I, TAMARAH P. PREVOST, declare as follows:

1.     I am an attorney duly licensed to practice law in the State of California and admitted to practice in this Court.  I am a partner with the law firm of Cotchett, Pitre & McCarthy, LLP ("CPM") and Counsel for Defendants Masai Ujiri, Toronto Raptors, and Maple Leaf Sports & Entertainment ("Defendants") in this litigation.  The matters described herein are based on my personal knowledge, and if called as a witness, I could and would testify competently thereto.

2.     I make this Declaration in support of Defendants' Motion for Leave to File Amended Joint Answer and Counterclaim.

3.     Attached hereto as **Exhibit A** is Defendants' proposed Amended Answer to Add Counterclaim.

4.     Attached hereto as **Exhibit B** is a redlined version, comparing Defendants' proposed amended Joint Answer and Counterclaim, with Defendants' original Joint Answer, pursuant to the Court's Standing Order in Civil Cases, ¶ 12.  To summarize, the only amendments made are to add Defendants' Counterclaim.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 18th day of August, 2020 at Burlingame, California.

           */s/ Tamarah P. Prevost*
           TAMARAH P. PREVOST

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**DECLARATION OF TAMARAH PREVOST ISO DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED JOINT ANSWER AND COUNTERCLAIM OF UJIRI**; Case No. 4:20-cv-000981-YGR          1

JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
EMANUEL B. TOWNSEND (SBN 305373)
etownsend@cpmlegal.com
TAMARAH P. PREVOST (SBN 313422)
tprevost@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:   (650) 697-0577

*Attorneys for Defendants Masai Ujiri, Toronto Raptors,*
*and Maple Leaf Sports & Entertainment*

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **ALAN STRICKLAND**, an individual; and **KELLY STRICKLAND**, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> 1. **MASAI UJIRI**, an individual; <br> 2. **TORONTO RAPTORS**, a business entity; <br> 3. **MAPLE LEAF SPORTS & ENTERTAINMENT**, a business entity; <br> 4. **NATIONAL BASKETBALL ASSOCIATION, INC.**; and DOES 1 through 100, inclusive <br><br> Defendants. | **Case No. 4:20-cv-000981-YGR** <br><br><br> **DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM OF UJIRI** <br><br> **DEMAND FOR JURY TRIAL** |
| **MASAI UJIRI**, an individual, <br><br> Defendant/Counterclaimant, <br><br> v. <br><br> **ALAN STRICKLAND**, an individual, <br><br> Plaintiff/Counterdefendant. | |

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM OF UJIRI;**
Case No. 4:20-cv-00981-YGR

## <u>TABLE OF CONTENTS</u>

Page No.

**DEFENDANTS' JOINT ANSWER**

**I.      DEFENDANTS' INTRODUCTORY STATEMENT** ........................................1

**II.     PLAINTIFFS' COMPLAINT** ...................................................................2

    PARTIES ...............................................................................................2

    JURISDICITON AND VENUE ...............................................................3

    FACTS COMMON TO ALL CAUSES OF ACTION...............................3

**III.    CAUSES OF ACTION** .............................................................................5

    FIRST CAUSE OF ACTION ...................................................................5

    SECOND CAUSE OF ACTION ...............................................................6

    THIRD CAUSE OF ACTION ...................................................................7

    FOURTH CAUSE OF ACTION ...............................................................8

    FIFTH CAUSE OF ACTION ...................................................................9

    SIXTH CAUSE OF ACTION ...................................................................9

    PRAYER FOR RELIEF ........................................................................10

**IV.    DEFENDANTS' AFFIRMATIVE DEFENSES** ........................................10

    FIRST AFFIRMATIVE DEFENSE ........................................................10

    SECOND AFFIRMATIVE DEFENSE ....................................................10

    THIRD AFFIRMATIVE DEFENSE .......................................................11

    FOURTH AFFIRMATIVE DEFENSE ....................................................11

    FIFTH AFFIRMATIVE DEFENSE ........................................................11

    SIXTH AFFIRMATIVE DEFENSE .......................................................11

    SEVENTH AFFIRMATIVE DEFENSE ...................................................11

    EIGHTH AFFIRMATIVE DEFENSE .....................................................11

    NINTH AFFIRMATIVE DEFENSE .......................................................12

    TENTH AFFIRMATIVE DEFENSE .......................................................12

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &
ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR

i

ELEVENTH AFFIRMATIVE DEFENSE ................................................................12

ADDITIONAL DEFENSES ...............................................................................12

V.    **DEFENDANTS' PRAYER FOR RELIEF** ...........................................13

**DEMAND FOR JURY TRIAL** ...............................................................13

**COUNTERCLAIMS** ..........................................................................14


**DEFENDANTS' COUNTERCLAIMS**

I.    **INTRODUCTION** .........................................................................14

II.   **JURISDICTION AND VENUE** .......................................................15

III.  **PARTIES** ....................................................................................15

IV.   **FACTUAL ALLEGATIONS** ...........................................................15

      A.    The 11-Second Encounter .............................................................16

      B.    Deputy Strickland Falsifies the Encounter and Attempts to Portray Mr. Ujiri as the
            Initial Aggressor and an Inherently Violent Individual ...............................18

            1.    Strickland's Description of the Encounter Has Already Been Refuted by
                  Testimonial, Video, and Documentary Evidence ...............................18

            2.    Mr. Strickland Has a History of Committing Fraud .........................26

            3.    Sergeant Ray Kelly Pushes Strickland's False Narrative ...................26

VI.   **COUNTERCLAIMS** .......................................................................28

      FIRST COUNTERCLAIM
      Fourth Amendment—Excessive Force
      (42 U.S.C. § 1983)
      (Masai Ujiri against Alan Strickland) ...............................................28

      SECOND COUNTERCLAIM
      Assault
      (Masai Ujiri against Alan Strickland) ...............................................29

      THIRD COUNTERCLAIM
      Battery
      (Masai Ujiri against Alan Strickland) ...............................................30

      FOURTH COUNTERCLAIM
      Intentional Infliction of Emotional Distress
      (Masai Ujiri against Alan Strickland) ...............................................31

**PRAYER FOR RELIEF ON COUNTERCLAIMS** ....................................32

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

1

**DEMAND FOR JURY TRIAL ON COUNTERCLAIMS**..................................................32

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR

iii

1    Defendants Masai Ujiri, Toronto Raptors, and Maple Leaf Sports & Entertainment (collectively

2    referred to herein as "Defendants") by and through their undersigned counsel, in response to the

3    Complaint of Alan Strickland and Kelly Strickland ("Plaintiffs") answer Plaintiffs' Complaint

4    ("Complaint") as follows:

5    ## I.        DEFENDANTS' INTRODUCTORY STATEMENT

6        1.        Masai Ujiri is President of Basketball Operations ("President") for the Toronto Raptors

7    ("Raptors").   On June 13, 2019, the Raptors defeated the Golden State Warriors in Game 6 of the

8    National Basketball Association ("NBA") Finals, at Oracle Arena in Oakland, California.  By winning

9    Game 6, the Raptors were crowned NBA champions.

10        2.        When an NBA team wins the championship, it is customary for NBA executives, like

11   Mr. Ujiri, to join their team on the court to accept the championship trophy from the Commissioner of

12   the NBA and to give a live on-camera interview.  On June 13, 2019, Mr. Ujiri watched the game's final

13   moments from the tunnel that leads to the players' locker room at Oracle Arena.  He then walked from

14   the tunnel out to the arena floor where he met and embraced his wife who was sitting in the section

15   reserved for the Raptors' family and friends.   After embracing his wife, Mr. Ujiri then proceeded

16   towards the court where he expected to meet the Raptors' players and coaches.

17        3.        As Mr. Ujiri attempted to make his way onto the court to join his team and fulfill his

18   duties as Raptors' President, he encountered Plaintiff Alan Strickland.  Mr. Strickland was working as

19   a security guard at the game.  As Mr. Ujiri attempted to enter the court, Mr. Strickland assaulted him,

20   forcefully shoving him back once and then twice.  Mr. Ujiri then shoved Mr. Strickland in the chest.

21   Other than the shoves, the two men did not have any further physical contact with each other.  The

22   entire encounter between Mr. Strickland and Mr. Ujiri was brief.  Mr. Ujiri was eventually escorted to

23   the court where he joined his team, accepted the championship trophy, and gave a live on camera

24   interview.

25

26

27   / / /

28

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &
ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                              1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.     PLAINTIFFS' COMPLAINT

### PARTIES

6.     Answering the allegations contained in Paragraph 1 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

7.     Answering the allegations contained in Paragraph 2 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

8.     Answering the allegations contained in Paragraph 3 of the Complaint, Defendants admit that Masai Ujiri is an individual adult and natural person residing in Toronto, Canada.

9.     Answering the allegations contained in Paragraph 4 of the Complaint, Defendants admit the Toronto Raptors are a business entity.  Defendants further admit the Toronto Raptors has its principal place of business in Canada.

10.     Answering the allegations contained in Paragraph 5 of the Complaint, Defendants admit Maple Leaf Sports & Entertainment is a business entity.  Defendants further admit Maple Leaf Sports & Entertainment has its principal place of business in Canada.

11.     Answering the allegations contained in Paragraph 6 of the Complaint, Defendants admit the National Basketball Association is a membership association that operates a professional basketball league consisting of thirty members and their member teams, with its principal place of business in New York, New York.

12.     Answering the allegations contained in Paragraph 7 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

13.     Answering the allegations contained in Paragraph 8 of the Complaint, Defendants deny each and every allegation contained therein.

14.     Answering the allegations contained in Paragraph 9 of the Complaint, Defendants deny each and every allegation contained therein.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR

2

15.     Answering the allegations contained in Paragraph 10 of the Complaint, Defendants deny each and every allegation contained therein.

<u>**JURISDICITON AND VENUE**</u>

16.     Answering the allegations contained in Paragraph 11 of the Complaint, Defendants deny the amount in controversy exceeds the value of $75,000.00.  Defendants further aver they did not cause any injury or damage to Plaintiffs, and therefore, the amount in controversy is zero.

17.     Answering the allegations contained in Paragraph 12 of the Complaint, Defendants deny the Northern District of California is the proper venue for this matter because the amount in controversy is zero.

<u>**FACTS COMMON TO ALL CAUSES OF ACTION**</u>

18.     Answering the allegations contained in Paragraph 13 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 12, inclusive, as though fully set forth herein.

19.     Answering the allegations contained in Paragraph 14 of the Complaint, Defendants deny each and every allegation contained therein.

20.     Answering the allegations contained in Paragraph 15 of the Complaint, Defendants deny Plaintiffs sustained any personal injuries or damages arising from an incident involving Plaintiff Alan Strickland and any of the Defendants named in the Complaint.  Defendants admit Masai Ujiri encountered Plaintiff Alan Strickland at or around 9:00 P.M. on June 13, 2019 at Oracle Arena in Oakland, California.

21.     Answering the allegations contained in Paragraph 16 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

22.     Answering the allegations contained in Paragraph 17 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

23.     Answering the allegations contained in Paragraph 18 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

24.     Answering the allegations contained in Paragraph 19 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

25.     Answering the allegations contained in Paragraph 20 of the Complaint, Defendants admit Masai Ujiri was wearing a suit and necktie when he encountered Plaintiff Alan Strickland on June 13, 2019 at Oracle Arena.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 20.

26.     Answering the allegations contained in Paragraph 21 of the Complaint, Defendants deny each and every allegation contained therein.

27.     Answering the allegations contained in Paragraph 22 of the Complaint, Defendants deny each and every allegation contained therein.

28.     Answering the allegations contained in Paragraph 23 of the Complaint, Defendants deny each and every allegation contained therein.

29.     Answering the allegations contained in Paragraph 24 of the Complaint, Defendants deny each and every allegation contained therein.

30.     Answering the allegations contained in Paragraph 25 of the Complaint, Defendants deny each and every allegation contained therein.

31.     Answering the allegations contained in Paragraph 26 of the Complaint, Defendants deny each and every allegation contained therein.

32.     Answering the allegations contained in Paragraph 27 of the Complaint, Defendants deny each and every allegation contained therein.

33.     Answering the allegations contained in Paragraph 28 of the Complaint, Defendants deny each and every allegation contained therein.

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR

4

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

34.     Answering the allegations contained in Paragraph 29 of the Complaint, Defendants deny each and every allegation contained therein.

35.     Answering the allegations contained in Paragraph 30 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

36.     Answering the allegations contained in Paragraph 31 of the Complaint, Defendants deny each and every allegation contained therein.

## III.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(Assault — Plaintiff ALAN STRICKLAND Against All Defendants,

Including DOES 1 through 100)

37.     Answering the allegations contained in Paragraph 32 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 31, inclusive, as though fully set forth herein.

38.      Answering the allegations contained in Paragraph 33 of the Complaint, Defendants deny each and every allegation contained therein.

39.     Answering the allegations contained in Paragraph 34 of the Complaint, Defendants deny each and every allegation contained therein.

40.     Answering the allegations contained in Paragraph 35 of the Complaint, Defendants deny each and every allegation contained therein.

41.     Answering the allegations contained in Paragraph 36 of the Complaint, Defendants deny each and every allegation contained therein.

42.     Answering the allegations contained in Paragraph 37 of the Complaint, Defendants deny each and every allegation contained therein.

43.     Answering the allegations contained in Paragraph 38 of the Complaint, Defendants deny each and every allegation contained therein.

44.     Answering the allegations contained in Paragraph 39 of the Complaint, Defendants deny each and every allegation contained therein.

## SECOND CAUSE OF ACTION

(Battery — Plaintiff ALAN STRICKLAND Against All Defendants,

Including DOES 1 through 100)

45.     Answering the allegations contained in Paragraph 40 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 39, inclusive, as though fully set forth herein.

46.      Answering the allegations contained in Paragraph 41 of the Complaint, Defendants deny each and every allegation contained therein.

47.     Answering the allegations contained in Paragraph 42 of the Complaint, Defendants deny each and every allegation contained therein.

48.     Answering the allegations contained in Paragraph 43 of the Complaint, Defendants deny each and every allegation contained therein.

49.     Answering the allegations contained in Paragraph 44 of the Complaint, Defendants deny each and every allegation contained therein.

50.     Answering the allegations contained in Paragraph 45 of the Complaint, Defendants deny each and every allegation contained therein.

51.     Answering the allegations contained in Paragraph 46 of the Complaint, Defendants deny each and every allegation contained therein.

52.     Answering the allegations contained in Paragraph 47 of the Complaint, Defendants deny each and every allegation contained therein.

/ / /

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;
Case No. 4:20-cv-000981-YGR                                                                                  6

1

2

3

4

### **THIRD CAUSE OF ACTION**

(Intentional Infliction of Emotional Distress — Plaintiff ALAN STRICKLAND Against All

Defendants,

Including DOES 1 through 100)

5       53.    Answering the allegations contained in Paragraph 48 of the Complaint, Defendants

6   incorporate by reference their answers to Paragraphs 1 through 47, inclusive, as though fully set forth

7   herein.

8       54.    Answering the allegations contained in Paragraph 49 of the Complaint, Defendants deny

9   each and every allegation contained therein.

10      55.    Answering the allegations contained in Paragraph 50 of the Complaint, Defendants deny

11  each and every allegation contained therein.

12      56.    Answering the allegations contained in Paragraph 51 of the Complaint, Defendants deny

13  each and every allegation contained therein.

14      57.    Answering the allegations contained in Paragraph 52 of the Complaint, Defendants deny

15  each and every allegation contained therein.

16      58.    Answering the allegations contained in Paragraph 53 of the Complaint, Defendants deny

17  each and every allegation contained therein.

18      59.    Answering the allegations contained in Paragraph 54 of the Complaint, Defendants deny

19  each and every allegation contained therein.

20      60.    Answering the allegations contained in Paragraph 55 of the Complaint, Defendants deny

21  each and every allegation contained therein.

22      61.    Answering the allegations contained in Paragraph 56 of the Complaint, Defendants deny

23  each and every allegation contained therein.

24      62.    Answering the allegations contained in Paragraph 57 of the Complaint, Defendants deny

25  each and every allegation contained therein.

26

27  / / /

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &
ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                                                    7

**FOURTH CAUSE OF ACTION**

(Negligence — Plaintiff ALAN STRICKLAND Against MASAI UJIRI,

Including DOES 1 through 100)

63.     Answering the allegations contained in Paragraph 58 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 57, inclusive, as though fully set forth herein.

64.      Answering the allegations contained in Paragraph 59 of the Complaint, Defendants deny each and every allegation contained therein.

65.     Answering the allegations contained in Paragraph 60 of the Complaint, Defendants deny each and every allegation contained therein.

66.     Answering the allegations contained in Paragraph 61 of the Complaint, Defendants deny each and every allegation contained therein.

67.     Answering the allegations contained in Paragraph 62 of the Complaint, Defendants deny each and every allegation contained therein.

68.     Answering the allegations contained in Paragraph 63 of the Complaint, Defendants deny each and every allegation contained therein.

69.     Answering the allegations contained in Paragraph 64 of the Complaint, Defendants deny each and every allegation contained therein.

70.     Answering the allegations contained in Paragraph 65 of the Complaint, Defendants deny each and every allegation contained therein.

71.     Answering the allegations contained in Paragraph 66 of the Complaint, Defendants deny each and every allegation contained therein.

/ / /

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &
ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                                    8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIFTH CAUSE OF ACTION**

(Negligence — Plaintiff ALAN STRICKLAND Against MASAI UJIRI, TORONTO RAPTORS, MAPLE LEAF SPORTS & ENTERTAINMENT, NATIONAL BASKETBALL ASSOCIATION, INC., Including DOES 1 through 100)

72.     Answering the allegations contained in Paragraph 67 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 66, inclusive, as though fully set forth herein.

73.     Answering the allegations contained in Paragraph 68 of the Complaint, Defendants deny each and every allegation contained therein.

74.     Answering the allegations contained in Paragraph 69 of the Complaint, Defendants deny each and every allegation contained therein.

75.     Answering the allegations contained in Paragraph 70 of the Complaint, Defendants deny each and every allegation contained therein.

76.     Answering the allegations contained in Paragraph 71 of the Complaint, Defendants deny each and every allegation contained therein.

77.     Answering the allegations contained in Paragraph 72 of the Complaint, Defendants deny each and every allegation contained therein.

78.     Answering the allegations contained in Paragraph 73 of the Complaint, Defendants deny each and every allegation contained therein.

79.     Answering the allegations contained in Paragraph 74 of the Complaint, Defendants deny each and every allegation contained therein.

**SIXTH CAUSE OF ACTION**

(Loss of Consortium — Plaintiff KELLY STRICKLAND Against All Defendants, Including DOES 1 through 100)

80.     Answering the allegations contained in Paragraph 75 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 74, inclusive, as though fully set forth herein.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;
Case No. 4:20-cv-000981-YGR                                                                        9

81.     Answering the allegations contained in Paragraph 76 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

82.     Answering the allegations contained in Paragraph 77 of the Complaint, Defendants deny each and every allegation contained therein.

## **PRAYER FOR RELIEF**

83.     Answering the allegations contained in Paragraph 78 of the Complaint, Defendants deny Plaintiffs are entitled to any relief sought in their prayer for relief.

84.     To the extent not expressly admitted, denied, or qualified above, Defendants deny each and every remaining allegation of Plaintiffs' Complaint.

## IV.     **DEFENDANTS' AFFIRMATIVE DEFENSES**

By alleging the Affirmative Defenses set forth below, Defendants do not agree or concede they bear the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part. For their Affirmative Defenses to the Complaint, Defendants allege as follows:

### **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

Plaintiffs' Complaint, on one or more claims for relief set forth therein, fails to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

### **(Lack of Subject Matter Jurisdiction)**

The claims made in the Complaint are barred, in whole or in part, because the Court lacks subject matter jurisdiction over Plaintiffs' claims.  Defendants have not caused Plaintiff any injury and therefore Plaintiffs cannot establish the amount in controversy exceeds $75,000.00 as required to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

/ / /

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &
ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                                          10

**THIRD AFFIRMATIVE DEFENSE**

**(Self Defense)**

The claims made in the Complaint are barred, in whole or in part, because Defendant Masai Ujiri was acting in self-defense when he made physical contact with Plaintiff Alan Strickland and therefore Defendants are not responsible for Plaintiffs' alleged harm.

**FOURTH AFFIRMATIVE DEFENSE**

**(Primary Assumption of Risk)**

The claims made in the Complaint are barred, in whole or in part, because Plaintiff Alan Strickland's alleged injuries arose from a risk inherent in the occupation of security guard.

**FIFTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

The claims made in the Complaint are barred, in whole or in part, because Plaintiff Alan Strickland's own negligence contributed to his alleged harm.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

The claims made in the Complaint are barred, in whole or in part, because Plaintiffs have waived their right, if any, to pursue the claims in the Complaint, and each purported cause of action contained therein, by reason of Plaintiffs' own actions and course of conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

The claims made in the Complaint are barred, in whole or in part, because of Plaintiffs' failure to mitigate damages, if such damages exist.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Acts of Plaintiff)**

The damages, if any, that were allegedly sustained by Plaintiffs as a result of the acts complained of in the Complaint were caused in whole or in part or were contributed to by reason of the

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                                                    11

1   acts, omissions, negligence, and/or intentional misconduct of Plaintiffs, its agents, predecessors, and/or

2   related entities.

3   <center>**NINTH AFFIRMATIVE DEFENSE**</center>

4   <center>**(No Causation)**</center>

5   The claims made in the Complaint are barred, in whole or in part, because Plaintiffs' damages,

6   if any, were not caused by Defendants.

7   <center>**TENTH AFFIRMATIVE DEFENSE**</center>

8   <center>**(No Damage)**</center>

9   Without admitting that the Complaint states a claim, there has been no damage in any amount,

10  manner or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed

11  for in the Complaint therefore cannot be granted.

12  <center>**ELEVENTH AFFIRMATIVE DEFENSE**</center>

13  <center>**(Unclean Hands)**</center>

14  The claims made in the Complaint are barred, in whole or in part, by the doctrine of unclean

15  hands.

16  <center>**ADDITIONAL DEFENSES**</center>

17  Defendants reserve the right to assert additional defenses based on information learned or

18  obtained during discovery.

19

20

21

22

23

24

25

26

27  / / /

28



LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

## V.    DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray this Court enter judgment as follows:

1.    That Plaintiffs take nothing by their Complaint;

2.    For judgment in favor of Defendants; and

4.    For such other and further relief as this Court deems just and proper; including costs and any other monies to which Defendants are entitled.

Dated:  August 19, 2020          **COTCHETT, PITRE & McCARTHY, LLP**

                                 By:   _/s/ Joseph W. Cotchett_____
                                 JOSEPH W. COTCHETT
                                 EMANUEL B. TOWNSEND
                                 TAMARAH P. PREVOST

                                 *Attorneys for Defendants Masai Ujiri, Toronto Raptors, and Maple Leaf Sports & Entertainment*


## DEMAND FOR JURY TRIAL

Defendants demand trial by jury on all issues so triable.


Dated:  August 19, 2020          **COTCHETT, PITRE & McCARTHY, LLP**

                                 By:   _/s/ Joseph W. Cotchett_____
                                 JOSEPH W. COTCHETT
                                 EMANUEL B. TOWNSEND
                                 TAMARAH P. PREVOST

                                 *Attorneys for Defendants Masai Ujiri, Toronto Raptors, and Maple Leaf Sports & Entertainment*



LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                    13

<u>**COUNTERCLAIMS**</u>

**I.     <u>INTRODUCTION</u>**

1.     Alameda County Sheriff's deputy Alan Strickland is perpetrating a fraud against Masai Ujiri, the Toronto Raptors, the NBA, and the California Division of Workers' Compensation by falsely claiming he was injured during a brief encounter with Toronto Raptors' President, Masai Ujiri, after Game 6 of the NBA Finals.  There is, however, no objective evidence to support Mr. Strickland's alleged injuries and video evidence, including footage from Mr. Strickland's <u>***body camera***</u>,[1] shows Mr. Strickland subjected Mr. Ujiri to an unprovoked and unnecessary use of excessive force.

2.     In fact, Mr. Strickland's version of the **11 second** encounter he had with Mr. Ujiri after Game 6 is, in all material respects, a **<u>complete</u>** fabrication.  Sadly, Mr. Strickland's dishonest account of the encounter is a narrative that has become somewhat familiar:  a law enforcement officer using their position, engages in unjustified violence against a peaceful individual, then lies about the encounter by characterizing the victim as the aggressor.   To be sure, the great majority of law enforcement officers do not conduct themselves in this way.  Mr. Strickland, however, has chosen dishonesty over integrity.  Motivated by greed (and perhaps revenge), Mr. Strickland continues to lie about his encounter with Mr. Ujiri in an attempt to support his frivolous lawsuit.

3.     In this case, Mr. Strickland has not only falsified facts relating to nearly every aspect of the encounter, he has also falsely alleged that Mr. Ujiri has a stereotypical "predisposition and propensity for physical violence."  Mr. Strickland has promulgated disparaging and dehumanizing lies about Mr. Ujiri's character in an attempt to justify Mr. Strickland's wrongdoing.  As discussed below, however, video footage and a number of eyewitness accounts establish that Mr. Ujiri was the victim of Mr. Strickland's intentional conduct and that Mr. Strickland used unnecessary violence and profanity to escalate what should have been a peaceful encounter.

4.     Mr. Strickland has brought a frivolous lawsuit against Mr. Ujiri, the Toronto Raptors, and the NBA claiming he was permanently injured when Mr. Ujiri "punched" him in the face.  This is a lie.  There is no objective medical evidence or other evidence that supports Mr. Strickland's

---

[1] Footage from Mr. Strickland's **<u>Body Camera</u>** and the Oracle Arena security footage are attached hereto as **Exhibit 1** (https://cpmlegal.sharefile.com/d-s8f21d1caa55424ab).

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

1   claim that Mr. Ujiri punched him in the face.  Additionally, three (3) eyewitnesses, all of whom were

2   within mere feet of the encounter, and who can be seen in Mr. Strickland's body camera footage,

3   have declared under penalty of perjury that Mr. Ujiri did not punch or even touch Mr. Strickland's

4   face during the encounter.

5       5.      The fraudulent claims Mr. Strickland seeks to levy against Mr. Ujiri cannot go

6   unanswered.  Mr. Ujiri brings counterclaims against Mr. Strickland for his use of unnecessary force

7   against Mr. Ujiri and other claims.  Through his counterclaims, Mr. Ujiri seeks nominal and punitive

8   damages.

9   **II.    JURISDICTION AND VENUE**

10      6.      This action arises under Title 42 United States Code section 1983.  Jurisdiction is

11  conferred upon this court by Title 28 United States Code sections 1331, 1343 and 1367.  The unlawful

12  acts and practices alleged herein occurred in Alameda County, California, which is within this judicial

13  district. Venue is conferred upon this court by Title 28 United States Code section 1391(b).

14      7.      The Court has supplemental jurisdiction over Counterclaimants' state law claims

15  pursuant to Title 28 United States Code section 1367(a).

16  **III.   PARTIES**

17      8.      At all times herein mentioned, Plaintiff/Counterdefendant Alan Strickland was, and is

18  now, an individual adult natural person residing in the State of California.

19      9.      At all times herein mentioned, Defendant/Counterclaimant Masai Ujiri was, and now is,

20  an individual adult natural person residing in Toronto, Canada.

21  **IV.    FACTUAL ALLEGATIONS**

22      10.     On June 13, 2019, the Toronto Raptors ("Raptors") won their first NBA Championship

23  when they defeated the Golden State Warriors at Oracle Arena in Oakland, California during Game 6

24  of the 2019 NBA Finals.  For Raptors' President, Masai Ujiri, the victory was the realization of a long-

25  held dream he worked tirelessly for many years to achieve.

26      11.     Mr. Ujiri's NBA career began roughly eighteen years ago, when he worked as a youth

27  basketball coach in Nigeria and as an unpaid scout for the NBA's Orlando Magic.  He worked his way

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &
ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                    15

1   up from unpaid scout to become the General Manager of the NBA's Denver Nuggets in 2010, the 2013

2   NBA Executive of the Year, and ultimately the President of the Toronto Raptors.  For the past seventeen

3   years he has spent his summers traversing the African continent holding youth basketball camps and

4   promoting basketball throughout Africa.

5           12.    When the final buzzer sounded indicating the conclusion of Game 6 and solidifying the

6   Raptors' first ever NBA Championship, Mr. Ujiri was filled with excitement and pride for himself and

7   his team.  He was happy for his family as well.  He thought of the young people in Africa and other

8   people of color, and how this extraordinary accomplishment would inspire them to believe they could

9   achieve great things despite the many obstacles they faced.

10          13.    When an NBA team wins the championship, it is customary for NBA executives, like

11  Mr. Ujiri, to join their team on the court to accept the championship trophy from the Commissioner of

12  the NBA and to give a live on-camera interview.  Following the buzzer, Mr. Ujiri walked out to the

13  arena floor from the tunnel where he had watched the final moments of Game 6.  Before heading to

14  join his team on the court, he stopped to embrace his wife who was sitting in the section near the court

15  reserved for the Raptors' families and friends. Mr. Ujiri shared a special moment with his wife and

16  then turned to make his way towards the court where he was to meet the Raptors' players and coaches.

17          A.    **The 11-Second Encounter**

18          14.    As Mr. Ujiri turned from his wife to walk towards the court, he walked past arena

19  security without incident.  As he attempted to make his way onto the court to join his team and fulfill

20  his duties as Raptors' President, however, he encountered Plaintiff/Counterdefendant Alan

21  Strickland.  Alan Strickland, an Alameda County Sheriff's Deputy, was working as a security guard

22  at the game.  As Mr. Ujiri attempted to enter the court, Mr. Strickland grabbed him by the arm, told

23  him to "**back the fuck up**," and forcefully shoved him back once and then twice.  After being cursed

24  at and shoved forcefully twice, Mr. Ujiri pushed Mr. Strickland in the chest.  Other than these shoves,

25  the two men did not have any further physical contact with each other.  The entire encounter between

26  Mr. Strickland and Mr. Ujiri was brief—approximately *11 seconds* as shown on film.

27

28

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &
ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                              16

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

15.     The entire incident was caught on camera.  The video footage shows *Mr. Strickland* was undeniably the initial aggressor.  Mr. Ujiri was immediately escorted to the court where he joined his team, accepted the championship trophy, and gave a live on-camera interview.  Mr. Strickland continued to work the duration of his shift apparently (by all video footage available) unscathed and physically fine.

16.     Mr. Strickland is 6'0" tall and 260 lbs.  Mr. Ujiri is 6'4" tall and 210 lbs.  Mr. Strickland did not fall to the ground when Mr. Ujiri pushed him, and eyewitness testimony, video evidence, and photographic evidence shows that he was not injured after his encounter with Mr. Ujiri. Eyewitness testimony and video evidence also confirm that Mr. Ujiri pushed Mr. Strickland back in the chest with two hands only ***after*** Mr. Strickland assaulted him by shoving him forcefully twice.

17.     As explained further below, video and eyewitness evidence clearly establish that Mr. Strickland used unnecessary and *excessive force* during his encounter with Mr. Ujiri.  Mr. Strickland's two forceful shoves over what should have been a simple misunderstanding, were entirely unjustified.  It is undisputed that Mr. Ujiri, as Raptors' President, was authorized to enter the basketball court to join his team and celebrate his team's victory and the biggest accomplishment of his professional career.  When Mr. Strickland assaulted him, Mr. Ujiri was not violating any rule or acting aggressively.  He was simply trying to join his team on the court for a victory celebration.

18.     Before he reached Mr. Strickland's post, Mr. Ujiri had walked past a number of Oracle Arena security personnel without incident, because he had an <u>all-access credential</u> that allowed him to access virtually every part of Oracle Arena, including the location he was at when he encountered Mr. Strickland.  Because he had walked by so many Oracle Arena security personnel without incident, Mr. Ujiri reasonably assumed he could continue his path to join the Raptors' players and coaches.  Thus, when Mr. Strickland suddenly grabbed Mr. Ujiri's arm, Mr. Ujiri understandably reacted by pulling his arm away.  At that time, Mr. Strickland could have asked Mr. Ujiri to see his credentials.  Instead he forcefully shoved Mr. Ujiri in the chest and told him to "***<u>back the fuck up</u>***." There was no reason to view Mr. Ujiri as a threat to anyone and no reason for Mr. Strickland to curse at Mr. Ujiri and forcefully shove him as numerous witnesses observed.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                                    17

19.     After being shoved and cursed at, Mr. Ujiri did not respond aggressively towards Mr.

Strickland.  Instead, he calmly asked Mr. Strickland why he had pushed him, informed Mr. Strickland

he was the Raptors' President, and held up his all-access arena credential to show it to Mr. Strickland.

Rather than trying to communicate with Mr. Ujiri, Mr. Strickland chose to dismiss Mr. Ujiri's claim

that he was the Raptors' President and ignore the all-access credential Mr. Ujiri was trying to show

him.  Mr. Strickland then forcefully shoved Mr. Ujiri a second time.  Only after being unjustifiably

told to "back the fuck up" and shoved twice did Mr. Ujiri show any response and return a shove to

Mr. Strickland's chest.  Mr. Ujiri's defensive response was a reasonable and justified reaction to Mr.

Strickland's use of unnecessary and excessive force.

**B.      Deputy Strickland Falsifies the Encounter and Attempts to Portray Mr. Ujiri as the Initial Aggressor and an Inherently Violent Individual**

**1.      Strickland's Description of the Encounter Has Already Been Refuted by Testimonial, Video, and Documentary Evidence**

20.     As previously mentioned, Mr. Strickland's version of the brief encounter he had with

Mr. Ujiri is, in all material respects, a complete fabrication.

**a.      Strickland's Claims are Contradicted by Video Footage**

21.     Mr. Strickland contends Mr. Ujiri used his right hand to forcefully slap Mr.

Strickland's left hand as Mr. Ujiri attempted to walk past him.  This is false.[2]  The arena footage

clearly shows Mr. Ujiri simply pulled his right hand away in an upward motion as Mr. Strickland

grabbed him.

22.     Mr. Strickland contends Mr. Ujiri held his credentials out of Mr. Strickland's view and

then waived them *aggressively* in Mr. Strickland's face.  This is false.  The arena footage and

Strickland's body camera footage show Mr. Ujiri held his credential up to show it to Mr. Strickland

while calmly asking Mr. Strickland why he had pushed him and informing Mr. Strickland that he was

the Raptors' President.  *See* Strickland's body camera footage attached hereto as **Exhibit 1**.  The

arena footage shows Mr. Strickland did not look up at Mr. Ujiri's credential.  The body camera

---

[2]  Though discovery is in its infancy, each of the following statements are taken from Mr. Strickland's verified discovery responses.

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

footage shows Mr. Strickland dismissed Mr. Ujiri's claim to be the Raptors' President, and instead forcefully shoved Mr. Ujiri a second time.

23.     Mr. Strickland contends that after he pushed Mr. Ujiri the first time, Mr. Ujiri re-approached him in "a quick and aggressive manner." This is false. The video evidence (arena footage and body camera footage) shows that after Mr. Strickland forcefully shoved Mr. Ujiri the first time, Mr. Ujiri held up his credential to show Mr. Strickland his all-access credential, calmly asked Mr. Strickland why he had pushed him, and calmly informed Mr. Strickland he was the Raptors' President. Mr. Strickland's characterization of "quick and aggressive" is one of many examples of his hyperbole.

24.     Most importantly, Mr. Strickland contends Mr. Ujiri struck him in the face with a highly unorthodox two-fisted, straight arm punch. This is completely false as shown by the video footage and witness statements. To date, Mr. Strickland has provided **_no_** objective evidence that even _remotely_ supports his claim to have been punched in his face. Rather, eyewitness accounts and video evidence establish that Mr. Ujiri did not punch or strike Mr. Strickland in the face. Mr. Strickland's medical records also lack any objective evidence that he sustained a punch/strike to his face.

### b.     <u>Sworn, Credible Witness Declarations Directly Contradict Strickland's False Version of Events</u>

25.     Declarations were obtained from Warriors fans who stood within two to four feet (if not closer) of Mr. Strickland and Mr. Ujiri during the incident. _See_ **Exhibit 2**, attached hereto, as examples. Each of these witnesses were standing so close to the two men so as to appear in Mr. Strickland's **body camera footage**, which is attached hereto as **Exhibit 1**. Each witness has declared <u>unequivocally</u>, under penalty of perjury, that Mr. Strickland first shoved Mr. Ujiri and only after that did Mr. Ujiri then push Mr. Strickland in his <u>chest</u>. For example, Greg Wiener observed the altercation between Mr. Strickland and Mr. Ujiri from "no more than two feet away" and "witnessed Mr. Strickland…push Mr. Ujiri in the chests and Mr. Ujiri subsequently push Mr. Strickland in the

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

chest with two hands," "saw that Mr. Ujiri's hands landed squarely on Mr. Strickland's chest," and

that Mr. Strickland afterwards "**did not appear to be injured**." (emphasis added).

The picture below was taken from Mr. Strickland's body camera and shows just how close

Mr. Wiener was to the altercation:



26.     Similarly, Nancy Pike and Andrew Miller were standing a few feet from the

altercation and similarly have both declared that Mr. Strickland pushed Mr. Ujiri aggressively twice

before he returned a push to Mr. Strickland's chest.  They both unequivocally declared that Mr.

Ujiri's hands **did not touch Mr. Strickland's face** and that Mr. Ujiri **did not have closed fists** when

he pushed Mr. Strickland.  The picture below was taken from Mr. Strickland's body camera and

shows just how close all three witnesses were to the altercation.

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &
ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR

20



27.     The eyewitness accounts of the altercation are entirely consistent with the video evidence, photographic evidence, and medical evidence.  In fact, no one who witnessed the 11 second incident contends they saw Mr. Ujiri strike Mr. Strickland in the face.

28.     There are **no** eyewitness accounts supporting Mr. Strickland's version of the encounter.  Mr. Strickland contends there are two third-party witnesses, Tomas Civindi ("Civindi") and Sucha Singh ("Singh"), who saw Mr. Ujiri punch him in the face with two fists.  This is **FALSE**.

29.     Civindi told the Oakland Police Department ("OPD") that Mr. Ujiri "shoved the police officer in his **chest** and the officer pushed [Mr. Ujiri] in return," <u>not</u> in the face, contradicting Mr. Strickland himself.  Furthermore, Civindi's statement is contradicted by the video evidence, which shows Mr. Strickland forcefully shoved Mr. Ujiri twice before Mr. Ujiri returned a shove to Mr. Strickland's chest.  Civindi's statements do not support Mr. Strickland's case.

30.     Similarly, Singh told the OPD he saw Mr. Ujiri push Mr. Strickland "in the **chest** area with two clenched fists."  Singh also told OPD, however, that he "was standing at the **north** tunnel

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                                                    21

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

1  entrance of the arena" when he witnessed the encounter, but it is undisputed the encounter happened

2  near the **south** tunnel.  Ironically, Singh is a police officer with the Los Angeles Police Department

3  who has a history of engaging in excessive force and "unconscionable acts."  *See Sucha Singh v. City*

4  *of Los Angeles*, No. B232873, 2012 WL 5872285 (Cal.App.2nd Nov. 21, 2012).  He was previously

5  accused of beating a civilian with his baton and then providing misleading statements when later

6  questioned about the incident.  *Id*.  He was subsequently found to have to have engaged in excessive

7  force and "unconscionable" conduct for his actions.  *Id*.  Singh's account of the Strickland/Ujiri

8  encounter is a transparent fabrication and he is not a reliable witness.

9          31.      Additionally, immediately after the altercation, Mr. Strickland told OPD Officer K.

10  Tikkanen that Mr. Ujiri "**pushed**" him "**in his vest** with two hands" and that one of Mr. Ujiri's hands

11  "slipped from the outer vest carrier and hit [him] in the left part of his jaw."  Thus, Mr. Strickland

12  *himself* contradicted his later statements of being punched in the face with a closed fist.[3]  As

13  explained in more detail below, Mr. Strickland has a history of lying, having pled guilty to **insurance**

14  **fraud**.  Mr. Strickland is once again perpetrating a fraud by lying about his encounter with Mr. Ujiri

15  in an attempt to unjustly profit at the expense of others.

16          32.      A few of Mr. Strickland's fellow officers have made various contradictory statements

17  in the media about the 11 second encounter, even though none of them witnessed the encounter.  For

18  example, one day after the incident, Sergeant JD Nelson of the Alameda County Sheriff's Office

19  characterized the encounter as a "shoving match" during which Mr. Ujiri hit Mr. Strickland in the jaw

20  with "a palm."  Similarly, five days after the incident, Sergeant Ray Kelly, also of the County

21  Sheriff's Office, is quoted as saying Mr. Ujiri's arm "arm struck [Mr. Strickland] in the side of the

22  head."  These statements obviously contradict Mr. Strickland's version of the events, which further

23  strain his credibility and show he is putting forth a false narrative in an attempt to justify his use of

24  excessive force against Mr. Ujiri.  Mr. Strickland told his colleagues, who repeated the statements.

25

26

27  _____

[3]  Based on his interviews of Civindi, Singh, and Mr. Strickland, officer Tikkanen concluded that Mr.
28  Ujiri had "pushed [Mr. Strickland] with two hands in the chest" and not punched him in the face.

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &**
**ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                                          22

### c.   There Is No Objective Evidence of Mr. Strickland's Alleged Injuries

33.   There is no objective evidence supporting Mr. Strickland's contention Mr. Ujiri punched him in the face or caused him any other injury.

34.   Mr. Strickland contends he suffered a concussion and injuries to his eye, neck, shoulder, jaw, and teeth as a result of his brief encounter with Mr. Ujiri.  As a result of his alleged injuries, he contends he underwent the following treatment:  dental work/repair; chiropractic care; temporomandibular joint specialist exam; physical therapy (for range of motion for his alleged neck and shoulder pain); psychological counseling; oral surgeon for jaw pain; neurologist (for post-concussion syndrome); and orthopedic surgeon (medical evaluation for surgical treatment options).

35.   To date, there is no objective evidence of Mr. Strickland's alleged injuries.  Instead, Mr. Strickland's alleged injuries are based entirely on his fraudulent claim that he was punched in the face.  In Mr. Strickland's discovery responses, he contends he went to the emergency room at Eden Medical Center approximately <u>five hours</u> after the altercation and that he had "visible swelling" on his "left chin area."  Pictures taken of Mr. Strickland's face shortly after the encounter, however, show he did not have any visible swelling on his face:



LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

36.     Despite the above photograph, Mr. Strickland contends under penalty of perjury in his underlined written discovery responses that he was informed by his medical providers that he sustained "**severe facial bruising**."  As the picture above shows, Mr. Strickland did not sustain any facial bruising during his brief encounter with Mr. Ujiri.

37.     In his discovery responses, Mr. Strickland further contends that although "X-rays were performed and were found negative for fractures or breaks on [his] jaw" he was "diagnosed with *possible* cartilage damage to [his] jaw."  Of course, this diagnosis was based purely on Mr. Strickland's statement that he had been punched in the face and *knocked unconscious* by Mr. Ujiri. As shown by the arena footage, Mr. Strickland did not fall down or experience a loss of consciousness during the altercation: he continued to work for the entire duration of his shift.  His contention that he was knocked *unconscious* is one of his many complete fabrications.

38.     Despite Mr. Strickland's contention that he was punched in the face and knocked unconscious, he was never diagnosed with a concussion or any other head injury.  There is no objective evidence of any of the myriad injuries he contends to have sustained during his brief encounter with Mr. Ujiri.  Mr. Strickland's claimed diagnosis of "post-concussive syndrome" is based solely on his subjective complaints of headaches and outright lie that he was punched in the face.

        **d.**    **Mr. Strickland Has Falsely Alleged Mr. Ujiri Has a Violent Propensity**

39.     In his complaint, as drafted by his attorneys, Mr. Strickland baldly alleges Mr. Ujiri has "engaged in **prior similar criminal conduct** and/or violent conduct towards third parties" and had "a propensity for physical violence" prior to his encounter with Mr. Strickland.  This a complete fabrication[4].  Nothing could be further from the truth.  Mr. Strickland has made these false allegations solely to malign and defame Mr. Ujiri and support a baseless negligent hiring/supervision theory

---

[4] This allegation is written in Plaintiffs' complaint, filed by attorneys David Mastagni, Grant Winter, and Brett Beyler without any substantiation or factual proof of this statement.  It will be dealt with separately by a proper motion.

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR

24

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

against the Raptors and the NBA.  The truth is Mr. Ujiri has an impeccable reputation which he has earned through years of hard work, humility, and charity.

40.     In his discovery responses, Mr. Strickland **admits** he knows of no previous or subsequent occasions where Mr. Ujiri has been violent with anyone.  Despite this, Mr. Strickland nonetheless contends he perceived Mr. Ujiri as a threat the moment he saw him.  This is troubling. As the video evidence shows, Mr. Ujiri approached Mr. Strickland in a calm manner and remained calm even after Mr. Strickland shoved him the first time and cursed at him.  Mr. Ujiri gave no objective signs of being a threat to anyone.  Nonetheless, Mr. Strickland contends that when he first saw Mr. Ujiri, he perceived him as a threat to his safety and the safety of others.

41.     Mr. Strickland's perception is extremely problematic and can only be explained as the product of a personal bias he maintains that led him to stereotype Mr. Ujiri as a threatening and inherently violent individual.  Acting on this bias, Mr. Strickland unjustifiably resorted to the use of violence and vitriol toward Mr. Ujiri rather than civility and respect.

### e.     Strickland Desires to Profit from His Use of Excessive Force

42.     As explained above, Mr. Strickland's claims that he is now permanently disabled as a result of his brief shoving match with Mr. Ujiri are bereft of credibility.  Mr. Strickland's willingness to pursue his frivolous claims through an orchestrated campaign of dishonesty can be explained, however, by his desire for money due to an alleged injury.

43.     Financial gain is the obvious motivation for Mr. Strickland's willingness to falsify the facts about his encounter with Mr. Ujiri.  The same day the Raptors secured their first NBA title and Mr. Ujiri had his unfortunate encounter with Mr. Strickland, reports came out that the NBA's Washington Wizards were preparing to make a prolific offer to Mr. Ujiri in the amount of close to $10 million a year to run basketball operations for the team.  This was talked about in all the press surrounding the final game of the NBA championship. This would have made Mr. Ujiri one of the NBA's highest-paid executives.  In addition, Wizards owner Ted Leonsis was said to offer Ujiri a top role at Monumental Sports and Entertainment, a holding company that oversees business for the Wizards and the NHL's Washington Capitals.  These reports continued over the following two

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &
ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                                    25

1  weeks.  In connection with these reports, it was also reported that at that time Mr. Ujiri had two years

2  remaining on his contract with the Raptors and would receive around $7 million per year.  This was

3  all discussed in the sports press before Mr. Strickland filed his complaint and while his attorneys

4  were drafting his complaint.

5       44.  As explained below, Mr. Strickland has a history of committing fraud for his own

6  financial gain.  Here, reports of Mr. Ujiri's wealth along with the obvious "deep pockets" of the

7  Toronto Raptors and the NBA may have motivated Mr. Strickland to pursue his frivolous and

8  fraudulent claims.

9       **2.**    **Mr. Strickland Has a History of Committing Fraud**

10       45.  Mr. Strickland has a history of committing criminal fraud.  Mr. Strickland was

11  previously charged with insurance fraud and making false statements.  Per court records, he

12  purposefully damaged his own vehicle and then submitted a claim to his insurer for the damage he

13  intentionally caused, and ultimately pled guilty to misdemeanor insurance fraud in December 2005.

14       46.  Despite his criminal conviction, Mr. Strickland continues to make false claims.  For

15  example, Mr. Strickland claims he is suffering from debilitating post-concussive syndrome and neck

16  and shoulder pain because of the incident.  These have already been exposed as dubious.  Photos of

17  Mr. Strickland using a power saw in his garage and carrying boxes from his car <u>after</u> the incident

18  make it clear he is not injured as he has claimed to the California Division of Workers'

19  Compensation.  Attached hereto as **<u>Exhibit 3</u>** is the Case Summary and the complaint filed against

20  Mr. Strickland by the San Mateo County District Attorneys' office. It was filed as a felony fraud

21  claim and he plead guilty to a misdemeanor fraud, including the false claim to an insurance company.

22

23

24

25

26

27  / / /

28

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &
ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                      26

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

1
2
3
4
5
6
7
8
9
10
11



Alan Strickland uses a power saw in his garage. He filed a federal lawsuit against the Toronto Raptors saying he was assaulted and can't return to work. February 2020

12
13
14
15
16
17
18
19
20
21
22
23



Alameda County Sheriff's deputy Alan Strickland, who is on medical leave, carries boxes to his home. February 2020

24      47.     This evidence (along with similar evidence of his untruthfulness also noted herein)

25 show that Mr. Strickland's claims of permanent disability are dishonest and that he is perpetrating a

26 fraud against Mr. Ujiri, the Raptors, the NBA, and the California Division of Workers'

27 Compensation.

28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &
ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                         27

48.     Mr. Strickland has filed a parallel workers' compensation claim, on the basis that the 11 second incident has caused him a **permanent disability** that requires fully paid disability leave while he "recovers" from his purportedly debilitating injuries.  His workers' compensation claims are outright fraudulent and reflect an effort on Mr. Strickland's part to wrongfully receive insurance funds, giving rise to alleged workers' compensation insurance fraud.

### 3.     Sergeant Ray Kelly Pushes Strickland's False Narrative

49.     Sergeant Ray Kelly of the Alameda County Sheriff's Office has pushed the false narrative **in the media** that Mr. Ujiri punched Mr. Strickland in the face and acted aggressively towards Mr. Strickland by, among other things, presenting his credentials to Mr. Strickland in a "very threatening way" **without** witnessing the alleged event.  Sergeant Kelly's support for Mr. Strickland's false narrative is not surprising given his relationship with Mr. Strickland.

50.     Sergeant Ray Kelly and Mr. Strickland are more than just co-workers.  Kelly is Strickland's supervisor, and they are also friends.  Mr. Strickland was deposed in his workers' compensation case and explained his friendship and relationship with Sergeant Kelly:

> **Question:**     Is Sergeant Kelly a friend of yours, or is he in a supervisory capacity for you, or both?
>
> **Answer:**     Both.

51.     Sergeant Kelly's willingness to push a false narrative about Mr. Ujiri to support Mr. Strickland's fraudulent claims appears to be motivated by his friendship with Mr. Strickland and his desire to assist and help Mr. Strickland.

## VI.     COUNTERCLAIMS

### FIRST COUNTERCLAIM

### Fourth Amendment—Excessive Force (42 U.S.C. § 1983)

### (Masai Ujiri against Alan Strickland)

52.     Counterclaimant repeats and re-alleges each and every allegation of this Counterclaim with the same force and effect as if fully set forth herein.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

53.     When the Counterdefendant Alan Strickland forcefully shoved Masai Ujiri twice and told him to "back the fuck up" during an unlawful detention, he deprived Mr. Ujiri of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Mr. Ujiri under the Fourth Amendment to the United States Constitution.

54.     Alan Strickland's actions were excessive and unreasonable, especially because he did not have a lawful basis to believe Masai Ujiri posed an immediate threat to the safety of Alan Strickland or others or that Masai Ujiri was committing a crime or actively resisting detention.

55.     At all times herein relevant, Alan Strickland was an employee of the Alameda County Sheriff's Office.

56.     At all times herein relevant, Alan Strickland acted or purported to act within the course and scope of his employment and under color of law.

57.     In the conduct described above, Alan Strickland acted willfully, wantonly, maliciously, oppressively, and with conscious disregard and deliberate indifference for Masai Ujiri's rights and is therefore liable for punitive damages.

58.     As a legal cause of Alan Strickland's conduct and acts alleged herein, Masai Ujiri was denied his federal constitutional rights, and as a legal cause, he suffered, and continues to suffer humiliation, distress, and anxiety.

62.     Counterclaimant Masai Ujiri seeks nominal damages, punitive damages, and attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Counterclaimant Masai Ujiri prays for relief as hereinafter set forth.

## SECOND COUNTERCLAIM

### Assault

### (Masai Ujiri against Alan Strickland)

63.     Counterclaimant repeats and re-alleges each and every allegation of this Counterclaim with the same force and effect as if fully set forth herein.

64.     Alan Strickland acted, intending to cause harmful or offensive contact.

/ / /

---

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                    29

65.     Masai Ujiri reasonably believed that he was about to be touched in a harmful or offensive manner.

66.     Alan Strickland threatened to harm and touch Masai Ujiri in a harmful or offensive manner.

67.     Alan Strickland's touching was offensive because it offended a reasonable sense of personal dignity.

68.     It reasonably appeared to Masai Ujiri that Alan Strickland was about to carry out the threat.

69.     Masai Ujiri did not consent to Alan Strickland's conduct.

70.     Masai Ujiri was harmed in that Alan Strickland's conduct was a substantial factor in causing Ujiri's harm.

71.     Masai Ujiri seeks nominal damages against Alan Strickland.

WHEREFORE, Counterclaimant Masai Ujiri prays for relief as hereinafter set forth.

## THIRD COUNTERCLAIM

### Battery

### (Masai Ujiri against Alan Strickland)

72.     Counterclaimant repeats and re-alleges each and every allegation in this Counterclaim with the same force and effect as if fully set forth herein.

73.     Alan Strickland touched Masai Ujiri with the intent to harm or offend him.

74.     Masai Ujiri did not consent to the touching.

75.     Masai Ujiri was offended by Alan Strickland's conduct.

76.     A reasonable person in Masai Ujiri's situation would have been offended by the touching.

77.     Masai Ujiri seeks nominal damages against Alan Strickland.

WHEREFORE, Counterclaimant Masai Ujiri prays for relief as hereinafter set forth.

/ / /

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

1

## FOURTH COUNTERCLAIM

2

### Intentional Infliction of Emotional Distress

3

### (Masai Ujiri against Alan Strickland)

4      78.     Counterclaimant repeats and re-alleges each and every allegation of this Counterclaim

5    with the same force and effect as if fully set forth herein.

6      79.     Alan Strickland's conduct was outrageous and intended to cause Masai Ujiri

7    emotional distress.

8      80.     Masai Ujiri suffered emotional distress; and

9      81.     Alan Strickland's conduct was a substantial factor in causing Masai Ujiri's emotional

10   distress.

11     82.     In the conduct described above, Alan Strickland acted willfully, wantonly,

12   maliciously, oppressively, and with conscious disregard and deliberate indifference for Masai Ujiri's

13   rights and is therefore liable for punitive damages.  Accordingly, Masai Ujiri seeks nominal and

14   punitive damages against Alan Strickland.

15     WHEREFORE, Counterclaimant Masai Ujiri prays for relief as hereinafter set forth.

16

17

18

19

20

21

22

23

24

25

26

27   / / /

28

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &
ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                                    31

**PRAYER FOR RELIEF ON COUNTERCLAIMS**

WHEREFORE, Counterclaimant Masai Ujiri prays for relief, as follows:

    1.    For nominal damages according to proof;

    2.    For punitive damages in a sum according to proof;

    4.    For reasonable attorney's fees pursuant to 42 U.S.C. section 1988;

    5.    For cost of suit herein incurred; and

    6.    For such other and further relief as the Court deems just and proper.

Dated:  August 18, 2020        **COTCHETT, PITRE & McCARTHY, LLP**

By:   */s/ Joseph W. Cotchett*
        JOSEPH W. COTCHETT
        EMANUEL B. TOWNSEND
        TAMARAH P. PREVOST

*Attorneys for Defendants Masai Ujiri, Toronto Raptors, and Maple Leaf Sports & Entertainment*

**DEMAND FOR JURY TRIAL ON COUNTERCLAIMS**

Counterclaimant Masai Ujiri hereby demands a jury trial in this action.

Dated:  August 18, 2020        **COTCHETT, PITRE & McCARTHY, LLP**

By:   */s/ Joseph W. Cotchett*
        JOSEPH W. COTCHETT
        EMANUEL B. TOWNSEND
        TAMARAH P. PREVOST

*Attorneys for Defendants Masai Ujiri, Toronto Raptors, and Maple Leaf Sports & Entertainment*

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR        32

# EXHIBIT 1

The body camera footage and Oracle Arena security footage can be accessed using the following link:

https://cpmlegal.sharefile.com/d-s8f21d1caa55424ab

# EXHIBIT 2

1    JOSEPH W. COTCHETT (SBN 36324)
     jcotchett@cpmlegal.com
2    EMANUEL B. TOWNSEND (SBN 305373)
     etownsend@cpmlegal.com
3    TAMARAH PREVOST (SBN 313422)
     tprevost@cpmlegal.com
4    **COTCHETT, PITRE & McCARTHY, LLP**
     840 Malcolm Road
5    Burlingame, CA 94010
     Telephone:  (650) 697-6000
6    Facsimile:   (650) 697-0577

7    *Counsel for Defendants Masai Ujiri, Toronto*
     *Raptors, and Maple Leaf Sports & Entertainment*
8

9                    **UNITED STATES DISTRICT COURT**

10                 **NORTHERN DISTRICT OF CALIFORNIA**

11                           **OAKLAND DIVISION**

12

13   **ALAN STRICKLAND**, an individual; and          Case No. 4:20-cv-000981-YGR
     **KELLY STRICKLAND**, an individual,
14
                                                       **DECLARATION OF GREG WIENER**
15                 Plaintiffs,
                         v.
16
     **1. MASAI UJIRI**, an individual;
17
     **2. TORONTO RAPTORS**, a business entity;
18
     **3. MAPLE LEAF SPORTS &**
19      **ENTERTAINMENT**, a business entity;
20
     **4.  NATIONAL BASKETBALL**
21      **ASSOCIATION, INC.**; and DOES 1
        through 100, inclusive
22
                   Defendants.
23

24

25

26

27

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**DECLARATION OF GREG WIENER**; Case No. 4:20-cv-000981-YGR

I, Greg Wiener, hereby declare:

1.      The statements made herein are of my own personal knowledge and if called upon to testify thereto I could and would do so competently.

2.      On June 13, 2019 I attended Game 6 of the NBA Finals at Oracle Arena in Oakland, California.  When the game ended, I witnessed an altercation between Deputy Strickland and Masai Ujiri.  I witnessed the altercation between Deputy Strickland and Mr. Ujiri from no more than two feet away.  I was standing up when I witnessed the altercation.

3.      I witnessed Deputy Strickland put out his arm and touch Mr. Ujiri.  I witnessed Mr. Ujiri then brush Deputy Strickland's arm away.  I witnessed Deputy Strickland then push Mr. Ujiri in the chest and Mr. Ujiri subsequently push Deputy Strickland in the chest with two hands.  When Mr. Ujiri pushed Deputy Strickland, I saw that Mr. Ujiri's hands landed squarely on Deputy Strickland's chest.  Deputy Strickland did not fall to the ground during the altercation.

4.      After the altercation, Deputy Strickland resumed his post to my immediate left-hand side and did not appear to be injured.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this Ninth day of June, 2020, in Alamo, California.



_____
GREG WIENER

1   JOSEPH W. COTCHETT (SBN 36324)
    jcotchett@cpmlegal.com
2   EMANUEL B. TOWNSEND (SBN 305373)
    etownsend@cpmlegal.com
3   TAMARAH PREVOST (SBN 313422)
    tprevost@cpmlegal.com
4   **COTCHETT, PITRE & McCARTHY, LLP**
    840 Malcolm Road
5   Burlingame, CA 94010
    Telephone:  (650) 697-6000
6   Facsimile:   (650) 697-0577

7   *Counsel for Defendants Masai Ujiri, Toronto*
    *Raptors, and Maple Leaf Sports & Entertainment*

8

9                  **UNITED STATES DISTRICT COURT**

10                 **NORTHERN DISTRICT OF CALIFORNIA**

11                     **OAKLAND DIVISION**

12

13  **ALAN STRICKLAND**, an individual; and          Case No. 4:20-cv-000981-YGR
    **KELLY STRICKLAND**, an individual,
14                                                   **DECLARATION OF NANCY PIKE**
15  Plaintiffs,
                          v.
16
    **1. MASAI UJIRI**, an individual;
17
    **2. TORONTO RAPTORS**, a business entity;
18
    **3. MAPLE LEAF SPORTS &**
19     **ENTERTAINMENT**, a business entity;
20
    **4.  NATIONAL BASKETBALL**
21     **ASSOCIATION, INC.**; and DOES 1
       through 100, inclusive
22
    Defendants.
23

24

25

26

27

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

1   I, Nancy Pike, hereby declare:

2       1.    The statements made herein are of my own personal knowledge and if called upon to

3   testify thereto I could and would do so competently.

4       2.    On June 13, 2019 I attended Game 6 of the NBA Finals at Oracle Arena in Oakland,

5   California ("Game 6").  I watched the game from my seat, which was located in section 7, row A1,

6   seat number 1.  During the fourth quarter, I noticed Alan Strickland stationed at his security post and

7   noticed that he appeared to be angry.  My seat was only a few feet from where Mr. Strickland was

8   stationed during the fourth quarter and immediate conclusion of Game 6.

9       3.    When the game ended, I witnessed an altercation between Mr. Strickland and Masai

10  Ujiri.  I witnessed the altercation between Mr. Strickland and Mr. Ujiri from my seat, which was

11  roughly four feet from where the altercation occurred.  I was standing when I witnessed the

12  altercation.  I attended the game with my friend, Andrew Miller.

13      4.    I witnessed Mr. Strickland push Mr. Ujiri aggressively twice in his chest with two

14  hands and Mr. Ujiri then return a push, with two hands, to Mr. Strickland's chest.  When Mr. Ujiri

15  pushed Mr. Strickland, I saw that his hands touched Mr. Strickland's chest.  Mr. Ujiri's hands did not

16  touch Mr. Strickland's face and Mr. Ujiri did not hit Mr. Strickland with closed fists.

17      5.    Mr. Strickland did not fall to the ground during the altercation and did not appear to be

18  injured after the altercation.

19      I declare under penalty of perjury that the foregoing is true and correct.  Executed this ninth

20  day of June 2020, in Orinda, California.

_____
NANCY PIKE

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

1  JOSEPH W. COTCHETT (SBN 36324)
   jcotchett@cpmlegal.com
2  EMANUEL B. TOWNSEND (SBN 305373)
   etownsend@cpmlegal.com
3  TAMARAH PREVOST (SBN 313422)
   tprevost@cpmlegal.com
4  **COTCHETT, PITRE & McCARTHY, LLP**
   840 Malcolm Road
5  Burlingame, CA 94010
   Telephone:  (650) 697-6000
6  Facsimile:  (650) 697-0577

7  *Counsel for Defendants Masai Ujiri, Toronto*
   *Raptors, and Maple Leaf Sports & Entertainment*
8

9                    **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11                         **OAKLAND DIVISION**

12

13  **ALAN STRICKLAND**, an individual; and        Case No. 4:20-cv-000981-YGR
    **KELLY STRICKLAND**, an individual,
14
15                    Plaintiffs,                  **DECLARATION OF ANDREW MILLER**
                          v.
16
17  1. **MASAI UJIRI**, an individual;
18  2. **TORONTO RAPTORS**, a business entity;
19  3. **MAPLE LEAF SPORTS &**
       **ENTERTAINMENT**, a business entity;
20
21  4.  **NATIONAL BASKETBALL**
        **ASSOCIATION, INC.**; and DOES 1
22      through 100, inclusive
23                    Defendants.
24
25
26
27
28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

1    I, Andrew Miller, hereby declare:

2        1.      The statements made herein are of my own personal knowledge and if called upon to

3    testify thereto I could and would do so competently.

4        2.      On June 13, 2019 I attended Game 6 of the NBA Finals at Oracle Arena in Oakland,

5    California ("Game 6").  I watched the game from my seat, which was located in section 7, row A1,

6    seat number 2.  During the fourth quarter, I noticed Alan Strickland stationed at his security post.  My

7    seat was only a few feet from where Mr. Strickland was stationed during the fourth quarter and

8    immediate conclusion of Game 6.

9        3.      When the game ended, I witnessed an altercation between Mr. Strickland and Mr.

10   Ujiri.  I witnessed the altercation between Mr. Strickland and Mr. Ujiri from my seat, which was

11   roughly four feet from where the altercation occurred.  I was standing when I witnessed the

12   altercation.  I attended the game with my friend, Nancy Pike.

13       4.      I witnessed Mr. Strickland push Mr. Ujiri aggressively twice in his chest with two

14   hands and Mr. Ujiri then return a push, with two hands, to Mr. Strickland's chest.  When Mr. Ujiri

15   pushed Mr. Strickland, I saw that his hands touched Mr. Strickland's chest.  Mr. Ujiri's hands did not

16   touch Mr. Strickland's face and Mr. Ujiri did not hit Mr. Strickland with closed fists.

17       5.      Mr. Strickland did not fall to the ground during the altercation and did not appear to be

18   injured after the altercation.

19       I declare under penalty of perjury that the foregoing is true and correct.  Executed this

20   10th day of June 2020, in San Ramon, California.

21

22

23                                        ANDREW MILLER

24

25

26

27

28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**DECLARATION OF ANDREW MILLER**; Case No. 4:20-cv-000981-YGR                    1

# EXHIBIT 3

1  JAMES P. FOX, DISTRICT ATTORNEY
   County of San Mateo, State of California
2  State Bar No. 45169
   400 County Center, 3rd Floor
3  Redwood City, California 94063
   By: Kathryn Alberti, Deputy
4  Telephone: (650) 363-4636
   Attorney for Plaintiff

5

6

7              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                  IN AND FOR THE COUNTY OF SAN MATEO

   THE PEOPLE OF THE STATE OF CALIFORNIA
9                                                    No. SF342044A
                                    Plaintiff,
10  v.                                               FELONY COMPLAINT

11  ALAN FRANCIS STRICKLAND
    3344 COUNTRYSIDE DRIVE
12  SAN MATEO, CA 94403

                                   Defendant.
13

14       I, the undersigned, say, on information and belief, that in the County of San Mateo, State of California:

15       COUNT 1: VIOLATION OF SECTION 550(a)(1) PENAL CODE, CALIFORNIA:

16  On or about March 31, 1994, in the County of San Mateo, State of California, the crime of Presenting A false

    Or Fraudulent Claim For Payment Of Loss, in violation of Penal Code section 550(a)(1), a Felony, was
17
    committed in that ALAN FRANCIS STRICKLAND did aid, abet, solicit, conspire with another and did
18
    knowingly present and cause to be presented a false and fraudulent claim for the payment of a loss and injury,
19
    including payment of a loss under a contract of insurance.
20
    Dated: October 21, 2005
21

22                                    JAMES P. FOX, District Attorney

23

24                              By: _____
                                     Kathryn Alberti, Deputy
25

CRIMINAL

# CASE SUMMARY
## CASE NO. SF342044A

| | |
|---|---|
| The People of the State of California<br>vs.<br>**ALAN FRANCIS STRICKLAND** | §<br>§<br>§<br>§<br>§<br>§ |

Location: **Criminal**
Filed on: **10/21/2005**
District Attorney Number: **0323685**
DMV Docket Number: **SF42044**

---

### CASE INFORMATION

| Offense | Statute | Deg | Date | Case Type: | Complaint |
|---|---|---|---|---|---|
| Jurisdiction: San Mateo County | | | | | |
| 001.  PC550(A)(1)-FEL-PRESENT FALSE OR<br>FRAUDULENT CLAIM FOR PAYMENT<br>OF LOSS | 550(A)(1) | F | 03/31/1994 | | |
| Charge #: 001   ACN: Unknown | | | | | |
| Arrest:  11/18/2005       IF - Insurance Fraud | | | | | |
| 001.  PC803(C)(1)-ENH-TOLLING STATUTE<br>OF LIMITATIONS | 803(C)(1) | E | 03/31/1994 | | |
| Charge #: 001   Allegation: E01   ACN: Unknown | | | | | |
| Arrest:  11/18/2005       IF - Insurance Fraud | | | | | |
| 002.  PC550(B)(1)-MISD-PERSON TO<br>PRESENT CLAIM WITH FALSE<br>INFORMATION | 550(B)(1) | M | 03/31/1994 | | |
| Charge #: 002   ACN: Unknown | | | | | |
| Arrest:  11/18/2005       IF - Insurance Fraud | | | | | |

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number          SF342044A<br>Court                     Criminal<br>Date Assigned       10/21/2005 |

---

### PARTY INFORMATION

**Plaintiff**          **The People of the State of California**

**Defendant**        **STRICKLAND, ALAN FRANCIS**

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 10/21/2005 | Complaint Filed | |
| 10/21/2005 | Conversion Event<br>*SHNTF:*<br>*FELONY NOTICE TO APPEAR SENT TO DEFENDANT ON 10/21/2005 TO APPEAR ON*<br>*11/21/2005 AT 9:00 A.M. IN SUPERIOR COURT SOUTHERN BRANCH DEPT. PH FOR*<br>*FELONY ARRAIGNMENT .* | |
| 11/18/2005 | Conversion Event<br>*SHRES:*<br>*CASE SHIFTED FROM HEARING ON 11/21/2005 AT 9:00 A.M. IN DEPARTMENT PH OF*<br>*SUPERIOR COURT SOUTHERN BRANCH TO HEARING ON 11/21/2005 AT 9:00 A.M. IN*<br>*DEPARTMENT 43 OF SUPERIOR COURT SOUTHERN BRANCH .* | |
| 11/21/2005 | Conversion Event<br>*HHELD:*<br>*HEARING HELD ON 11/21/05 AT 9:00 A.M. IN SUPERIOR COURT SOUTHERN BRANCH ,*<br>*D- 43 . HON. QUENTIN L KOPP , PRESIDING. CLERK: DAWN ALFONSO . REPORTER:*<br>*LINDA SWANNER . CLERK2: NONE . DEPUTY D.A. HENRY . DEFENSE COUNSEL* | |

*Printed on 03/04/2020 at 2:06 PM*

CRIMINAL

# CASE SUMMARY

## CASE NO. SF342044A

*PRESENT: NONE .*

| | |
|---|---|
| 11/21/2005 | Conversion Event<br>*HHFAR:*<br>*FELONY ARRAIGNMENT* |
| 11/21/2005 | Conversion Event<br>*APWAT:*<br>*DEFENDANT APPEARED WITH ATTORNEY JOHNSON .* |
| 11/21/2005 | Conversion Event<br>*ARWVD:*<br>*ARRAIGNMENT AND ADVICE OF RIGHTS WAIVED.* |
| 11/21/2005 | Conversion Event<br>*PLEDA:*<br>*DEFENDANT ENTERED A PLEA OF NOT GUILTY TO ALL COUNTS.* |
| 11/21/2005 | Conversion Event<br>*CDEEB:*<br>*SPECIAL ALLEGATIONS, AS ALLEGED IN COUNT 1 ALLEGATION 1 , ARE DENIED.* |
| 11/21/2005 | Conversion Event<br>*WTIMA:*<br>*TIME WAIVED FOR PH BY DEFENDANT / COUNSEL.* |
| 11/21/2005 | Conversion Event<br>*CSFRB:*<br>*DEFENDANT IS RELEASED ON O.R.* |
| 11/21/2005 | Conversion Event<br>*SHOTA:*<br>*CASE CONTINUED TO 12/07/2005 AT 1:31 P.M. IN REDWOOD CITY IN DEPT. SR FOR SUPERIOR COURT REVIEW. .* |
| 11/21/2005 | Conversion Event<br>*SHOTA:*<br>*CASE CONTINUED TO 01/11/2006 AT 9:00 A.M. IN REDWOOD CITY IN DEPT. PH FOR PRELIMINARY HEARING. .* |
| 11/21/2005 | Conversion Event<br>*MIENT:*<br>*ENTERED BY DAWN ALFONSO ON 11/21/2005 .* |
| 11/21/2005 | **Plea** (Judicial Officer: SUPERIOR COURT JUDGE, SAN MATEO COUNTY)<br>001. PC550(A)(1)-FEL-PRESENT FALSE OR FRAUDULENT CLAIM FOR PAYMENT OF LOSS<br>      Not Guilty<br>        Charge #: 001   Allegation: |
| 12/06/2005 | Conversion Event<br>*SHRES:*<br>*CASE SHIFTED FROM HEARING ON 12/07/2005 AT 1:31 P.M. IN DEPARTMENT SR OF SUPERIOR COURT SOUTHERN BRANCH TO HEARING ON 12/07/2005 AT 1:31 P.M. IN DEPARTMENT 22 OF SUPERIOR COURT SOUTHERN BRANCH .* |
| 12/07/2005 | Conversion Event<br>*SHRES:*<br>*CASE SHIFTED FROM HEARING ON 12/07/2005 AT 1:31 P.M. IN DEPARTMENT 22 OF SUPERIOR COURT SOUTHERN BRANCH TO HEARING ON 12/07/2005 AT 1:31 P.M. IN DEPARTMENT 24 OF SUPERIOR COURT SOUTHERN BRANCH .* |

CRIMINAL
# CASE SUMMARY
## CASE NO. SF342044A

| 12/07/2005 | Conversion Event |
| | HHELD: |
| | *HEARING HELD ON 12/07/05 AT 1:31 P.M. IN SUPERIOR COURT SOUTHERN BRANCH , D- 24 . HON. STEPHEN M HALL , JUDGE , PRESIDING. CLERK: LESLIE WISE . REPORTER: CHRISTINA HERNANDEZ . CLERK2: MARTIN KING . DEPUTY D.A. LYNCH . DEFENSE COUNSEL PRESENT: BRAMY/JOHNSON .* |
| 12/07/2005 | Conversion Event |
| | HHSCR: |
| | *SUPERIOR COURT REVIEW* |
| 12/07/2005 | Conversion Event |
| | APWAT: |
| | *DEFENDANT APPEARED WITH ATTORNEY BRAMY/JOHNSON .* |
| 12/07/2005 | Conversion Event |
| | CDEEC: |
| | *SPECIAL ALLEGATIONS, AS ALLEGED IN COUNT 1 ALLEGATION 1 , ARE STRICKEN.* |
| 12/07/2005 | Conversion Event |
| | AMCDF: |
| | *COMPLAINT AMENDED ORALLY.* |
| 12/07/2005 | Conversion Event |
| | AMABC: |
| | *COMPLAINT AMENDED TO ADD COUNT 2 : MISDEMEANOR, VIOLATION OF PC 550 (B)(1) , ON MOTION OF THE PROSECUTION.* |
| 12/07/2005 | Conversion Event |
| | WRAAB: |
| | *ARRAIGNMENT WAIVED ON THE AMENDED COMPLAINT.* |
| 12/07/2005 | Conversion Event |
| | PLPLF: |
| | *DEFENDANT ENTERED A PLEA OF NOLO CONTENDERE TO COUNT 2 IN AMENDED COMPLAINT.* |
| 12/07/2005 | Conversion Event |
| | FDWOR: |
| | *DEFENDANT IS ADVISED OF, UNDERSTANDS, AND KNOWINGLY AND VOLUNTARILY WAIVES ALL THE FOLLOWING RIGHTS: WAIVES THE RIGHT TO COUNSEL; TO TRIAL BY JURY; TO CONFRONT AND CROSS-EXAMINE ADVERSE WITNESSES; THE PRIVILEGE AGAINST SELF-INCRIMINATION. THE COURT FINDS THAT THE DEFENDANT UNDERSTANDS THE NATURE OF THE CHARGES, THE ELEMENTS OF THE OFFENSE, THE DEFENSE THERETO, THE CONSEQUENCES OF PLEAS AND THE RANGE OF PENALTIES THERETO. WAIVER OF RIGHTS SIGNED.* |
| 12/07/2005 | Conversion Event |
| | CDFAD: |
| | *COUNT 1 DISMISSED ON MOTION OF THE PROSECUTION. REASON FOR DISMISSAL OR DISCHARGE: NEGOTIATED PLEA.* |
| 12/07/2005 | Conversion Event |
| | WTSTB: |
| | *TIME WAIVED FOR SENTENCING.* |
| 12/07/2005 | Conversion Event |
| | MIVPH: |
| | *PRELIMINARY HEARING SET ON 01/11/2006 AT 9:00 A.M. ORDERED VACATED.* |
| 12/07/2005 | Conversion Event |
| | SESCB: |

*Printed on 03/04/2020 at 2:06 PM*

# CRIMINAL
# CASE SUMMARY
## CASE NO. SF342044A

| | |
|---|---|
| | *COUNT 2 IMPOSITION OF SENTENCE SUSPENDED. DEFENDANT IS PLACED ON COURT PROBATION FOR 2 YEARS; 0 MONTHS; 0 DAYS.* |
| 12/07/2005 | Conversion Event<br>*SECJL:*<br>*AS TO COUNT 2 , DEFENDANT TO SERVE 0 YEAR(S), 0 MONTH(S), 1 DAY(S), 0 HOUR (S) IN THE COUNTY JAIL.* |
| 12/07/2005 | Conversion Event<br>*SECTS:*<br>*CREDIT FOR TIME SERVED OF 1 DAYS PLUS 0 DAYS GOOD AND WORK TIME FOR A TOTAL OF 1 DAYS.* |
| 12/07/2005 | Conversion Event<br>*SETSS:*<br>*DEFENDANT IS SENTENCED TO TIME SERVED.* |
| 12/07/2005 | Conversion Event<br>*SEPFX:*<br>*TOTAL FINE AMOUNT PAYABLE, INCLUDING ALL ASSESSMENTS, IS $810.00 .* |
| 12/07/2005 | Conversion Event<br>*SERET:*<br>*DEFENDANT ORDERED TO PAY $110.00 TO STATE RESTITUTION FUND. THIS PAYMENT IS A CONDITION OF PROBATION* |
| 12/07/2005 | Conversion Event<br>*SEPFY:*<br>*DEFENDANT TO PAY FINE AND ASSESSMENTS AS DIRECTED BY REVENUE SERVICES OR PROBATION DEPARTMENT.* |
| 12/07/2005 | Conversion Event<br>*SEOAL:*<br>*OBEY ALL LAWS. FOLLOW ALL ORDERS OF THE COURT/PROBATION OFFICER AND REPORT AS DIRECTED. NOTIFY THE COURT/ PROBATION OFFICER IMMEDIATELY OF ANY CHANGE OF RESIDENCE ADDRESS.* |
| 12/07/2005 | Conversion Event<br>*SECRR:*<br>*DEFENDANT ORDERED TO MAKE RESTITUTION FOR DAMAGES AS TO COUNT 2 IN THE AMOUNT OF $2,359.23 PLUS A TEN PERCENT (10%) ADMINISTRATIVE FEE.* |
| 12/07/2005 | Conversion Event<br>*SECRF:*<br>*DEFENDANT TO PAY RESTITUTION THROUGH REVENUE SERVICES.* |
| 12/07/2005 | Conversion Event<br>*SECRH:*<br>*VICTIM'S NAME IS STATE FARM INSURANCE .* |
| 12/07/2005 | Conversion Event<br>*SEACP:*<br>*DEFENDANT ACCEPTED TERMS AND CONDITIONS OF PROBATION.* |
| 12/07/2005 | Conversion Event<br>*MIASE:*<br>*ALL SENTENCE ELEMENTS FOR THIS PROCEEDING ENTERED.* |
| 12/07/2005 | Conversion Event<br>*MIENT:*<br>*ENTERED BY M.KING ON 12/07/2005 .* |
| 12/07/2005 | |

*Printed on 03/04/2020 at 2:06 PM*

# CRIMINAL
# CASE SUMMARY
## CASE NO. SF342044A

| | |
|---|---|
| | **Disposition**<br>001. PC550(A)(1)-FEL-PRESENT FALSE OR FRAUDULENT CLAIM FOR PAYMENT OF LOSS<br>    Dismissal: Negotiated Plea<br>      Charge #: 001   Allegation: |
| 12/07/2005 | **Disposition**<br>001. PC803(C)(1)-ENH-TOLLING STATUTE OF LIMITATIONS<br>    Stricken<br>      Charge #: 001   Allegation: E01 |
| 12/07/2005 | **Plea** (Judicial Officer: SUPERIOR COURT JUDGE, SAN MATEO COUNTY)<br>002. PC550(B)(1)-MISD-PERSON TO PRESENT CLAIM WITH FALSE INFORMATION<br>    No Contest / Nolo Contendere<br>      Charge #: 002   Allegation: |
| 12/12/2005 | Conversion Event<br>    *MIPPB:*<br>    *PARTIAL PAYMENT THROUGH REVENUE SERVICES OF $35.00 REMAINING BALANCE IS $.00 .* |
| 12/12/2005 | Conversion Event<br>    *MIPPB:*<br>    *PARTIAL PAYMENT THROUGH REVENUE SERVICES OF $885.00 REMAINING BALANCE IS $35.00 .* |
| 12/12/2005 | Conversion Event<br>    *MIPIF:*<br>    *FINE PAID IN FULL THROUGH REVENUE SERVICES.* |
| 07/14/2006 | Conversion Event<br>    *MISEN:*<br>    *FILE SENT TO DEPT 8/LESLIE* |
| 07/14/2006 | Conversion Event<br>    *SHSCC:*<br>    *MATTER CONTINUED TO 07/18/2006 AT 9:00 A.M. IN SCRWC COURT, D- 8 FOR MODIFICATION OF SENTENCE .* |
| 07/18/2006 | Conversion Event<br>    *FDOTH:*<br>    *ORDER THAT DEFENDANT'S PROBATION IS TERMINATED AS OF JULY 18, 2006 PER HON MARK R. FORCUM.* |
| 07/18/2006 | Conversion Event<br>    *HHELD:*<br>    *HEARING HELD ON 07/18/06 AT 9:00 A.M. IN SUPERIOR COURT SOUTHERN BRANCH , D- 8 . HON. MARK R FORCUM, JUDGE , PRESIDING. CLERK: LESLIE SCHNEIDER . REPORTER: VALERIE CATHEY . CLERK2: NONE . DEPUTY D.A. GALLAGHER . DEFENSE COUNSEL PRESENT: JOHNSON .* |
| 07/18/2006 | Conversion Event<br>    *HHMOD:*<br>    *MODIFICATION OF SENTENCE* |
| 07/18/2006 | Conversion Event<br>    *APWAT:*<br>    *DEFENDANT APPEARED WITH ATTORNEY JOHNSON .* |

*Printed on 03/04/2020 at 2:06 PM*

CRIMINAL
# CASE SUMMARY
## CASE NO. SF342044A

| | |
|---|---|
| 07/18/2006 | Conversion Event<br>*OTHER:*<br>*FINE AND FEES/RESTITUTION HAS BEEN PAID.* |
| 07/18/2006 | Conversion Event<br>*OTHER:*<br>*1203.4 PETITION AND ORDER ARE SIGNED* |
| 07/18/2006 | Conversion Event<br>*PROBB:*<br>*PROBATION IS REVOKED.* |
| 07/18/2006 | Conversion Event<br>*PROBG:*<br>*PROBATION IS TERMINATED.* |
| 07/18/2006 | Conversion Event<br>*MIASE:*<br>*ALL SENTENCE ELEMENTS FOR THIS PROCEEDING ENTERED.* |
| 07/18/2006 | Conversion Event<br>*MIENT:*<br>*ENTERED BY LSCHNEIDER ON 07/18/2006 .* |
| 07/19/2006 | Conversion Event<br>*MISEN:*<br>*FILE SENT TO DEPT 25 FOR 1203.4* |
| 07/21/2006 | Conversion Event<br>*MIRFL:*<br>*FILE RETURNED TO CLERK'S OFFICE.* |
| 07/24/2006 | Conversion Event<br>*FDPDC:*<br>*PETITION TO DISMISS COUNT 2 PURSUANT TO SECTION 1203.4/1203.4A PENAL CODE FILED.* |
| 07/24/2006 | Conversion Event<br>*FDCOM:*<br>*ORDER GRANTING AND DISMISSING COUNT 2 PURSUANT TO SECTION 1203.4/1203.4A PENAL CODE, FILED.* |
| 07/24/2006 | Conversion Event<br>*OTHER:*<br>*AMENDED CII SENT TO DEPARTMENT OF JUSTICE* |
| 07/24/2006 | Conversion Event<br>*FDACI:*<br>*AMENDED CII FORWARDED TO ARRESTING AGENCY.* |
| 07/24/2006 | Conversion Event<br>*FDCII:*<br>*CII FORWARDED TO ARRESTING AGENCY.* |
| 07/24/2006 | **Disposition**<br>002. PC550(B)(1)-MISD-PERSON TO PRESENT CLAIM WITH FALSE INFORMATION<br>    Dismissal: 1203.4<br>      Charge #: 002   Allegation: |

1  JOSEPH W. COTCHETT (SBN 36324)
   jcotchett@cpmlegal.com
2  EMANUEL B. TOWNSEND (SBN 305373)
   etownsend@cpmlegal.com
3  TAMARAH P. PREVOST (SBN 313422)
   tprevost@cpmlegal.com
4  **COTCHETT, PITRE & McCARTHY, LLP**
   840 Malcolm Road
5  Burlingame, CA 94010
   Telephone:  (650) 697-6000
6  Facsimile:  (650) 697-0577

7  *Attorneys for Defendants Masai Ujiri, Toronto Raptors,*
   *and Maple Leaf Sports & Entertainment*

8

9

10                 **UNITED STATES DISTRICT COURT**

11                 **NORTHERN DISTRICT OF CALIFORNIA**

12                         **OAKLAND DIVISION**

13  **ALAN STRICKLAND**, an individual; and        **Case No. 4:20-cv-000981-YGR**
    **KELLY STRICKLAND**, an individual,
14
                                                  **DEFENDANTS MASAI UJIRI,**
15              Plaintiffs,                        **TORONTO RAPTORS, AND**
                                                  **MAPLE LEAF SPORTS &**
16         v.                                     **ENTERTAINMENT'S AMENDED**
                                                  **JOINT ANSWER AND**
17  1. **MASAI UJIRI**, an individual;            **COUNTERCLAIM OF UJIRI**
    2. **TORONTO RAPTORS**, a business entity;
18  3. **MAPLE LEAF SPORTS &**                    **DEMAND FOR JURY TRIAL**
       **ENTERTAINMENT**, a business entity;
19  4. **NATIONAL BASKETBALL**
       **ASSOCIATION, INC.**; and DOES 1
20     through 100, inclusive
21              Defendants.
22  ─────────────────────────────────
23  **MASAI UJIRI**, an individual,
24                  Defendant/Counterclaimant,
25         v.
26  **ALAN STRICKLAND**, an individual,
27                  Plaintiff/Counterdefendant.
28  ──────────────────────────────────────────────────

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &**
**ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM OF UJIRI;**
Case No. 4:20-cv-00981-YGR

1

## <u>TABLE OF CONTENTS</u>

2                                                                                          Page No.

3  **DEFENDANTS' JOINT ANSWER**

4  **I.        DEFENDANTS' INTRODUCTORY STATEMENT** ..........................................................1

5  **II.       PLAINTIFFS' COMPLAINT** ...................................................................................................2

6            PARTIES ...............................................................................................................................2

7            JURISDICITON AND VENUE .............................................................................................3

8            FACTS COMMON TO ALL CAUSES OF ACTION............................................................3

9  **III.      CAUSES OF ACTION** .........................................................................................................5

10           FIRST CAUSE OF ACTION .................................................................................................5

11           SECOND CAUSE OF ACTION ............................................................................................6

12           THIRD CAUSE OF ACTION ................................................................................................7

13           FOURTH CAUSE OF ACTION ............................................................................................8

14           FIFTH CAUSE OF ACTION .................................................................................................9

15           SIXTH CAUSE OF ACTION ................................................................................................9

16           PRAYER FOR RELIEF ......................................................................................................10

17 **IV.       DEFENDANTS' AFFIRMATIVE DEFENSES** ...............................................................10

18           FIRST AFFIRMATIVE DEFENSE ....................................................................................10

19           SECOND AFFIRMATIVE DEFENSE ................................................................................10

20           THIRD AFFIRMATIVE DEFENSE ...................................................................................11

21           FOURTH AFFIRMATIVE DEFENSE ...............................................................................11

22           FIFTH AFFIRMATIVE DEFENSE ....................................................................................11

23           SIXTH AFFIRMATIVE DEFENSE ....................................................................................11

24           SEVENTH AFFIRMATIVE DEFENSE .............................................................................11

25           EIGHTH AFFIRMATIVE DEFENSE .................................................................................11

26           NINTH AFFIRMATIVE DEFENSE ...................................................................................12

27           TENTH AFFIRMATIVE DEFENSE ...................................................................................12

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &**
**ENTERTAINMENT'S <span style="color:red">AMENDED JOINT ANSWER AND COUNTERCLAIM</span>;**
Case No. 4:20-cv-000981-YGR                                                                i

ELEVENTH AFFIRMATIVE DEFENSE ...................................................................... 12

ADDITIONAL DEFENSES ........................................................................................ 12

V.   **DEFENDANTS' PRAYER FOR RELIEF** ............................................ 13

**DEMAND FOR JURY TRIAL** ........................................................................ 13

**COUNTERCLAIMS** ...................................................................................... 14

**DEFENDANTS' COUNTERCLAIMS**

I.   **INTRODUCTION** .............................................................................. 14

II.  **JURISDICTION AND VENUE** ............................................................ 15

III. **PARTIES** ......................................................................................... 15

IV.  **FACTUAL ALLEGATIONS** ................................................................ 15

     A.   The 11-Second Encounter ........................................................... 16

     B.   Deputy Strickland Falsifies the Encounter and Attempts to Portray Mr. Ujiri as the
          Initial Aggressor and an Inherently Violent Individual ........................ 18

          1.   Strickland's Description of the Encounter Has Already Been Refuted by
               Testimonial, Video, and Documentary Evidence ......................... 18

          2.   Mr. Strickland Has a History of Committing Fraud ....................... 26

          3.   Sergeant Ray Kelly Pushes Strickland's False Narrative ............... 26

VI.  **COUNTERCLAIMS** ........................................................................... 28

     FIRST COUNTERCLAIM
     Fourth Amendment—Excessive Force
     (42 U.S.C. § 1983)
     (Masai Ujiri against Alan Strickland) .......................................... 28

     SECOND COUNTERCLAIM
     Assault
     (Masai Ujiri against Alan Strickland) .......................................... 29

     THIRD COUNTERCLAIM
     Battery
     (Masai Ujiri against Alan Strickland) .......................................... 30

     FOURTH COUNTERCLAIM
     Intentional Infliction of Emotional Distress
     (Masai Ujiri against Alan Strickland) .......................................... 31

**PRAYER FOR RELIEF ON COUNTERCLAIMS** ............................................ 32

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &
ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                                          ii

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

1

**DEMAND FOR JURY TRIAL ON COUNTERCLAIMS**............................................................32

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

1   Defendants Masai Ujiri, Toronto Raptors, and Maple Leaf Sports & Entertainment (collectively

2   referred to herein as "Defendants") by and through their undersigned counsel, in response to the

3   Complaint of Alan Strickland and Kelly Strickland ("Plaintiffs") answer Plaintiffs' Complaint

4   ("Complaint") as follows:

5   ## I.      DEFENDANTS' INTRODUCTORY STATEMENT

6       1.      Masai Ujiri is President of Basketball Operations ("President") for the Toronto Raptors

7   ("Raptors").   On June 13, 2019, the Raptors defeated the Golden State Warriors in Game 6 of the

8   National Basketball Association ("NBA") Finals, at Oracle Arena in Oakland, California.  By winning

9   Game 6, the Raptors were crowned NBA champions.

10      2.      When an NBA team wins the championship, it is customary for NBA executives, like

11  Mr. Ujiri, to join their team on the court to accept the championship trophy from the Commissioner of

12  the NBA and to give a live on-camera interview.  On June 13, 2019, Mr. Ujiri watched the game's final

13  moments from the tunnel that leads to the players' locker room at Oracle Arena.  He then walked from

14  the tunnel out to the arena floor where he met and embraced his wife who was sitting in the section

15  reserved for the Raptors' family and friends.   After embracing his wife, Mr. Ujiri then proceeded

16  towards the court where he expected to meet the Raptors' players and coaches.

17      3.      As Mr. Ujiri attempted to make his way onto the court to join his team and fulfill his

18  duties as Raptors' President, he encountered Plaintiff Alan Strickland.  Mr. Strickland was working as

19  a security guard at the game.  As Mr. Ujiri attempted to enter the court, Mr. Strickland assaulted him,

20  forcefully shoving him back once and then twice.  Mr. Ujiri then shoved Mr. Strickland in the chest.

21  Other than the shoves, the two men did not have any further physical contact with each other.  The

22  entire encounter between Mr. Strickland and Mr. Ujiri was brief.  Mr. Ujiri was eventually escorted to

23  the court where he joined his team, accepted the championship trophy, and gave a live on camera

24  interview.

25

26

27  / / /

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &
ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                      1

## II.      PLAINTIFFS' COMPLAINT

### PARTIES

6.      Answering the allegations contained in Paragraph 1 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

7.      Answering the allegations contained in Paragraph 2 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

8.      Answering the allegations contained in Paragraph 3 of the Complaint, Defendants admit that Masai Ujiri is an individual adult and natural person residing in Toronto, Canada.

9.      Answering the allegations contained in Paragraph 4 of the Complaint, Defendants admit the Toronto Raptors are a business entity.  Defendants further admit the Toronto Raptors has its principal place of business in Canada.

10.     Answering the allegations contained in Paragraph 5 of the Complaint, Defendants admit Maple Leaf Sports & Entertainment is a business entity.  Defendants further admit Maple Leaf Sports & Entertainment has its principal place of business in Canada.

11.     Answering the allegations contained in Paragraph 6 of the Complaint, Defendants admit the National Basketball Association is a membership association that operates a professional basketball league consisting of thirty members and their member teams, with its principal place of business in New York, New York.

12.     Answering the allegations contained in Paragraph 7 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

13.     Answering the allegations contained in Paragraph 8 of the Complaint, Defendants deny each and every allegation contained therein.

14.     Answering the allegations contained in Paragraph 9 of the Complaint, Defendants deny each and every allegation contained therein.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

15.     Answering the allegations contained in Paragraph 10 of the Complaint, Defendants deny each and every allegation contained therein.

## JURISDICITON AND VENUE

16.     Answering the allegations contained in Paragraph 11 of the Complaint, Defendants deny the amount in controversy exceeds the value of $75,000.00.  Defendants further aver they did not cause any injury or damage to Plaintiffs, and therefore, the amount in controversy is zero.

17.     Answering the allegations contained in Paragraph 12 of the Complaint, Defendants deny the Northern District of California is the proper venue for this matter because the amount in controversy is zero.

## FACTS COMMON TO ALL CAUSES OF ACTION

18.     Answering the allegations contained in Paragraph 13 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 12, inclusive, as though fully set forth herein.

19.     Answering the allegations contained in Paragraph 14 of the Complaint, Defendants deny each and every allegation contained therein.

20.     Answering the allegations contained in Paragraph 15 of the Complaint, Defendants deny Plaintiffs sustained any personal injuries or damages arising from an incident involving Plaintiff Alan Strickland and any of the Defendants named in the Complaint.  Defendants admit Masai Ujiri encountered Plaintiff Alan Strickland at or around 9:00 P.M. on June 13, 2019 at Oracle Arena in Oakland, California.

21.     Answering the allegations contained in Paragraph 16 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

22.     Answering the allegations contained in Paragraph 17 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

23.     Answering the allegations contained in Paragraph 18 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

24.     Answering the allegations contained in Paragraph 19 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

25.     Answering the allegations contained in Paragraph 20 of the Complaint, Defendants admit Masai Ujiri was wearing a suit and necktie when he encountered Plaintiff Alan Strickland on June 13, 2019 at Oracle Arena.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 20.

26.     Answering the allegations contained in Paragraph 21 of the Complaint, Defendants deny each and every allegation contained therein.

27.     Answering the allegations contained in Paragraph 22 of the Complaint, Defendants deny each and every allegation contained therein.

28.     Answering the allegations contained in Paragraph 23 of the Complaint, Defendants deny each and every allegation contained therein.

29.     Answering the allegations contained in Paragraph 24 of the Complaint, Defendants deny each and every allegation contained therein.

30.     Answering the allegations contained in Paragraph 25 of the Complaint, Defendants deny each and every allegation contained therein.

31.     Answering the allegations contained in Paragraph 26 of the Complaint, Defendants deny each and every allegation contained therein.

32.     Answering the allegations contained in Paragraph 27 of the Complaint, Defendants deny each and every allegation contained therein.

33.     Answering the allegations contained in Paragraph 28 of the Complaint, Defendants deny each and every allegation contained therein.

LAW OFFICES
Cotchett, Pitre &
McCarthy, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                    4

34.     Answering the allegations contained in Paragraph 29 of the Complaint, Defendants deny each and every allegation contained therein.

35.     Answering the allegations contained in Paragraph 30 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

36.     Answering the allegations contained in Paragraph 31 of the Complaint, Defendants deny each and every allegation contained therein.

### III.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(Assault — Plaintiff ALAN STRICKLAND Against All Defendants,

Including DOES 1 through 100)

37.     Answering the allegations contained in Paragraph 32 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 31, inclusive, as though fully set forth herein.

38.      Answering the allegations contained in Paragraph 33 of the Complaint, Defendants deny each and every allegation contained therein.

39.     Answering the allegations contained in Paragraph 34 of the Complaint, Defendants deny each and every allegation contained therein.

40.     Answering the allegations contained in Paragraph 35 of the Complaint, Defendants deny each and every allegation contained therein.

41.     Answering the allegations contained in Paragraph 36 of the Complaint, Defendants deny each and every allegation contained therein.

42.     Answering the allegations contained in Paragraph 37 of the Complaint, Defendants deny each and every allegation contained therein.

43.     Answering the allegations contained in Paragraph 38 of the Complaint, Defendants deny each and every allegation contained therein.

LAW OFFICES
Cotchett, Pitre &
McCarthy, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR

5

44.     Answering the allegations contained in Paragraph 39 of the Complaint, Defendants deny each and every allegation contained therein.

## SECOND CAUSE OF ACTION

(Battery — Plaintiff ALAN STRICKLAND Against All Defendants,

Including DOES 1 through 100)

45.     Answering the allegations contained in Paragraph 40 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 39, inclusive, as though fully set forth herein.

46.      Answering the allegations contained in Paragraph 41 of the Complaint, Defendants deny each and every allegation contained therein.

47.     Answering the allegations contained in Paragraph 42 of the Complaint, Defendants deny each and every allegation contained therein.

48.     Answering the allegations contained in Paragraph 43 of the Complaint, Defendants deny each and every allegation contained therein.

49.     Answering the allegations contained in Paragraph 44 of the Complaint, Defendants deny each and every allegation contained therein.

50.     Answering the allegations contained in Paragraph 45 of the Complaint, Defendants deny each and every allegation contained therein.

51.     Answering the allegations contained in Paragraph 46 of the Complaint, Defendants deny each and every allegation contained therein.

52.     Answering the allegations contained in Paragraph 47 of the Complaint, Defendants deny each and every allegation contained therein.

/ / /

LAW OFFICES
Cotchett, Pitre &
McCarthy, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                                 6

**THIRD CAUSE OF ACTION**

(Intentional Infliction of Emotional Distress — Plaintiff ALAN STRICKLAND Against All

Defendants,

Including DOES 1 through 100)

53.     Answering the allegations contained in Paragraph 48 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 47, inclusive, as though fully set forth herein.

54.     Answering the allegations contained in Paragraph 49 of the Complaint, Defendants deny each and every allegation contained therein.

55.     Answering the allegations contained in Paragraph 50 of the Complaint, Defendants deny each and every allegation contained therein.

56.     Answering the allegations contained in Paragraph 51 of the Complaint, Defendants deny each and every allegation contained therein.

57.     Answering the allegations contained in Paragraph 52 of the Complaint, Defendants deny each and every allegation contained therein.

58.     Answering the allegations contained in Paragraph 53 of the Complaint, Defendants deny each and every allegation contained therein.

59.     Answering the allegations contained in Paragraph 54 of the Complaint, Defendants deny each and every allegation contained therein.

60.     Answering the allegations contained in Paragraph 55 of the Complaint, Defendants deny each and every allegation contained therein.

61.     Answering the allegations contained in Paragraph 56 of the Complaint, Defendants deny each and every allegation contained therein.

62.     Answering the allegations contained in Paragraph 57 of the Complaint, Defendants deny each and every allegation contained therein.

/ / /

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;
Case No. 4:20-cv-000981-YGR                                                          7

**FOURTH CAUSE OF ACTION**

(Negligence — Plaintiff ALAN STRICKLAND Against MASAI UJIRI,

Including DOES 1 through 100)

63.     Answering the allegations contained in Paragraph 58 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 57, inclusive, as though fully set forth herein.

64.      Answering the allegations contained in Paragraph 59 of the Complaint, Defendants deny each and every allegation contained therein.

65.     Answering the allegations contained in Paragraph 60 of the Complaint, Defendants deny each and every allegation contained therein.

66.     Answering the allegations contained in Paragraph 61 of the Complaint, Defendants deny each and every allegation contained therein.

67.     Answering the allegations contained in Paragraph 62 of the Complaint, Defendants deny each and every allegation contained therein.

68.     Answering the allegations contained in Paragraph 63 of the Complaint, Defendants deny each and every allegation contained therein.

69.     Answering the allegations contained in Paragraph 64 of the Complaint, Defendants deny each and every allegation contained therein.

70.     Answering the allegations contained in Paragraph 65 of the Complaint, Defendants deny each and every allegation contained therein.

71.     Answering the allegations contained in Paragraph 66 of the Complaint, Defendants deny each and every allegation contained therein.

/ / /

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                                 8

**FIFTH CAUSE OF ACTION**

(Negligence — Plaintiff ALAN STRICKLAND Against MASAI UJIRI, TORONTO RAPTORS, MAPLE LEAF SPORTS & ENTERTAINMENT, NATIONAL BASKETBALL ASSOCIATION, INC., Including DOES 1 through 100)

72.     Answering the allegations contained in Paragraph 67 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 66, inclusive, as though fully set forth herein.

73.      Answering the allegations contained in Paragraph 68 of the Complaint, Defendants deny each and every allegation contained therein.

74.     Answering the allegations contained in Paragraph 69 of the Complaint, Defendants deny each and every allegation contained therein.

75.     Answering the allegations contained in Paragraph 70 of the Complaint, Defendants deny each and every allegation contained therein.

76.     Answering the allegations contained in Paragraph 71 of the Complaint, Defendants deny each and every allegation contained therein.

77.     Answering the allegations contained in Paragraph 72 of the Complaint, Defendants deny each and every allegation contained therein.

78.     Answering the allegations contained in Paragraph 73 of the Complaint, Defendants deny each and every allegation contained therein.

79.     Answering the allegations contained in Paragraph 74 of the Complaint, Defendants deny each and every allegation contained therein.

**SIXTH CAUSE OF ACTION**

(Loss of Consortium — Plaintiff KELLY STRICKLAND Against All Defendants, Including DOES 1 through 100)

80.     Answering the allegations contained in Paragraph 75 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 74, inclusive, as though fully set forth herein.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                                 9

81.     Answering the allegations contained in Paragraph 76 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

82.     Answering the allegations contained in Paragraph 77 of the Complaint, Defendants deny each and every allegation contained therein.

## PRAYER FOR RELIEF

83.     Answering the allegations contained in Paragraph 78 of the Complaint, Defendants deny Plaintiffs are entitled to any relief sought in their prayer for relief.

84.     To the extent not expressly admitted, denied, or qualified above, Defendants deny each and every remaining allegation of Plaintiffs' Complaint.

## IV.     DEFENDANTS' AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, Defendants do not agree or concede they bear the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part. For their Affirmative Defenses to the Complaint, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

## (Failure to State a Claim)

Plaintiffs' Complaint, on one or more claims for relief set forth therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

## (Lack of Subject Matter Jurisdiction)

The claims made in the Complaint are barred, in whole or in part, because the Court lacks subject matter jurisdiction over Plaintiffs' claims.  Defendants have not caused Plaintiff any injury and therefore Plaintiffs cannot establish the amount in controversy exceeds $75,000.00 as required to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

/ / /

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                      10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRD AFFIRMATIVE DEFENSE

### (Self Defense)

The claims made in the Complaint are barred, in whole or in part, because Defendant Masai Ujiri was acting in self-defense when he made physical contact with Plaintiff Alan Strickland and therefore Defendants are not responsible for Plaintiffs' alleged harm.

## FOURTH AFFIRMATIVE DEFENSE

### (Primary Assumption of Risk)

The claims made in the Complaint are barred, in whole or in part, because Plaintiff Alan Strickland's alleged injuries arose from a risk inherent in the occupation of security guard.

## FIFTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

The claims made in the Complaint are barred, in whole or in part, because Plaintiff Alan Strickland's own negligence contributed to his alleged harm.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

The claims made in the Complaint are barred, in whole or in part, because Plaintiffs have waived their right, if any, to pursue the claims in the Complaint, and each purported cause of action contained therein, by reason of Plaintiffs' own actions and course of conduct.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The claims made in the Complaint are barred, in whole or in part, because of Plaintiffs' failure to mitigate damages, if such damages exist.

## EIGHTH AFFIRMATIVE DEFENSE

### (Acts of Plaintiff)

The damages, if any, that were allegedly sustained by Plaintiffs as a result of the acts complained of in the Complaint were caused in whole or in part or were contributed to by reason of the

**LAW OFFICES**
**COTCHETT, PITRE &**
**MCCARTHY, LLP**

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &**
**ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                          11

acts, omissions, negligence, and/or intentional misconduct of Plaintiffs, its agents, predecessors, and/or related entities.

### NINTH AFFIRMATIVE DEFENSE

### (No Causation)

The claims made in the Complaint are barred, in whole or in part, because Plaintiffs' damages, if any, were not caused by Defendants.

### TENTH AFFIRMATIVE DEFENSE

### (No Damage)

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The claims made in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

### ADDITIONAL DEFENSES

Defendants reserve the right to assert additional defenses based on information learned or obtained during discovery.

/ / /



LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR

12

1

## V.       DEFENDANTS' PRAYER FOR RELIEF

2       WHEREFORE, Defendants pray this Court enter judgment as follows:

3       1.       That Plaintiffs take nothing by their Complaint;

4       2.       For judgment in favor of Defendants; and

5       4.       For such other and further relief as this Court deems just and proper; including

6               costs and any other monies to which Defendants are entitled.

7

8   Dated: August 19, 2020            **COTCHETT, PITRE & McCARTHY, LLP**

9                                     By:  */s/ Joseph W. Cotchett*

10                                         JOSEPH W. COTCHETT
                                           EMANUEL B. TOWNSEND

11                                         TAMARAH P. PREVOST

12                                         *Attorneys for Defendants Masai Ujiri, Toronto Raptors,*
                                           *and Maple Leaf Sports & Entertainment*

13

14

15                                   **DEMAND FOR JURY TRIAL**

16       Defendants demand trial by jury on all issues so triable.

17

18   Dated: August 19, 2020           **COTCHETT, PITRE & McCARTHY, LLP**

19                                     By:  */s/ Joseph W. Cotchett*

20                                         JOSEPH W. COTCHETT
                                           EMANUEL B. TOWNSEND

21                                         TAMARAH P. PREVOST

22                                         *Attorneys for Defendants Masai Ujiri, Toronto Raptors,*
                                           *and Maple Leaf Sports & Entertainment*

23

24

25

26

27

28


LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &
ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                        13

**COUNTERCLAIMS**

**I.     INTRODUCTION**

1.      Alameda County Sheriff's deputy Alan Strickland is perpetrating a fraud against Masai Ujiri, the Toronto Raptors, the NBA, and the California Division of Workers' Compensation by falsely claiming he was injured during a brief encounter with Toronto Raptors' President, Masai Ujiri, after Game 6 of the NBA Finals.  There is, however, no objective evidence to support Mr. Strickland's alleged injuries and video evidence, including footage from Mr. Strickland's ***body camera***,[1] shows Mr. Strickland subjected Mr. Ujiri to an unprovoked and unnecessary use of excessive force.

2.      In fact, Mr. Strickland's version of the **11 second** encounter he had with Mr. Ujiri after Game 6 is, in all material respects, a **complete** fabrication.  Sadly, Mr. Strickland's dishonest account of the encounter is a narrative that has become somewhat familiar:  a law enforcement officer using their position, engages in unjustified violence against a peaceful individual, then lies about the encounter by characterizing the victim as the aggressor.   To be sure, the great majority of law enforcement officers do not conduct themselves in this way.  Mr. Strickland, however, has chosen dishonesty over integrity.  Motivated by greed (and perhaps revenge), Mr. Strickland continues to lie about his encounter with Mr. Ujiri in an attempt to support his frivolous lawsuit.

3.      In this case, Mr. Strickland has not only falsified facts relating to nearly every aspect of the encounter, he has also falsely alleged that Mr. Ujiri has a stereotypical "predisposition and propensity for physical violence."  Mr. Strickland has promulgated disparaging and dehumanizing lies about Mr. Ujiri's character in an attempt to justify Mr. Strickland's wrongdoing.  As discussed below, however, video footage and a number of eyewitness accounts establish that Mr. Ujiri was the victim of Mr. Strickland's intentional conduct and that Mr. Strickland used unnecessary violence and profanity to escalate what should have been a peaceful encounter.

4.      Mr. Strickland has brought a frivolous lawsuit against Mr. Ujiri, the Toronto Raptors, and the NBA claiming he was permanently injured when Mr. Ujiri "punched" him in the face.  This is a lie.  There is no objective medical evidence or other evidence that supports Mr. Strickland's

---

[1] Footage from Mr. Strickland's **Body Camera** and the Oracle Arena security footage are attached hereto as **Exhibit 1** (https://cpmlegal.sharefile.com/d-s8f21d1caa55424ab).

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                          14

1   claim that Mr. Ujiri punched him in the face.  Additionally, three (3) eyewitnesses, all of whom were

2   within mere feet of the encounter, and who can be seen in Mr. Strickland's body camera footage,

3   have declared under penalty of perjury that Mr. Ujiri did not punch or even touch Mr. Strickland's

4   face during the encounter.

5          5.      The fraudulent claims Mr. Strickland seeks to levy against Mr. Ujiri cannot go

6   unanswered.  Mr. Ujiri brings counterclaims against Mr. Strickland for his use of unnecessary force

7   against Mr. Ujiri and other claims.  Through his counterclaims, Mr. Ujiri seeks nominal and punitive

8   damages.

9   **II.    JURISDICTION AND VENUE**

10         6.      This action arises under Title 42 United States Code section 1983.  Jurisdiction is

11  conferred upon this court by Title 28 United States Code sections 1331, 1343 and 1367.  The unlawful

12  acts and practices alleged herein occurred in Alameda County, California, which is within this judicial

13  district. Venue is conferred upon this court by Title 28 United States Code section 1391(b).

14         7.      The Court has supplemental jurisdiction over Counterclaimants' state law claims

15  pursuant to Title 28 United States Code section 1367(a).

16  **III.    PARTIES**

17         8.      At all times herein mentioned, Plaintiff/Counterdefendant Alan Strickland was, and is

18  now, an individual adult natural person residing in the State of California.

19         9.      At all times herein mentioned, Defendant/Counterclaimant Masai Ujiri was, and now is,

20  an individual adult natural person residing in Toronto, Canada.

21  **IV.    FACTUAL ALLEGATIONS**

22         10.     On June 13, 2019, the Toronto Raptors ("Raptors") won their first NBA Championship

23  when they defeated the Golden State Warriors at Oracle Arena in Oakland, California during Game 6

24  of the 2019 NBA Finals.  For Raptors' President, Masai Ujiri, the victory was the realization of a long-

25  held dream he worked tirelessly for many years to achieve.

26         11.     Mr. Ujiri's NBA career began roughly eighteen years ago, when he worked as a youth

27  basketball coach in Nigeria and as an unpaid scout for the NBA's Orlando Magic.  He worked his way

28

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                          15

1  up from unpaid scout to become the General Manager of the NBA's Denver Nuggets in 2010, the 2013

2  NBA Executive of the Year, and ultimately the President of the Toronto Raptors.  For the past seventeen

3  years he has spent his summers traversing the African continent holding youth basketball camps and

4  promoting basketball throughout Africa.

5       12.    When the final buzzer sounded indicating the conclusion of Game 6 and solidifying the

6  Raptors' first ever NBA Championship, Mr. Ujiri was filled with excitement and pride for himself and

7  his team.  He was happy for his family as well.  He thought of the young people in Africa and other

8  people of color, and how this extraordinary accomplishment would inspire them to believe they could

9  achieve great things despite the many obstacles they faced.

10       13.    When an NBA team wins the championship, it is customary for NBA executives, like

11  Mr. Ujiri, to join their team on the court to accept the championship trophy from the Commissioner of

12  the NBA and to give a live on-camera interview.  Following the buzzer, Mr. Ujiri walked out to the

13  arena floor from the tunnel where he had watched the final moments of Game 6.  Before heading to

14  join his team on the court, he stopped to embrace his wife who was sitting in the section near the court

15  reserved for the Raptors' families and friends. Mr. Ujiri shared a special moment with his wife and

16  then turned to make his way towards the court where he was to meet the Raptors' players and coaches.

17  **A.    The 11-Second Encounter**

18       14.    As Mr. Ujiri turned from his wife to walk towards the court, he walked past arena

19  security without incident.  As he attempted to make his way onto the court to join his team and fulfill

20  his duties as Raptors' President, however, he encountered Plaintiff/Counterdefendant Alan

21  Strickland.  Alan Strickland, an Alameda County Sheriff's Deputy, was working as a security guard

22  at the game.  As Mr. Ujiri attempted to enter the court, Mr. Strickland grabbed him by the arm, told

23  him to "**back the fuck up**," and forcefully shoved him back once and then twice.  After being cursed

24  at and shoved forcefully twice, Mr. Ujiri pushed Mr. Strickland in the chest.  Other than these shoves,

25  the two men did not have any further physical contact with each other.  The entire encounter between

26  Mr. Strickland and Mr. Ujiri was brief—approximately ***11 seconds*** as shown on film.

27

28

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR           16

15.     The entire incident was caught on camera.  The video footage shows *Mr. Strickland* was undeniably the initial aggressor.  Mr. Ujiri was immediately escorted to the court where he joined his team, accepted the championship trophy, and gave a live on-camera interview.  Mr. Strickland continued to work the duration of his shift apparently (by all video footage available) unscathed and physically fine.

16.     Mr. Strickland is 6'0" tall and 260 lbs.  Mr. Ujiri is 6'4" tall and 210 lbs.  Mr. Strickland did not fall to the ground when Mr. Ujiri pushed him, and eyewitness testimony, video evidence, and photographic evidence shows that he was not injured after his encounter with Mr. Ujiri.  Eyewitness testimony and video evidence also confirm that Mr. Ujiri pushed Mr. Strickland back in the chest with two hands only ***after*** Mr. Strickland assaulted him by shoving him forcefully twice.

17.     As explained further below, video and eyewitness evidence clearly establish that Mr. Strickland used unnecessary and *excessive force* during his encounter with Mr. Ujiri.  Mr. Strickland's two forceful shoves over what should have been a simple misunderstanding, were entirely unjustified.  It is undisputed that Mr. Ujiri, as Raptors' President, was authorized to enter the basketball court to join his team and celebrate his team's victory and the biggest accomplishment of his professional career.  When Mr. Strickland assaulted him, Mr. Ujiri was not violating any rule or acting aggressively.  He was simply trying to join his team on the court for a victory celebration.

18.     Before he reached Mr. Strickland's post, Mr. Ujiri had walked past a number of Oracle Arena security personnel without incident, because he had an all-access credential that allowed him to access virtually every part of Oracle Arena, including the location he was at when he encountered Mr. Strickland.  Because he had walked by so many Oracle Arena security personnel without incident, Mr. Ujiri reasonably assumed he could continue his path to join the Raptors' players and coaches.  Thus, when Mr. Strickland suddenly grabbed Mr. Ujiri's arm, Mr. Ujiri understandably reacted by pulling his arm away.  At that time, Mr. Strickland could have asked Mr. Ujiri to see his credentials.  Instead he forcefully shoved Mr. Ujiri in the chest and told him to "***back the fuck up***."  There was no reason to view Mr. Ujiri as a threat to anyone and no reason for Mr. Strickland to curse at Mr. Ujiri and forcefully shove him as numerous witnesses observed.

---

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                                      17

19.     After being shoved and cursed at, Mr. Ujiri did not respond aggressively towards Mr. Strickland.  Instead, he calmly asked Mr. Strickland why he had pushed him, informed Mr. Strickland he was the Raptors' President, and held up his all-access arena credential to show it to Mr. Strickland. Rather than trying to communicate with Mr. Ujiri, Mr. Strickland chose to dismiss Mr. Ujiri's claim that he was the Raptors' President and ignore the all-access credential Mr. Ujiri was trying to show him.  Mr. Strickland then forcefully shoved Mr. Ujiri a second time.  Only after being unjustifiably told to "back the fuck up" and shoved twice did Mr. Ujiri show any response and return a shove to Mr. Strickland's chest.  Mr. Ujiri's defensive response was a reasonable and justified reaction to Mr. Strickland's use of unnecessary and excessive force.

**B.      Deputy Strickland Falsifies the Encounter and Attempts to Portray Mr. Ujiri as the Initial Aggressor and an Inherently Violent Individual**

**1.      Strickland's Description of the Encounter Has Already Been Refuted by Testimonial, Video, and Documentary Evidence**

20.     As previously mentioned, Mr. Strickland's version of the brief encounter he had with Mr. Ujiri is, in all material respects, a complete fabrication.

**a.      Strickland's Claims are Contradicted by Video Footage**

21.     Mr. Strickland contends Mr. Ujiri used his right hand to forcefully slap Mr. Strickland's left hand as Mr. Ujiri attempted to walk past him.  This is false.[2]  The arena footage clearly shows Mr. Ujiri simply pulled his right hand away in an upward motion as Mr. Strickland grabbed him.

22.     Mr. Strickland contends Mr. Ujiri held his credentials out of Mr. Strickland's view and then waived them *aggressively* in Mr. Strickland's face.  This is false.  The arena footage and Strickland's body camera footage show Mr. Ujiri held his credential up to show it to Mr. Strickland while calmly asking Mr. Strickland why he had pushed him and informing Mr. Strickland that he was the Raptors' President.  *See* Strickland's body camera footage attached hereto as **Exhibit 1**.  The arena footage shows Mr. Strickland did not look up at Mr. Ujiri's credential.  The body camera

---

[2]  Though discovery is in its infancy, each of the following statements are taken from Mr. Strickland's verified discovery responses.



**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                          18

footage shows Mr. Strickland dismissed Mr. Ujiri's claim to be the Raptors' President, and instead forcefully shoved Mr. Ujiri a second time.

23.     Mr. Strickland contends that after he pushed Mr. Ujiri the first time, Mr. Ujiri re-approached him in "a quick and aggressive manner."  This is false.  The video evidence (arena footage and body camera footage) shows that after Mr. Strickland forcefully shoved Mr. Ujiri the first time, Mr. Ujiri held up his credential to show Mr. Strickland his all-access credential, calmly asked Mr. Strickland why he had pushed him, and calmly informed Mr. Strickland he was the Raptors' President.  Mr. Strickland's characterization of "quick and aggressive" is one of many examples of his hyperbole.

24.     Most importantly, Mr. Strickland contends Mr. Ujiri struck him in the face with a highly unorthodox two-fisted, straight arm punch.  This is completely false as shown by the video footage and witness statements.  To date, Mr. Strickland has provided *no* objective evidence that even *remotely* supports his claim to have been punched in his face.  Rather, eyewitness accounts and video evidence establish that Mr. Ujiri did not punch or strike Mr. Strickland in the face.  Mr. Strickland's medical records also lack any objective evidence that he sustained a punch/strike to his face.

**b.     Sworn, Credible Witness Declarations Directly Contradict Strickland's False Version of Events**

25.     Declarations were obtained from Warriors fans who stood within two to four feet (if not closer) of Mr. Strickland and Mr. Ujiri during the incident.  *See* **Exhibit 2**, attached hereto, as examples.  Each of these witnesses were standing so close to the two men so as to appear in Mr. Strickland's **body camera footage**, which is attached hereto as **Exhibit 1**.  Each witness has declared unequivocally, under penalty of perjury, that Mr. Strickland first shoved Mr. Ujiri and only after that did Mr. Ujiri then push Mr. Strickland in his chest.  For example, Greg Wiener observed the altercation between Mr. Strickland and Mr. Ujiri from "no more than two feet away" and "witnessed Mr. Strickland…push Mr. Ujiri in the chests and Mr. Ujiri subsequently push Mr. Strickland in the

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR

chest with two hands," "saw that Mr. Ujiri's hands landed squarely on Mr. Strickland's chest," and that Mr. Strickland afterwards "**did not appear to be injured**." (emphasis added).

The picture below was taken from Mr. Strickland's body camera and shows just how close Mr. Wiener was to the altercation:



26. Similarly, Nancy Pike and Andrew Miller were standing a few feet from the altercation and similarly have both declared that Mr. Strickland pushed Mr. Ujiri aggressively twice before he returned a push to Mr. Strickland's chest. They both unequivocally declared that Mr. Ujiri's hands **did not touch Mr. Strickland's face** and that Mr. Ujiri **did not have closed fists** when he pushed Mr. Strickland. The picture below was taken from Mr. Strickland's body camera and shows just how close all three witnesses were to the altercation.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP



27.    The eyewitness accounts of the altercation are entirely consistent with the video evidence, photographic evidence, and medical evidence.  In fact, no one who witnessed the 11 second incident contends they saw Mr. Ujiri strike Mr. Strickland in the face.

28.    There are **no** eyewitness accounts supporting Mr. Strickland's version of the encounter.  Mr. Strickland contends there are two third-party witnesses, Tomas Civindi ("Civindi") and Sucha Singh ("Singh"), who saw Mr. Ujiri punch him in the face with two fists.  This is **FALSE**.

29.    Civindi told the Oakland Police Department ("OPD") that Mr. Ujiri "shoved the police officer in his **chest** and the officer pushed [Mr. Ujiri] in return," not in the face, contradicting Mr. Strickland himself.  Furthermore, Civindi's statement is contradicted by the video evidence, which shows Mr. Strickland forcefully shoved Mr. Ujiri twice before Mr. Ujiri returned a shove to Mr. Strickland's chest.  Civindi's statements do not support Mr. Strickland's case.

30.    Similarly, Singh told the OPD he saw Mr. Ujiri push Mr. Strickland "in the **chest** area with two clenched fists."  Singh also told OPD, however, that he "was standing at the **north** tunnel

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                                                        21

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

1    entrance of the arena" when he witnessed the encounter, but it is undisputed the encounter happened

2    near the **south** tunnel.  Ironically, Singh is a police officer with the Los Angeles Police Department

3    who has a history of engaging in excessive force and "unconscionable acts."  *See Sucha Singh v. City*

4    *of Los Angeles*, No. B232873, 2012 WL 5872285 (Cal.App.2nd Nov. 21, 2012).  He was previously

5    accused of beating a civilian with his baton and then providing misleading statements when later

6    questioned about the incident.  *Id.*  He was subsequently found to have to have engaged in excessive

7    force and "unconscionable" conduct for his actions.  *Id.*  Singh's account of the Strickland/Ujiri

8    encounter is a transparent fabrication and he is not a reliable witness.

9        31.    Additionally, immediately after the altercation, Mr. Strickland told OPD Officer K.

10   Tikkanen that Mr. Ujiri "**pushed**" him "**in his vest** with two hands" and that one of Mr. Ujiri's hands

11   "slipped from the outer vest carrier and hit [him] in the left part of his jaw."  Thus, Mr. Strickland

12   *himself* contradicted his later statements of being punched in the face with a closed fist.[3]  As

13   explained in more detail below, Mr. Strickland has a history of lying, having pled guilty to **insurance**

14   **fraud**.  Mr. Strickland is once again perpetrating a fraud by lying about his encounter with Mr. Ujiri

15   in an attempt to unjustly profit at the expense of others.

16       32.    A few of Mr. Strickland's fellow officers have made various contradictory statements

17   in the media about the 11 second encounter, even though none of them witnessed the encounter.  For

18   example, one day after the incident, Sergeant JD Nelson of the Alameda County Sheriff's Office

19   characterized the encounter as a "shoving match" during which Mr. Ujiri hit Mr. Strickland in the jaw

20   with "a palm."  Similarly, five days after the incident, Sergeant Ray Kelly, also of the County

21   Sheriff's Office, is quoted as saying Mr. Ujiri's arm "arm struck [Mr. Strickland] in the side of the

22   head."  These statements obviously contradict Mr. Strickland's version of the events, which further

23   strain his credibility and show he is putting forth a false narrative in an attempt to justify his use of

24   excessive force against Mr. Ujiri.  Mr. Strickland told his colleagues, who repeated the statements.

25

26

27   ───────────────────
     [3]  Based on his interviews of Civindi, Singh, and Mr. Strickland, officer Tikkanen concluded that Mr.
     Ujiri had "pushed [Mr. Strickland] with two hands in the chest" and not punched him in the face.

28

---

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &
ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                    22

### c.      There Is No Objective Evidence of Mr. Strickland's Alleged Injuries

33.      There is no objective evidence supporting Mr. Strickland's contention Mr. Ujiri punched him in the face or caused him any other injury.

34.      Mr. Strickland contends he suffered a concussion and injuries to his eye, neck, shoulder, jaw, and teeth as a result of his brief encounter with Mr. Ujiri.  As a result of his alleged injuries, he contends he underwent the following treatment:  dental work/repair; chiropractic care; temporomandibular joint specialist exam; physical therapy (for range of motion for his alleged neck and shoulder pain); psychological counseling; oral surgeon for jaw pain; neurologist (for post-concussion syndrome); and orthopedic surgeon (medical evaluation for surgical treatment options).

35.      To date, there is no objective evidence of Mr. Strickland's alleged injuries.  Instead, Mr. Strickland's alleged injuries are based entirely on his fraudulent claim that he was punched in the face.  In Mr. Strickland's discovery responses, he contends he went to the emergency room at Eden Medical Center approximately five hours after the altercation and that he had "visible swelling" on his "left chin area."  Pictures taken of Mr. Strickland's face shortly after the encounter, however, show he did not have any visible swelling on his face:



---

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR

36.     Despite the above photograph, Mr. Strickland contends under penalty of perjury in his verified written discovery responses that he was informed by his medical providers that he sustained **"severe facial bruising."**  As the picture above shows, Mr. Strickland did not sustain any facial bruising during his brief encounter with Mr. Ujiri.

37.     In his discovery responses, Mr. Strickland further contends that although "X-rays were performed and were found negative for fractures or breaks on [his] jaw" he was "diagnosed with *possible* cartilage damage to [his] jaw."  Of course, this diagnosis was based purely on Mr. Strickland's statement that he had been punched in the face and *knocked unconscious* by Mr. Ujiri.  As shown by the arena footage, Mr. Strickland did not fall down or experience a loss of consciousness during the altercation: he continued to work for the entire duration of his shift.  His contention that he was knocked *unconscious* is one of his many complete fabrications.

38.     Despite Mr. Strickland's contention that he was punched in the face and knocked unconscious, he was never diagnosed with a concussion or any other head injury.  There is no objective evidence of any of the myriad injuries he contends to have sustained during his brief encounter with Mr. Ujiri.  Mr. Strickland's claimed diagnosis of "post-concussive syndrome" is based solely on his subjective complaints of headaches and outright lie that he was punched in the face.

#### d.     Mr. Strickland Has Falsely Alleged Mr. Ujiri Has a Violent Propensity

39.     In his complaint, as drafted by his attorneys, Mr. Strickland baldly alleges Mr. Ujiri has "engaged in **prior similar criminal conduct** and/or violent conduct towards third parties" and had "a propensity for physical violence" prior to his encounter with Mr. Strickland.  This a complete fabrication[4].  Nothing could be further from the truth.  Mr. Strickland has made these false allegations solely to malign and defame Mr. Ujiri and support a baseless negligent hiring/supervision theory

---

[4] This allegation is written in Plaintiffs' complaint, filed by attorneys David Mastagni, Grant Winter, and Brett Beyler without any substantiation or factual proof of this statement.  It will be dealt with separately by a proper motion.



LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**

1  against the Raptors and the NBA.  The truth is Mr. Ujiri has an impeccable reputation which he has

2  earned through years of hard work, humility, and charity.

3      40.    In his discovery responses, Mr. Strickland **admits** he knows of no previous or

4  subsequent occasions where Mr. Ujiri has been violent with anyone.  Despite this, Mr. Strickland

5  nonetheless contends he perceived Mr. Ujiri as a threat the moment he saw him.  This is troubling.

6  As the video evidence shows, Mr. Ujiri approached Mr. Strickland in a calm manner and remained

7  calm even after Mr. Strickland shoved him the first time and cursed at him.  Mr. Ujiri gave no

8  objective signs of being a threat to anyone.  Nonetheless, Mr. Strickland contends that when he first

9  saw Mr. Ujiri, he perceived him as a threat to his safety and the safety of others.

10     41.    Mr. Strickland's perception is extremely problematic and can only be explained as the

11  product of a personal bias he maintains that led him to stereotype Mr. Ujiri as a threatening and

12  inherently violent individual.  Acting on this bias, Mr. Strickland unjustifiably resorted to the use of

13  violence and vitriol toward Mr. Ujiri rather than civility and respect.

14                **e.    Strickland Desires to Profit from His Use of Excessive Force**

15     42.    As explained above, Mr. Strickland's claims that he is now permanently disabled as a

16  result of his brief shoving match with Mr. Ujiri are bereft of credibility.  Mr. Strickland's willingness

17  to pursue his frivolous claims through an orchestrated campaign of dishonesty can be explained,

18  however, by his desire for money due to an alleged injury.

19     43.    Financial gain is the obvious motivation for Mr. Strickland's willingness to falsify the

20  facts about his encounter with Mr. Ujiri.  The same day the Raptors secured their first NBA title and

21  Mr. Ujiri had his unfortunate encounter with Mr. Strickland, reports came out that the NBA's

22  Washington Wizards were preparing to make a prolific offer to Mr. Ujiri in the amount of close to

23  $10 million a year to run basketball operations for the team.  This was talked about in all the press

24  surrounding the final game of the NBA championship. This would have made Mr. Ujiri one of the

25  NBA's highest-paid executives.  In addition, Wizards owner Ted Leonis was said to offer Ujiri a top

26  role at Monumental Sports and Entertainment, a holding company that oversees business for the

27  Wizards and the NHL's Washington Capitals.  These reports continued over the following two

28

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &
ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                                 25

1  weeks.  In connection with these reports, it was also reported that at that time Mr. Ujiri had two years

2  remaining on his contract with the Raptors and would receive around $7 million per year.  This was

3  all discussed in the sports press before Mr. Strickland filed his complaint and while his attorneys

4  were drafting his complaint.

5      44.    As explained below, Mr. Strickland has a history of committing fraud for his own

6  financial gain.  Here, reports of Mr. Ujiri's wealth along with the obvious "deep pockets" of the

7  Toronto Raptors and the NBA may have motivated Mr. Strickland to pursue his frivolous and

8  fraudulent claims.

9              **2.    Mr. Strickland Has a History of Committing Fraud**

10     45.    Mr. Strickland has a history of committing criminal fraud.  Mr. Strickland was

11 previously charged with insurance fraud and making false statements.  Per court records, he

12 purposefully damaged his own vehicle and then submitted a claim to his insurer for the damage he

13 intentionally caused, and ultimately pled guilty to misdemeanor insurance fraud in December 2005.

14     46.    Despite his criminal conviction, Mr. Strickland continues to make false claims.  For

15 example, Mr. Strickland claims he is suffering from debilitating post-concussive syndrome and neck

16 and shoulder pain because of the incident.  These have already been exposed as dubious.  Photos of

17 Mr. Strickland using a power saw in his garage and carrying boxes from his car after the incident

18 make it clear he is not injured as he has claimed to the California Division of Workers'

19 Compensation.  Attached hereto as **Exhibit 3** is the Case Summary and the complaint filed against

20 Mr. Strickland by the San Mateo County District Attorneys' office. It was filed as a felony fraud

21 claim and he plead guilty to a misdemeanor fraud, including the false claim to an insurance company.

22

23

24

25

26

27  / / /

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

1
2
3
4
5
6
7
8
9
10
11



Alan Strickland uses a power saw in his garage. He filed a federal lawsuit against the Toronto Raptors saying he was assaulted and can't return to work. February 2020

12
13
14
15
16
17
18
19
20
21
22
23



Alameda County Sheriff's deputy Alan Strickland, who is on medical leave, carries boxes to his home. February 2020

24    47.    This evidence (along with similar evidence of his untruthfulness also noted herein)

25  show that Mr. Strickland's claims of permanent disability are dishonest and that he is perpetrating a

26  fraud against Mr. Ujiri, the Raptors, the NBA, and the California Division of Workers'

27  Compensation.

28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS &
ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                    27

48.     Mr. Strickland has filed a parallel workers' compensation claim, on the basis that the 11 second incident has caused him a **permanent disability** that requires fully paid disability leave while he "recovers" from his purportedly debilitating injuries.  His workers' compensation claims are outright fraudulent and reflect an effort on Mr. Strickland's part to wrongfully receive insurance funds, giving rise to alleged workers' compensation insurance fraud.

### 3.     Sergeant Ray Kelly Pushes Strickland's False Narrative

49.     Sergeant Ray Kelly of the Alameda County Sheriff's Office has pushed the false narrative **in the media** that Mr. Ujiri punched Mr. Strickland in the face and acted aggressively towards Mr. Strickland by, among other things, presenting his credentials to Mr. Strickland in a "very threatening way" **without** witnessing the alleged event.  Sergeant Kelly's support for Mr. Strickland's false narrative is not surprising given his relationship with Mr. Strickland.

50.     Sergeant Ray Kelly and Mr. Strickland are more than just co-workers.  Kelly is Strickland's supervisor, and they are also friends.  Mr. Strickland was deposed in his workers' compensation case and explained his friendship and relationship with Sergeant Kelly:

> **Question:**     Is Sergeant Kelly a friend of yours, or is he in a supervisory capacity for you, or both?
>
> **Answer:**     Both.

51.     Sergeant Kelly's willingness to push a false narrative about Mr. Ujiri to support Mr. Strickland's fraudulent claims appears to be motivated by his friendship with Mr. Strickland and his desire to assist and help Mr. Strickland.

## VI.     COUNTERCLAIMS

### FIRST COUNTERCLAIM

### Fourth Amendment—Excessive Force (42 U.S.C. § 1983)

### (Masai Ujiri against Alan Strickland)

52.     Counterclaimant repeats and re-alleges each and every allegation of this Counterclaim with the same force and effect as if fully set forth herein.

---



LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S** AMENDED JOINT ANSWER AND COUNTERCLAIM;
Case No. 4:20-cv-000981-YGR                                                                     28

53.     When the Counterdefendant Alan Strickland forcefully shoved Masai Ujiri twice and told him to "back the fuck up" during an unlawful detention, he deprived Mr. Ujiri of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Mr. Ujiri under the Fourth Amendment to the United States Constitution.

54.     Alan Strickland's actions were excessive and unreasonable, especially because he did not have a lawful basis to believe Masai Ujiri posed an immediate threat to the safety of Alan Strickland or others or that Masai Ujiri was committing a crime or actively resisting detention.

55.     At all times herein relevant, Alan Strickland was an employee of the Alameda County Sheriff's Office.

56.     At all times herein relevant, Alan Strickland acted or purported to act within the course and scope of his employment and under color of law.

57.     In the conduct described above, Alan Strickland acted willfully, wantonly, maliciously, oppressively, and with conscious disregard and deliberate indifference for Masai Ujiri's rights and is therefore liable for punitive damages.

58.     As a legal cause of Alan Strickland's conduct and acts alleged herein, Masai Ujiri was denied his federal constitutional rights, and as a legal cause, he suffered, and continues to suffer humiliation, distress, and anxiety.

62.     Counterclaimant Masai Ujiri seeks nominal damages, punitive damages, and attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Counterclaimant Masai Ujiri prays for relief as hereinafter set forth.

### SECOND COUNTERCLAIM

### Assault

### (Masai Ujiri against Alan Strickland)

63.     Counterclaimant repeats and re-alleges each and every allegation of this Counterclaim with the same force and effect as if fully set forth herein.

64.     Alan Strickland acted, intending to cause harmful or offensive contact.

/ / /

---

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR

29

65.     Masai Ujiri reasonably believed that he was about to be touched in a harmful or offensive manner.

66.     Alan Strickland threatened to harm and touch Masai Ujiri in a harmful or offensive manner.

67.     Alan Strickland's touching was offensive because it offended a reasonable sense of personal dignity.

68.     It reasonably appeared to Masai Ujiri that Alan Strickland was about to carry out the threat.

69.     Masai Ujiri did not consent to Alan Strickland's conduct.

70.     Masai Ujiri was harmed in that Alan Strickland's conduct was a substantial factor in causing Ujiri's harm.

71.     Masai Ujiri seeks nominal damages against Alan Strickland.

WHEREFORE, Counterclaimant Masai Ujiri prays for relief as hereinafter set forth.

### THIRD COUNTERCLAIM

### Battery

### (Masai Ujiri against Alan Strickland)

72.     Counterclaimant repeats and re-alleges each and every allegation in this Counterclaim with the same force and effect as if fully set forth herein.

73.     Alan Strickland touched Masai Ujiri with the intent to harm or offend him.

74.     Masai Ujiri did not consent to the touching.

75.     Masai Ujiri was offended by Alan Strickland's conduct.

76.     A reasonable person in Masai Ujiri's situation would have been offended by the touching.

77.     Masai Ujiri seeks nominal damages against Alan Strickland.

WHEREFORE, Counterclaimant Masai Ujiri prays for relief as hereinafter set forth.

/ / /



LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                                          30

## FOURTH COUNTERCLAIM

### Intentional Infliction of Emotional Distress

### (Masai Ujiri against Alan Strickland)

78.     Counterclaimant repeats and re-alleges each and every allegation of this Counterclaim with the same force and effect as if fully set forth herein.

79.     Alan Strickland's conduct was outrageous and intended to cause Masai Ujiri emotional distress.

80.     Masai Ujiri suffered emotional distress; and

81.     Alan Strickland's conduct was a substantial factor in causing Masai Ujiri's emotional distress.

82.     In the conduct described above, Alan Strickland acted willfully, wantonly, maliciously, oppressively, and with conscious disregard and deliberate indifference for Masai Ujiri's rights and is therefore liable for punitive damages.  Accordingly, Masai Ujiri seeks nominal and punitive damages against Alan Strickland.

WHEREFORE, Counterclaimant Masai Ujiri prays for relief as hereinafter set forth.

/ / /


LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR                                                                              31

**PRAYER FOR RELIEF ON COUNTERCLAIMS**

WHEREFORE, Counterclaimant Masai Ujiri prays for relief, as follows:

      1.     For nominal damages according to proof;

      2.     For punitive damages in a sum according to proof;

      4.     For reasonable attorney's fees pursuant to 42 U.S.C. section 1988;

      5.     For cost of suit herein incurred; and

      6.     For such other and further relief as the Court deems just and proper.

Dated:  August 18, 2020        **COTCHETT, PITRE & McCARTHY, LLP**

        By:    */s/ Joseph W. Cotchett*
           JOSEPH W. COTCHETT
           EMANUEL B. TOWNSEND
           TAMARAH P. PREVOST

           *Attorneys for Defendants Masai Ujiri, Toronto Raptors,*
           *and Maple Leaf Sports & Entertainment*

**DEMAND FOR JURY TRIAL ON COUNTERCLAIMS**

Counterclaimant Masai Ujiri hereby demands a jury trial in this action.

Dated:  August 18, 2020        **COTCHETT, PITRE & McCARTHY, LLP**

        By:    */s/ Joseph W. Cotchett*
           JOSEPH W. COTCHETT
           EMANUEL B. TOWNSEND
           TAMARAH P. PREVOST

           *Attorneys for Defendants Masai Ujiri, Toronto Raptors,*
           *and Maple Leaf Sports & Entertainment*


LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S AMENDED JOINT ANSWER AND COUNTERCLAIM;**
Case No. 4:20-cv-000981-YGR      32

# EXHIBIT 1

The body camera footage and Oracle Arena security footage can be accessed using the following link:

https://cpmlegal.sharefile.com/d-s8f21d1caa55424ab

# EXHIBIT 2

JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
EMANUEL B. TOWNSEND (SBN 305373)
etownsend@cpmlegal.com
TAMARAH PREVOST (SBN 313422)
tprevost@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:   (650) 697-0577

*Counsel for Defendants Masai Ujiri, Toronto*
*Raptors, and Maple Leaf Sports & Entertainment*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| **ALAN STRICKLAND**, an individual; and **KELLY STRICKLAND**, an individual, | Case No. 4:20-cv-000981-YGR |
| Plaintiffs, | **DECLARATION OF GREG WIENER** |
| v. | |
| **1.  MASAI UJIRI**, an individual; | |
| **2.  TORONTO RAPTORS**, a business entity; | |
| **3.  MAPLE LEAF SPORTS & ENTERTAINMENT**, a business entity; | |
| **4.  NATIONAL BASKETBALL ASSOCIATION, INC.**; and DOES 1 through 100, inclusive | |
| Defendants. | |

LAW OFFICES
Cotchett, Pitre &
McCarthy, LLP

I, Greg Wiener, hereby declare:

    1.    The statements made herein are of my own personal knowledge and if called upon to testify thereto I could and would do so competently.

    2.    On June 13, 2019 I attended Game 6 of the NBA Finals at Oracle Arena in Oakland, California.  When the game ended, I witnessed an altercation between Deputy Strickland and Masai Ujiri.  I witnessed the altercation between Deputy Strickland and Mr. Ujiri from no more than two feet away.  I was standing up when I witnessed the altercation.

    3.    I witnessed Deputy Strickland put out his arm and touch Mr. Ujiri.  I witnessed Mr. Ujiri then brush Deputy Strickland's arm away.  I witnessed Deputy Strickland then push Mr. Ujiri in the chest and Mr. Ujiri subsequently push Deputy Strickland in the chest with two hands.  When Mr. Ujiri pushed Deputy Strickland, I saw that Mr. Ujiri's hands landed squarely on Deputy Strickland's chest.  Deputy Strickland did not fall to the ground during the altercation.

    4.    After the altercation, Deputy Strickland resumed his post to my immediate left-hand side and did not appear to be injured.

    I declare under penalty of perjury that the foregoing is true and correct.  Executed this Ninth day of June, 2020, in Alamo, California.

_____
GREG WIENER

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

1  JOSEPH W. COTCHETT (SBN 36324)
   jcotchett@cpmlegal.com
2  EMANUEL B. TOWNSEND (SBN 305373)
   etownsend@cpmlegal.com
3  TAMARAH PREVOST (SBN 313422)
   tprevost@cpmlegal.com
4  **COTCHETT, PITRE & McCARTHY, LLP**
   840 Malcolm Road
5  Burlingame, CA 94010
   Telephone:  (650) 697-6000
6  Facsimile:   (650) 697-0577

7  *Counsel for Defendants Masai Ujiri, Toronto*
   *Raptors, and Maple Leaf Sports & Entertainment*

8

9                    **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11                        **OAKLAND DIVISION**

12

13  **ALAN STRICKLAND**, an individual; and        Case No. 4:20-cv-000981-YGR
    **KELLY STRICKLAND**, an individual,
14
                                                   **DECLARATION OF NANCY PIKE**
15  Plaintiffs,
                            v.
16
17  **1. MASAI UJIRI**, an individual;

18  **2. TORONTO RAPTORS**, a business entity;

19  **3. MAPLE LEAF SPORTS &**
       **ENTERTAINMENT**, a business entity;
20
21  **4. NATIONAL BASKETBALL**
       **ASSOCIATION, INC.**; and DOES 1
22     through 100, inclusive

23  Defendants.

24

25

26

27

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**DECLARATION OF NANCY PIKE**; Case No. 4:20-cv-000981-YGR

1  I, Nancy Pike, hereby declare:

2       1.     The statements made herein are of my own personal knowledge and if called upon to

3  testify thereto I could and would do so competently.

4       2.     On June 13, 2019 I attended Game 6 of the NBA Finals at Oracle Arena in Oakland,

5  California ("Game 6").  I watched the game from my seat, which was located in section 7, row A1,

6  seat number 1.  During the fourth quarter, I noticed Alan Strickland stationed at his security post and

7  noticed that he appeared to be angry.  My seat was only a few feet from where Mr. Strickland was

8  stationed during the fourth quarter and immediate conclusion of Game 6.

9       3.     When the game ended, I witnessed an altercation between Mr. Strickland and Masai

10  Ujiri.  I witnessed the altercation between Mr. Strickland and Mr. Ujiri from my seat, which was

11  roughly four feet from where the altercation occurred.  I was standing when I witnessed the

12  altercation.  I attended the game with my friend, Andrew Miller.

13       4.     I witnessed Mr. Strickland push Mr. Ujiri aggressively twice in his chest with two

14  hands and Mr. Ujiri then return a push, with two hands, to Mr. Strickland's chest.  When Mr. Ujiri

15  pushed Mr. Strickland, I saw that his hands touched Mr. Strickland's chest.  Mr. Ujiri's hands did not

16  touch Mr. Strickland's face and Mr. Ujiri did not hit Mr. Strickland with closed fists.

17       5.     Mr. Strickland did not fall to the ground during the altercation and did not appear to be

18  injured after the altercation.

19       I declare under penalty of perjury that the foregoing is true and correct.  Executed this ninth

20  day of June 2020, in Orinda, California.

21

22

23                            NANCY PIKE

24

25

26

27

28

1   JOSEPH W. COTCHETT (SBN 36324)
    jcotchett@cpmlegal.com
2   EMANUEL B. TOWNSEND (SBN 305373)
    etownsend@cpmlegal.com
3   TAMARAH PREVOST (SBN 313422)
    tprevost@cpmlegal.com
4   **COTCHETT, PITRE & McCARTHY, LLP**
    840 Malcolm Road
5   Burlingame, CA 94010
    Telephone: (650) 697-6000
6   Facsimile: (650) 697-0577

7   *Counsel for Defendants Masai Ujiri, Toronto*
    *Raptors, and Maple Leaf Sports & Entertainment*
8

9
                    **UNITED STATES DISTRICT COURT**
10
                   **NORTHERN DISTRICT OF CALIFORNIA**
11
                         **OAKLAND DIVISION**
12

13   **ALAN STRICKLAND**, an individual; and          Case No. 4:20-cv-000981-YGR
     **KELLY STRICKLAND**, an individual,
14
                                                      **DECLARATION OF ANDREW MILLER**
15                        Plaintiffs,
                     v.
16
     1. **MASAI UJIRI**, an individual;
17
     2. **TORONTO RAPTORS**, a business entity;
18
     3. **MAPLE LEAF SPORTS &**
19      **ENTERTAINMENT**, a business entity;

20   4. **NATIONAL BASKETBALL**
21      **ASSOCIATION, INC.**; and DOES 1
        through 100, inclusive
22
                          Defendants.
23

24

25

26

27

28

1    I, Andrew Miller, hereby declare:

2        1.      The statements made herein are of my own personal knowledge and if called upon to

3    testify thereto I could and would do so competently.

4        2.      On June 13, 2019 I attended Game 6 of the NBA Finals at Oracle Arena in Oakland,

5    California ("Game 6"). I watched the game from my seat, which was located in section 7, row A1,

6    seat number 2. During the fourth quarter, I noticed Alan Strickland stationed at his security post. My

7    seat was only a few feet from where Mr. Strickland was stationed during the fourth quarter and

8    immediate conclusion of Game 6.

9        3.      When the game ended, I witnessed an altercation between Mr. Strickland and Mr.

10   Ujiri. I witnessed the altercation between Mr. Strickland and Mr. Ujiri from my seat, which was

11   roughly four feet from where the altercation occurred. I was standing when I witnessed the

12   altercation. I attended the game with my friend, Nancy Pike.

13       4.      I witnessed Mr. Strickland push Mr. Ujiri aggressively twice in his chest with two

14   hands and Mr. Ujiri then return a push, with two hands, to Mr. Strickland's chest. When Mr. Ujiri

15   pushed Mr. Strickland, I saw that his hands touched Mr. Strickland's chest. Mr. Ujiri's hands did not

16   touch Mr. Strickland's face and Mr. Ujiri did not hit Mr. Strickland with closed fists.

17       5.      Mr. Strickland did not fall to the ground during the altercation and did not appear to be

18   injured after the altercation.

19       I declare under penalty of perjury that the foregoing is true and correct. Executed this

20   10ᵗʰ day of June 2020, in San Ramon, California.

21

22

23                                              ANDREW MILLER

24

25

26

27

28

# EXHIBIT 3

1   JAMES P. FOX, DISTRICT ATTORNEY
    County of San Mateo, State of California
2   State Bar No. 45169
    400 County Center, 3rd Floor
3   Redwood City, California 94063
    By: Kathryn Alberti, Deputy
4   Telephone: (650) 363-4636
    Attorney for Plaintiff

5

6

7                    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                        IN AND FOR THE COUNTY OF SAN MATEO

    THE PEOPLE OF THE STATE OF CALIFORNIA
9                                                         No. SF342044A
                                          Plaintiff,
10  v.                                                    FELONY COMPLAINT

11  ALAN FRANCIS STRICKLAND
    3344 COUNTRYSIDE DRIVE
    SAN MATEO, CA  94403
12
                                          Defendant.

13

14       I, the undersigned, say, on information and belief, that in the County of San Mateo, State of California:

15       COUNT 1: VIOLATION OF SECTION 550(a)(1) PENAL CODE, CALIFORNIA:

16  On or about March 31, 1994, in the County of San Mateo, State of California, the crime of Presenting A false

    Or Fraudulent Claim For Payment Of Loss, in violation of Penal Code section 550(a)(1), a Felony, was
17
    committed in that ALAN FRANCIS STRICKLAND did aid, abet, solicit, conspire with another and did
18
    knowingly present and cause to be presented a false and fraudulent claim for the payment of a loss and injury,
19
    including payment of a loss under a contract of insurance.
20
    Dated: October 21, 2005
21

22                                        JAMES P. FOX, District Attorney

23

24                                        By: _____
                                              Kathryn Alberti, Deputy
25

CRIMINAL

# CASE SUMMARY

## CASE NO. SF342044A

| | | |
|---|---|---|
| The People of the State of California | § | Location: **Criminal** |
| **vs.** | § | Filed on: **10/21/2005** |
| **ALAN FRANCIS STRICKLAND** | § | District Attorney Number: **0323685** |
| | § | DMV Docket Number: **SF42044** |
| | § | |
| | § | |

---

### CASE INFORMATION

| Offense | Statute | Deg | Date | Case Type: | Complaint |
|---|---|---|---|---|---|
| Jurisdiction: San Mateo County | | | | | |
| 001.  PC550(A)(1)-FEL-PRESENT FALSE OR FRAUDULENT CLAIM FOR PAYMENT OF LOSS | 550(A)(1) | F | 03/31/1994 | | |
| Charge #: 001   ACN: Unknown | | | | | |
| Arrest:  11/18/2005      IF - Insurance Fraud | | | | | |
| 001.  PC803(C)(1)-ENH-TOLLING STATUTE OF LIMITATIONS | 803(C)(1) | E | 03/31/1994 | | |
| Charge #: 001   Allegation: E01   ACN: Unknown | | | | | |
| Arrest:  11/18/2005      IF - Insurance Fraud | | | | | |
| 002.  PC550(B)(1)-MISD-PERSON TO PRESENT CLAIM WITH FALSE INFORMATION | 550(B)(1) | M | 03/31/1994 | | |
| Charge #: 002   ACN: Unknown | | | | | |
| Arrest:  11/18/2005      IF - Insurance Fraud | | | | | |

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| Case Number | SF342044A |
|---|---|
| Court | Criminal |
| Date Assigned | 10/21/2005 |

---

### PARTY INFORMATION

| **Plaintiff** | **The People of the State of California** |
|---|---|
| **Defendant** | **STRICKLAND, ALAN FRANCIS** |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 10/21/2005 | Complaint Filed | |
| 10/21/2005 | Conversion Event<br>SHNTF:<br>*FELONY NOTICE TO APPEAR SENT TO DEFENDANT ON 10/21/2005 TO APPEAR ON 11/21/2005 AT 9:00 A.M. IN SUPERIOR COURT SOUTHERN BRANCH DEPT. PH FOR FELONY ARRAIGNMENT .* | |
| 11/18/2005 | Conversion Event<br>SHRES:<br>*CASE SHIFTED FROM HEARING ON 11/21/2005 AT 9:00 A.M. IN DEPARTMENT PH OF SUPERIOR COURT SOUTHERN BRANCH TO HEARING ON 11/21/2005 AT 9:00 A.M. IN DEPARTMENT 43 OF SUPERIOR COURT SOUTHERN BRANCH .* | |
| 11/21/2005 | Conversion Event<br>HHELD:<br>*HEARING HELD ON 11/21/05 AT 9:00 A.M. IN SUPERIOR COURT SOUTHERN BRANCH , D- 43 . HON. QUENTIN L KOPP , PRESIDING. CLERK: DAWN ALFONSO . REPORTER: LINDA SWANNER . CLERK2: NONE . DEPUTY D.A. HENRY . DEFENSE COUNSEL* | |

CRIMINAL

# CASE SUMMARY
## CASE NO. SF342044A

*PRESENT: NONE .*

| | |
|---|---|
| 11/21/2005 | Conversion Event<br>*HHFAR:*<br>*FELONY ARRAIGNMENT* |
| 11/21/2005 | Conversion Event<br>*APWAT:*<br>*DEFENDANT APPEARED WITH ATTORNEY JOHNSON .* |
| 11/21/2005 | Conversion Event<br>*ARWVD:*<br>*ARRAIGNMENT AND ADVICE OF RIGHTS WAIVED.* |
| 11/21/2005 | Conversion Event<br>*PLEDA:*<br>*DEFENDANT ENTERED A PLEA OF NOT GUILTY TO ALL COUNTS.* |
| 11/21/2005 | Conversion Event<br>*CDEEB:*<br>*SPECIAL ALLEGATIONS, AS ALLEGED IN COUNT 1 ALLEGATION 1 , ARE DENIED.* |
| 11/21/2005 | Conversion Event<br>*WTIMA:*<br>*TIME WAIVED FOR PH BY DEFENDANT / COUNSEL.* |
| 11/21/2005 | Conversion Event<br>*CSFRB:*<br>*DEFENDANT IS RELEASED ON O.R.* |
| 11/21/2005 | Conversion Event<br>*SHOTA:*<br>*CASE CONTINUED TO 12/07/2005 AT 1:31 P.M. IN REDWOOD CITY IN DEPT. SR FOR SUPERIOR COURT REVIEW. .* |
| 11/21/2005 | Conversion Event<br>*SHOTA:*<br>*CASE CONTINUED TO 01/11/2006 AT 9:00 A.M. IN REDWOOD CITY IN DEPT. PH FOR PRELIMINARY HEARING. .* |
| 11/21/2005 | Conversion Event<br>*MIENT:*<br>*ENTERED BY DAWN ALFONSO ON 11/21/2005 .* |
| 11/21/2005 | **Plea** (Judicial Officer: SUPERIOR COURT JUDGE, SAN MATEO COUNTY)<br>001. PC550(A)(1)-FEL-PRESENT FALSE OR FRAUDULENT CLAIM FOR PAYMENT OF LOSS<br>Not Guilty<br>Charge #: 001   Allegation: |
| 12/06/2005 | Conversion Event<br>*SHRES:*<br>*CASE SHIFTED FROM HEARING ON 12/07/2005 AT 1:31 P.M. IN DEPARTMENT SR OF SUPERIOR COURT SOUTHERN BRANCH TO HEARING ON 12/07/2005 AT 1:31 P.M. IN DEPARTMENT 22 OF SUPERIOR COURT SOUTHERN BRANCH .* |
| 12/07/2005 | Conversion Event<br>*SHRES:*<br>*CASE SHIFTED FROM HEARING ON 12/07/2005 AT 1:31 P.M. IN DEPARTMENT 22 OF SUPERIOR COURT SOUTHERN BRANCH TO HEARING ON 12/07/2005 AT 1:31 P.M. IN DEPARTMENT 24 OF SUPERIOR COURT SOUTHERN BRANCH .* |

*Printed on 03/04/2020 at 2:06 PM*

# CRIMINAL
# CASE SUMMARY
## CASE NO. SF342044A

| | |
|---|---|
| 12/07/2005 | Conversion Event<br>HHELD:<br>*HEARING HELD ON 12/07/05 AT 1:31 P.M. IN SUPERIOR COURT SOUTHERN BRANCH . D- 24 . HON. STEPHEN M HALL, JUDGE , PRESIDING. CLERK: LESLIE WISE . REPORTER: CHRISTINA HERNANDEZ . CLERK2: MARTIN KING . DEPUTY D.A. LYNCH . DEFENSE COUNSEL PRESENT: BRAMY/JOHNSON .* |
| 12/07/2005 | Conversion Event<br>HHSCR:<br>*SUPERIOR COURT REVIEW* |
| 12/07/2005 | Conversion Event<br>APWAT:<br>*DEFENDANT APPEARED WITH ATTORNEY BRAMY/JOHNSON .* |
| 12/07/2005 | Conversion Event<br>CDEEC:<br>*SPECIAL ALLEGATIONS, AS ALLEGED IN COUNT 1 ALLEGATION 1 , ARE STRICKEN.* |
| 12/07/2005 | Conversion Event<br>AMCDF:<br>*COMPLAINT AMENDED ORALLY.* |
| 12/07/2005 | Conversion Event<br>AMABC:<br>*COMPLAINT AMENDED TO ADD COUNT 2 : MISDEMEANOR. VIOLATION OF PC 550 (B)(1) , ON MOTION OF THE PROSECUTION.* |
| 12/07/2005 | Conversion Event<br>WRAAB:<br>*ARRAIGNMENT WAIVED ON THE AMENDED COMPLAINT.* |
| 12/07/2005 | Conversion Event<br>PLPLF:<br>*DEFENDANT ENTERED A PLEA OF NOLO CONTENDERE TO COUNT 2 IN AMENDED COMPLAINT.* |
| 12/07/2005 | Conversion Event<br>FDWOR:<br>*DEFENDANT IS ADVISED OF, UNDERSTANDS, AND KNOWINGLY AND VOLUNTARILY WAIVES ALL THE FOLLOWING RIGHTS: WAIVES THE RIGHT TO COUNSEL; TO TRIAL BY JURY; TO CONFRONT AND CROSS-EXAMINE ADVERSE WITNESSES; THE PRIVILEGE AGAINST SELF-INCRIMINATION. THE COURT FINDS THAT THE DEFENDANT UNDERSTANDS THE NATURE OF THE CHARGES, THE ELEMENTS OF THE OFFENSE, THE DEFENSE THERETO, THE CONSEQUENCES OF PLEAS AND THE RANGE OF PENALTIES THERETO. WAIVER OF RIGHTS SIGNED.* |
| 12/07/2005 | Conversion Event<br>CDFAD:<br>*COUNT 1 DISMISSED ON MOTION OF THE PROSECUTION. REASON FOR DISMISSAL OR DISCHARGE: NEGOTIATED PLEA.* |
| 12/07/2005 | Conversion Event<br>WTSTB:<br>*TIME WAIVED FOR SENTENCING.* |
| 12/07/2005 | Conversion Event<br>MIVPH:<br>*PRELIMINARY HEARING SET ON 01/11/2006 AT 9:00 A.M. ORDERED VACATED.* |
| 12/07/2005 | Conversion Event<br>SESCB: |

*Printed on 03/04/2020 at 2:06 PM*

# CRIMINAL
# CASE SUMMARY
### CASE NO. SF342044A

|            |                                                                                                                                                                                       |
|------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            | *COUNT 2 IMPOSITION OF SENTENCE SUSPENDED. DEFENDANT IS PLACED ON COURT PROBATION FOR 2 YEARS; 0 MONTHS; 0 DAYS.*                                                                        |
| 12/07/2005 | Conversion Event<br>*SECJL:*<br>*AS TO COUNT 2 , DEFENDANT TO SERVE 0 YEAR(S), 0 MONTH(S), 1 DAY(S), 0 HOUR (S) IN THE COUNTY JAIL.*                                                      |
| 12/07/2005 | Conversion Event<br>*SECTS:*<br>*CREDIT FOR TIME SERVED OF 1 DAYS PLUS 0 DAYS GOOD AND WORK TIME FOR A TOTAL OF 1 DAYS.*                                                                  |
| 12/07/2005 | Conversion Event<br>*SETSS:*<br>*DEFENDANT IS SENTENCED TO TIME SERVED.*                                                                                                                 |
| 12/07/2005 | Conversion Event<br>*SEPFX:*<br>*TOTAL FINE AMOUNT PAYABLE, INCLUDING ALL ASSESSMENTS, IS $810.00 .*                                                                                     |
| 12/07/2005 | Conversion Event<br>*SERET:*<br>*DEFENDANT ORDERED TO PAY $110.00 TO STATE RESTITUTION FUND. THIS PAYMENT IS A CONDITION OF PROBATION*                                                    |
| 12/07/2005 | Conversion Event<br>*SEPFY:*<br>*DEFENDANT TO PAY FINE AND ASSESSMENTS AS DIRECTED BY REVENUE SERVICES OR PROBATION DEPARTMENT.*                                                          |
| 12/07/2005 | Conversion Event<br>*SEOAL:*<br>*OBEY ALL LAWS. FOLLOW ALL ORDERS OF THE COURT/PROBATION OFFICER AND REPORT AS DIRECTED. NOTIFY THE COURT/ PROBATION OFFICER IMMEDIATELY OF ANY CHANGE OF RESIDENCE ADDRESS.* |
| 12/07/2005 | Conversion Event<br>*SECRR:*<br>*DEFENDANT ORDERED TO MAKE RESTITUTION FOR DAMAGES AS TO COUNT 2 IN THE AMOUNT OF $2,359.23 PLUS A TEN PERCENT (10%) ADMINISTRATIVE FEE.*                 |
| 12/07/2005 | Conversion Event<br>*SECRF:*<br>*DEFENDANT TO PAY RESTITUTION THROUGH REVENUE SERVICES.*                                                                                                 |
| 12/07/2005 | Conversion Event<br>*SECRH:*<br>*VICTIM'S NAME IS STATE FARM INSURANCE .*                                                                                                                |
| 12/07/2005 | Conversion Event<br>*SEACP:*<br>*DEFENDANT ACCEPTED TERMS AND CONDITIONS OF PROBATION.*                                                                                                  |
| 12/07/2005 | Conversion Event<br>*MIASE:*<br>*ALL SENTENCE ELEMENTS FOR THIS PROCEEDING ENTERED.*                                                                                                     |
| 12/07/2005 | Conversion Event<br>*MIENT:*<br>*ENTERED BY M.KING ON 12/07/2005 .*                                                                                                                      |
| 12/07/2005 |                                                                                                                                                                                       |

*Printed on 03/04/2020 at 2:06 PM*

CRIMINAL

# CASE SUMMARY

## CASE NO. SF342044A

| | |
|---|---|
| | **Disposition**<br>001. PC550(A)(1)-FEL-PRESENT FALSE OR FRAUDULENT CLAIM FOR PAYMENT OF LOSS<br>      Dismissal: Negotiated Plea<br>        Charge #: 001   Allegation: |
| 12/07/2005 | **Disposition**<br>001. PC803(C)(1)-ENH-TOLLING STATUTE OF LIMITATIONS<br>      Stricken<br>        Charge #: 001   Allegation: E01 |
| 12/07/2005 | **Plea** (Judicial Officer: SUPERIOR COURT JUDGE, SAN MATEO COUNTY)<br>002. PC550(B)(1)-MISD-PERSON TO PRESENT CLAIM WITH FALSE INFORMATION<br>      No Contest / Nolo Contendere<br>        Charge #: 002   Allegation: |
| 12/12/2005 | Conversion Event<br>    *MIPPB:*<br>    *PARTIAL PAYMENT THROUGH REVENUE SERVICES OF $35.00 REMAINING BALANCE IS $.00.* |
| 12/12/2005 | Conversion Event<br>    *MIPPB:*<br>    *PARTIAL PAYMENT THROUGH REVENUE SERVICES OF $885.00 REMAINING BALANCE IS $35.00.* |
| 12/12/2005 | Conversion Event<br>    *MIPIF:*<br>    *FINE PAID IN FULL THROUGH REVENUE SERVICES.* |
| 07/14/2006 | Conversion Event<br>    *MISEN:*<br>    *FILE SENT TO DEPT 8/LESLIE* |
| 07/14/2006 | Conversion Event<br>    *SHSCC:*<br>    *MATTER CONTINUED TO 07/18/2006 AT 9:00 A.M. IN SCRWC COURT, D-8 FOR MODIFICATION OF SENTENCE.* |
| 07/18/2006 | Conversion Event<br>    *FDOTH:*<br>    *ORDER THAT DEFENDANT'S PROBATION IS TERMINATED AS OF JULY 18, 2006 PER HON MARK R. FORCUM.* |
| 07/18/2006 | Conversion Event<br>    *HHELD:*<br>    *HEARING HELD ON 07/18/06 AT 9:00 A.M. IN SUPERIOR COURT SOUTHERN BRANCH, D-8. HON. MARK R FORCUM, JUDGE, PRESIDING. CLERK: LESLIE SCHNEIDER. REPORTER: VALERIE CATHEY. CLERK2: NONE. DEPUTY D.A. GALLAGHER. DEFENSE COUNSEL PRESENT: JOHNSON.* |
| 07/18/2006 | Conversion Event<br>    *HHMOD:*<br>    *MODIFICATION OF SENTENCE* |
| 07/18/2006 | Conversion Event<br>    *APWAT:*<br>    *DEFENDANT APPEARED WITH ATTORNEY JOHNSON.* |

*Printed on 03/04/2020 at 2:06 PM*

CRIMINAL
# CASE SUMMARY
## CASE NO. SF342044A

| | |
|---|---|
| 07/18/2006 | Conversion Event<br>*OTHER:*<br>*FINE AND FEES/RESTITUTION HAS BEEN PAID.* |
| 07/18/2006 | Conversion Event<br>*OTHER:*<br>*1203.4 PETITION AND ORDER ARE SIGNED* |
| 07/18/2006 | Conversion Event<br>*PROBB:*<br>*PROBATION IS REVOKED.* |
| 07/18/2006 | Conversion Event<br>*PROBG:*<br>*PROBATION IS TERMINATED.* |
| 07/18/2006 | Conversion Event<br>*MIASE:*<br>*ALL SENTENCE ELEMENTS FOR THIS PROCEEDING ENTERED.* |
| 07/18/2006 | Conversion Event<br>*MIENT:*<br>*ENTERED BY LSCHNEIDER ON 07/18/2006 .* |
| 07/19/2006 | Conversion Event<br>*MISEN:*<br>*FILE SENT TO DEPT 25 FOR 1203.4* |
| 07/21/2006 | Conversion Event<br>*MIRFL:*<br>*FILE RETURNED TO CLERK'S OFFICE.* |
| 07/24/2006 | Conversion Event<br>*FDPDC:*<br>*PETITION TO DISMISS COUNT 2 PURSUANT TO SECTION 1203.4/1203.4A PENAL CODE FILED.* |
| 07/24/2006 | Conversion Event<br>*FDCOM:*<br>*ORDER GRANTING AND DISMISSING COUNT 2 PURSUANT TO SECTION 1203.4/1203.4A PENAL CODE, FILED.* |
| 07/24/2006 | Conversion Event<br>*OTHER:*<br>*AMENDED CII SENT TO DEPARTMENT OF JUSTICE* |
| 07/24/2006 | Conversion Event<br>*FDACI:*<br>*AMENDED CII FORWARDED TO ARRESTING AGENCY.* |
| 07/24/2006 | Conversion Event<br>*FDCII:*<br>*CII FORWARDED TO ARRESTING AGENCY.* |
| 07/24/2006 | **Disposition**<br>002. PC550(B)(1)-MISD-PERSON TO PRESENT CLAIM WITH FALSE INFORMATION<br>    Dismissal: 1203.4<br>      Charge #: 002   Allegation: |

*Printed on 03/04/2020 at 2:06 PM*