1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

9  | **ALAN STRICKLAND AND KELLY STRICKLAND,**
10 |     Plaintiffs,
11 | v.
12 | **MASAI UJIRI; TORONTO RAPTORS; MAPLE**
13 | **LEAF SPORTS & ENTERTAINMENT;**
     | **NATIONAL BASKETBALL ASSOCIATION,**
14 |     Defendants.
15
16

Case No. 20-cv-981-YGR

**ORDER GRANTING LEAVE TO FILE AN AMENDED JOINT ANSWER AND COUNTERCLAIM; DENYING ADMINISTRATIVE MOTION TO SEAL**

**DKT. NO. 35, 38**

17        Pending before the Court is the Motion of defendants Masai Ujiri and Toronto
18 Raptors/Maple Leaf Sports & Entertainment for Leave to File an Amended Joint Answer and
19 Counterclaim.  (Dkt. No. 35.)  The only proposed amendment asserts a counterclaim on defendant
20 Ujiri's behalf against plaintiff Alan Strickland for excessive force pursuant to 42 U.S.C. § 1983,
21 assault, battery, and intentional infliction of emotional distress, based upon recently obtained
22 discovery in this matter.  In all other respects, defendants' original Joint Answer remains
23 unchanged.  Per the Court's scheduling order (Dkt. No. 30), any motions to amend pleadings at this
24 point in the proceedings require a showing of good cause pursuant to Rule 16(b)(4).  The Court
   finds such good cause and the motion is **GRANTED**.[1]

25
26
27        [1]  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court
28 finds this motion appropriate for decision without oral argument.  Accordingly, the Court **VACATES**
   the hearing set for **September 22, 2020**.

United States District Court
Northern District of California

United States District Court
Northern District of California

Defendants bring their motion pursuant to Rules 15 and 16(b)(4).  A request to amend a pleading after the Court's deadline for doing so implicates both Rule 15 and 16.[2]  Rule 16(b) governs the issuance and modification of pretrial scheduling orders, and Rule 15(a) governs amendment of pleadings. Fed. R. Civ. P. 16(b) and 15(a).  "Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Under Rule 15(a), "[t]he four factors commonly used to determine the proprietary of a motion for leave to amend are bad faith, undue delay, prejudice to the opposing party, and futility of amendment."  *Abels v. JBC Legal Group, P.C.*, 229 F.R.D. 152, 155-56 (N.D. Cal. 2005) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Based upon the timing of the discovery responses giving rise to the proposed amendment, the Court finds good cause to permit the filing of the proposed amended joint answer and counterclaim pursuant to Rule 16(b)(4).  The record indicates no failure of diligence by defendants in seeking leave to amend at this time.  On July 21, 2020, plaintiffs served their first document production, which contained several pieces of video footage including that of plaintiff Alan Strickland's body camera, capturing the alleged encounter from his viewpoint.  The motion to amend was filed with reasonable diligence thereafter.

The Court further finds no reason to alter the current scheduling order beyond permitting this amendment.  Trial is over fourteen months away, beginning on December 13, 2021, and fact and expert discovery deadlines are also several months away, on April 2, 2021 and June 4, 2021, respectively.  While plaintiffs suggest that the proposed amendment will require pushing out discovery deadlines and the trial, they do so in only the most conclusory manner.

Further, considering the factors applicable to leave to amend under Rule 15, the Court does not find bad faith, undue delay, prejudice to plaintiff, or futility of the proposed amendment.  That defendant Ujiri did not file a counterclaim immediately against plaintiff Strickland does not imply bad faith.  Strickland does dispute that the video upon which the counterclaim is based was recently

---

[2] *See* Phillips, J. and Stevenson, J., FED. CIV. PRO. BEFORE TRIAL (Rutter Group Prac. Guide) § 15:32 ("Once the scheduling order deadline has passed, Rule 16(b)(4) requires a party to show 'good cause' before being granted leave to amend the pleadings, *in addition to* the showing required under Rule 15.") (emphasis in original).

produced in discovery.  Filing the request to amend thereafter suggests neither bad faith nor undue delay.  Further, no prejudice has been shown.  Discovery is in its early stages, the discovery deadlines are several months away, and no depositions apparently have been taken by any party.  The proposed amendment does not fail on its face to state a claim.  The merits analysis Strickland urges is not appropriate on a motion to amend the pleadings.  Defendants meet the objective factors for granting leave to amend.

With respect to the administrative motion to seal (Dkt. No. 38), the motion is **DENIED AS MOOT**.  Plaintiffs seek to seal documents designated by defendant NBA as confidential pursuant to the protective order entered in this case.  Defendant NBA filed a response to the motion (Dkt. No. 40) withdrawing the confidentiality designation as to the document identified as Exhibit 4 to plaintiffs' administrative motion.  Thus, the administrative motion as to Exhibit 4 is moot.  Plaintiffs further seek to seal two-and-a-half pages of proposed supplemental briefing based on that document, identified as Exhibit 5 to the administrative motion.  The Court has considered the arguments therein and finds that they do not alter the analysis.  Plaintiffs are directed to file an unredacted version of the documents on the public docket **within 7 days** of issuance of this Order.  *See* Civil L. R. 79-5(f)(2).

Defendants shall file their proposed amended joint answer and counterclaim within **3 court days** of issuance of this Order.

Plaintiffs shall file their response to the counterclaim within **21 calendar days** thereafter.

This Order terminates Docket Nos. 35 and 38.

**IT IS SO ORDERED**.

Date: September 15, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

3