UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN STRICKLAND AND KELLY STRICKLAND,<br><br>  Plaintiffs,<br><br>  v.<br><br>MASAI UJIRI; TORONTO RAPTORS; MAPLE LEAF SPORTS & ENTERTAINMENT; NATIONAL BASKETBALL ASSOCIATION,<br><br>  Defendants. | Case No. 20-cv-981-YGR<br><br>**ORDER DIRECTING SUPPLEMENTAL BRIEFING ON MOTION TO DISMISS COUNTERCLAIMS; VACATING HEARING**<br><br>DKT. NO. 45 |

Pending before the Court is the motion of plaintiff Alan Strickland to dismiss the counterclaims of defendants Masai Ujiri and Toronto Raptors/Maple Leaf Sports & Entertainment. (Dkt. No. 45.) In evaluating the pending motion, the Court requires further briefing on a narrow scope of issues regarding the California Tort Claims Act ("CTCA").

It is not plain from the face of the pleadings here who employed Strickland at the time of the incident. The exhaustion requirements of the CTCA apply to a "a cause of action against a public employee or former public employee for injury resulting from an act or omission *in the scope of his employment as a public employee* . . . ." Cal. Gov't Code § 950.2 (emphasis supplied). "In contrast, when a public employee's alleged acts fall outside the scope of his employment, 'a prerequisite claim pursuant to the [CTCA] is not required.'" *Wilson-Combs v. California Dep't of Consumer Affairs*, 555 F.Supp.2d 1110, 1118 (E.D. Cal. 2008) (quoting *Rabkin v. Dean,* 856 F.Supp. 543, 552 (N.D.Cal. 1994)). Thus, Strickland's argument that the CTCA's requirements apply by definition assumes that Strickland was acting within the course and scope of his employment *by the County* when he was injured.

It further appears Strickland's claims for injury are covered by the Workers' Compensation laws and may also be controlled by the "firefighter's rule" which would bar claims as arising from

the normal occupational risks of engagement as a peace officer. *See Vasquez v. N. Cty. Transit Dist.*, 292 F.3d 1049, 1054 (9th Cir. 2002) (discussing firefighter's rule and exceptions); *Hodges v. Yarian*, 53 Cal.App.4th 973, 981-982 (1997) (a member of the public, having already been taxed to provide the officer with workers' compensation benefits, is "entitled to the benefit of the cost-spreading aspect of the public compensation system and should not have to pay again for injuries that are compensable in that system."). To the extent there is a viable theory allowing Strickland, *individually*, to sue Ujiri in spite of those barriers to suit, equity would appear to require Ujiri to plead counterclaims on the same set of facts without the requirement of a CTCA filing with the County.

Given that the parties did not address these narrow issues, additional briefing is warranted. Accordingly, simultaneous briefs not exceeding **five (5) pages** may be filed on the above issues by no later than **November 23, 2020**. Simultaneous responses not exceeding **five (5) pages** may be filed by no later than **December 3, 2020**.

The hearing on this matter is **VACATED**. If necessary, after briefing, the Court will reset the hearing.

**IT IS SO ORDERED**.

Date: November 12, 2020

_____
**YVONNE GONZÁLEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

2