DAVID P. MASTAGNI, ESQ. (SBN 57721)
GRANT A. WINTER, ESQ. (SBN 266329)
BRETT D. BEYLER, ESQ. (SBN 319415)
**MASTAGNI HOLSTEDT, A.P.C.**
1912 "I" Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
Email: bbeyler@mastagni.com

Attorneys for Plaintiffs Alan & Kelly Strickland

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alan Strickland, an individual; and Kelly Strickland, and individual, <br><br> Plaintiffs, <br> vs. <br><br> MASAI UJIRI, an individual; TORONTO RAPTORS, a business entity, MAPLE LEAF SPORTS & ENTERTAINMENT, a business entity; NATIONAL BASKETBALL ASSOCIATION, INC.; and DOES 1 through 100, inclusive <br><br> Defendants. | Case No.: 4:20-cv-00981-YGR <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL SUBPOENA COMPLIANCE** <br><br> Date:        December 22, 2020 <br> Time:       2:00 p.m. <br> Courtroom: 1 <br> Judge:      Hon. Yvonne Gonzalez Rogers <br><br> Action Filed: February 7, 2020 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 45, on December 22, 2020, or as soon thereafter as the Court will allow, in Department 1 of the Oakland Federal District Courthouse at 1301 Clay Street, Oakland, 94612, at 2:00 p.m., Plaintiffs Alan and Kelly Strickland ("Plaintiffs"), will and hereby does move this Court for an order compelling non-party Oakland Police Department ("OPD") to comply with Plaintiffs' subpoena for production of documents and things, and electronically stored information ("ESI"). This motion is made on the grounds that the documents, things, and ESI are relevant to the subject matter of the action and

do not relate to privileged matters, and OPD's refusal/failure to respond is without justification. This motion will be based on this Notice of Motion and Motion, The Memorandum of Points and Authorities herein, and the Declaration of Brett D. Beyler filed herewith.

## I. INTRODUCTION

The instant case was filed by Plaintiffs on February 7, 2020, alleging assault and battery, intentional infliction of emotional distress, negligence, negligence per se, and loss of consortium. (*See* ECF No. 1). This motion is submitted in accordance with Local Rules 7 and 37, and Fed. R. Civ. P. 45. Plaintiffs' motion seeking to compel compliance with Plaintiffs' subpoena is before this Court pursuant to Fed. R. Civ P. 45(c)(1)(A) and 45(d)(2)(B)(i), (g). Fed. R. Civ. P. 45(e)(1)(A), (C) command non-party OPD to produce (A) documents, and (C), ESI in order to comply with Plaintiffs' subpoena. (*See* ECF No. 48). Plaintiffs therefore respectfully ask this court to compel OPD to provide documents and things, and ESI, pursuant to Plaintiffs' subpoena and in accordance with Fed. R. Civ. P. 45(a)(1)(A)(iii).

## II. STATEMENT OF RELEVANT FACTS

This matter stems from an incident that took place on June 13, 2019 at the Oracle Arena in Oakland, California. (*See* ECF No. 1 at 4). On August 24, 2020, Plaintiffs' made a subpoena for the production of documents and things, and for ESI, served upon non-party OPD in accordance with Fed. R. Civ. P. 45(a)(3). **(Declaration of Brett D. Beyler ("Beyler Decl."), ¶ 2)**; (*see also* ECF No. 48). On October 7, 2020, Plaintiffs sent correspondence to OPD records clerk Tracy Ton in order to meet and confer regarding the August 24, 2020 subpoena. **(Beyler Decl., ¶ 3)**. However, as of the date of the filing of this motion, no response has been forthcoming from OPD and OPD has not produced any documents, things, or ESI, in violation of Fed. R. Civ. P. 45(a)(1)(A)(iii). **(Beyler Decl., ¶ 4)**. Non-party OPD has failed to object under Fed. R. Civ. P. 45(d)(2)(B). **(Beyler Decl., ¶ 4)**. Moreover, Defendants have neither moved to quash Plaintiffs' subpoena to OPD nor sought a protective order regarding Plaintiffs' subpoena to OPD. **(Beyler Decl., ¶ 5)**.

## III. MEMORANDUM OF POINTS AND AUTHORITIES

"Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena subpoena." *Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F.Supp.3d 1215, 1217 (N.D. Cal. 2015). Rule 45 vests a party's attorney with the authority to compel production of documents or require the appearance of a non-party as set forth in the subpoena. *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 290 (N.D. Cal. 2015). "Rule 45 provides that a party may command a non-party to testify at a deposition and produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." *Intermarine*, 123 F.Supp.3d at 1217 (citing Fed. R. Civ. P. 45(a)(1)(A)(iii)).

Under Rule 45, a party's "subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). "The Advisory Committee Notes to the 1970 Amendment to Rule 45 state that the 'scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules.'" *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679 (N.D. Cal. 2006). A non-party's failure to object to or comply with a subpoena is a proper basis for a motion to compel that non-party's responses to a subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B)(i); *cf. Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("A nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived."); *see also Deal v. Lutheran Hospitals & Homes*, 127 F.R.D. 166, 167-69 (D. Alaska 1989) (applying the Rule 34 standard for parties to non-parties under Rule 45, the court reached the "parallel [] result" – "that the failure to file timely objections . . . results in a waiver of objections that might otherwise be available.").

Where objections have been made or waived, Fed. R. Civ. P. 45(d)(2)(B)(i) provides that, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." *See McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 384-88 (C.D. Cal. 2002) (granting Plaintiffs' motion to compel where objections were waived due to non-party's failure to respond

to Plaintiffs' subpoena). Generally, although "Rule 45 does not state how much time must be allowed between service of a subpoena and the date set for compliance[,] [t]he same "reasonable" time limit applicable to the notice of deposition . . . will probably be employed." Subpoena, *Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial*, Ch. 11(IV)-F (citing Fed. R. Civ. P. 30(b)(1), requiring "reasonable" notice). Fed. R. Civ. P. 45(g) further allows a court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."

### A. Plaintiffs' Motion to Compel Should be Granted Because Non-Party OPD Entirely Failed to Comply with Plaintiffs' Subpoena.

Under Fed. Rs. Civ. P. 45(a)(1)(A)(iii) and 45(e)(1)(A), (C) Plaintiffs are entitled to adequate responses to their discovery requests in compliance with Plaintiffs' subpoena. **(*See* Beyler Decl., ¶ 2, Exhibit A, Subpoena.).** On August 24, 2020, Plaintiffs' made a subpoena for the production of documents and things, and for ESI, served upon non-party OPD in accordance with Fed. R. Civ. P. 45(a)(3). **(Beyler Decl., ¶ 2).** Plaintiffs' subpoena made the following requests for information from OPD:

"Documents and Electronically Stored Information (ESI) including:

1. ALL DOCUMENTS that RELATE TO or arise from ANY investigation of the INCIDENT at Oracle Arena including, but not limited to, correspondence, memoranda, notes, reports, and DOCUMENTS.
2. ANY DOCUMENTS, including video footage, audio recordings, and photographs depicting, reflecting, or revealing ANY interaction between Alameda County Deputy Sheriff Alan Strickland and Toronto Raptor's President Masai Ujiri on the date of the Incident.
3. ANY DOCUMENTS, including video footage, audio recordings, and photographs depicting, reflecting, or revealing ANY within the arena from the time at which the Toronto Raptors won until the trophy ceremony concluded.
4. ANY COMMUNICATION which RELATE TO Alameda County Deputy Sheriff Alan Strickland.

|  |  |
|---|---|
| 1 |      5. ANY COMMUNICATION which RELATE TO Toronto Raptor's President |
| 2 | Masai Ujiri. |

(*See* **Beyler Decl., ¶2, Exh. A.**)

However, as of the date of the filing of this motion, no response has been forthcoming from OPD and OPD has not produced any documents, things, or ESI, in violation of Fed. R. Civ. P. 45(a)(1)(A)(iii). **(Beyler Decl., ¶ 4).**

Fed. Rs. Civ. P. 26(b)(1), (2) requires that discovery requests be relevant, proportionate, not overly burdensome, not unreasonably cumulative or duplicative, and within the scope of discovery as contemplated by Fed. R. Civ. P. 26(b)(1). In accordance with Local Rule 37-2, Plaintiff certifies that each requirement of Rules 26(b)(1) and 26(b)(2) are met. **(Beyler Decl., ¶ 6).** Here, all of the preceding requests are within the ordinary scope of discovery. All of the requests are relevant because each request directly pertains to the incident that took place June 13, 2019 at Oracle Arena in Oakland, California. (*See* ECF No. 1 at 4). Further, the requests do not cover privileged matters, including investigations, because OPD has waived any claim to privilege by entirely failing to respond to Plaintiffs' subpoena. *See Moon*, 232 F.R.D. at 636. Moreover, the requests are proportionate, not overly burdensome, and not unreasonably cumulative or duplicative because Plaintiffs' subpoena contained only five requests, none of which are substantially similar. **(*See* Beyler Decl., ¶2; Exh. A.).** Moreover, such contentions are the proper subject of meet and confer opportunities. *See* Fed. R. Civ. P. 26, Committee Notes on Rules – 2015 Amendment. Here, OPD failed to take advantage of Plaintiffs' effort to meet and confer. **(*See* Exhibit B to the Decl. of Brett D. Beyler).**

Further, Plaintiffs' have complied with Local Rule 37-1(a) by requesting OPD meet and confer with Plaintiffs prior to filing the instant motion. *See* Exhibit B. Accordingly, this Court should compel OPD to comply with Plaintiffs' subpoena and to produce documents and things, and ESI, pursuant to Plaintiffs' subpoena. *See Lofton*, 308 F.R.D. at 290.

/ / /

/ / /

### B. Plaintiffs' Motion to Compel Should be Granted Because Non-Party OPD Entirely Failed to Object to Plaintiffs' Subpoena, Thus Waiving any Objections.

Rule 45 allows a non-party to serve objections to a subpoena "before the earlier of the time specified for compliance or 14 days after a subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "A nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived." *Moon*, 232 F.R.D. at 636; *see also Deal*, 127 F.R.D. at 167-69. Non-party OPD has failed to object under Fed. R. Civ. P. 45(d)(2)(B). **(Decl. of Brett D. Beyler, ¶ 4)**. Moreover, Defendants have neither moved to quash Plaintiffs' subpoena to OPD nor sought a protective order regarding Plaintiffs' subpoena to OPD. **(Beyler Decl., ¶ 5)**. Here, granting Plaintiffs' motion to compel is warranted because OPD and Defendants have failed to object to Plaintiffs' subpoena, thus waiving any objections OPD may have regarding production of the documents, things, and ESI requested by Plaintiffs' subpoena. Thus, this Court should grant Plaintiffs' motion to compel OPD's compliance with Plaintiffs' subpoena.

### C. Plaintiffs' Motion to Compel Should be Granted Because Plaintiffs Have Provided Non-Party OPD Reasonable Time to Comply with Plaintiffs' Subpoena.

Although "Rule 45 does not state how much time must be allowed between service of a subpoena and the date set for compliance[,] [t]he same "reasonable" time limit applicable to the notice of deposition" should be applied. *Rutter Group, Fed. Civ. Pro. Before Trial*, Ch. 11(IV)-F. Plaintiffs made their deposition served on OPD on August 24, 2020. **(Beyler Decl., ¶ 2)**. Further, on October 7, 2020, Plaintiffs attempted to meet and confer with OPD regarding the August 24, 2020 subpoena. **(Beyler Decl., ¶ 3)**.

However, as of the date of the filing of this motion, no response has been forthcoming from OPD and OPD has not produced any documents, things, or ESI. **(Beyler Decl., ¶ 4)**. Fed. R. Civ. P. 45(d)(2)(B) provides that objections must be served "before the earlier of the time specified for compliance or 14 days after a subpoena is served." However, as mentioned above, OPD has entirely failed to object. **(Beyler Decl., ¶ 4)**. Further, as of the date of the filing of this motion, no response has been forthcoming from OPD. **(Beyler Decl., ¶ 4)**. Plaintiffs contend the

more than seventy-five (75) day period OPD had to respond to Plaintiffs' subpoena is reasonable for the purposes of the Discovery Rules. (*See* e.g., Fed. R. Civ. P. 30(b)(1)). Moreover, OPD's failure to respond to Plaintiffs' meet and confer request indicates that OPD does not intend to respond to Plaintiffs' subpoena. Accordingly, this Court should compel OPD to comply with Plaintiffs' subpoena and to produce documents and things, and ESI, pursuant to Plaintiffs' subpoena.

## VI. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request this Court grant their motion to compel compliance with Plaintiffs' subpoena to produce documents and things, and ESI and to compel non-party OPD to provide adequate responses to Plaintiffs' subpoena to produce documents and things, and ESI.

Dated: November 13, 2020                MASTAGNI HOLSTEDT, A.P.C.


By:____/s/ Brett D. Beyler____
BRETT D. BEYLER
Attorney for Plaintiffs

**PROOF OF SERVICE (C.C.P.§1013a)**

SHORT TITLE OF CASE:   *Strickland v. Ujiri, et al.*
COURT NAME:            *USDC-Northern District*
CASE No.:              *4:20-CV-00981-YGR*

     I am a citizen of the United States and a resident of the County of Sacramento. I am over the age of 18 years and am not a party to the within action. My business address is 1912 I Street, Sacramento, CA 95811.

     On the date set forth below, I served the below-described document(s), on the parties listed herein, at the addresses set forth below, by serving a true copy, or original as required by law, of each by the following means of service:

✓   **BY U.S. FIRST-CLASS MAIL [C.C.P. §§1013 & 1013(a)]:**
    I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's business practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully paid.

✓   **BY ELECTRONIC SERVICE:**
    Based on a court order or an agreement of the parties to accept electronic service, I caused a .pdf version of the below-described documents to be sent to the persons at the electronic service addresses as set forth below.

NAME/DESCRIPTION OF DOCUMENT(S) SERVED:
**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL SUBPOENA COMPLIANCE**

ADDRESSES OF SERVICE:

| | |
|---|---|
| Joseph W. Cotchett<br>Emanuel B. Townsend<br>Tamarah Prevost<br>Cotchett, Pitre & McCarthy, LLP<br>840 Malcolm Road, Ste. 200<br>Burlingame, CA 94010<br>T: (650) 697-6000/F: (650) 697-0577<br>Email: <u>jcotchett@cpmlegal.com</u><br>      <u>etownsend@cpmlegal.com</u><br>      <u>tprevost@cpmlegal.com</u> | *Attorneys for Defendants Masai Ujiri, Toronto Raptors and Maple Leaf Sports & Entertainment* |
| Mark R. Conrad<br>Courtney C. Aasen<br>Conrad & Metlitzky LLP<br>Four Embarcadero Center, Ste. 1400<br>San Francisco, CA 94111<br>T: (415) 343-7100/F: (415) 343-7101<br>Email: <u>mconrad@conradmetlitzky.com</u><br>      <u>caasen@conradmetlitzky.com</u> | *Attorneys for Defendant National Basketball Association* |

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and was executed on November 13, 2020 at Sacramento, California.

_____
Sonia Santos