DAVID P. MASTAGNI, ESQ. (SBN 57721)
GRANT A. WINTER, ESQ. (SBN 266329)
BRETT D. BEYLER, ESQ. (SBN 319415)
**MASTAGNI HOLSTEDT, A.P.C.**
1912 "I" Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
Email: bbeyler@mastagni.com

Attorneys for Plaintiffs Alan & Kelly Strickland

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alan Strickland, an individual; and Kelly Strickland, and individual,<br><br>Plaintiffs,<br>vs.<br><br>MASAI UJIRI, an individual; TORONTO RAPTORS, a business entity, MAPLE LEAF SPORTS & ENTERTAINMENT, a business entity; NATIONAL BASKETBALL ASSOCIATION, INC.; and DOES 1 through 100, inclusive<br><br>Defendants. | Case No.: 4:20-cv-00981-YGR<br><br>**DECLARATION OF BRETT D. BEYLER IN SUPPORT OF NOTICE OF MOTION AND MOTION TO COMPEL SUBPOENA COMPLIANCE**<br><br>Date: December 22, 2020<br>Time: 2:00 p.m.<br>Courtroom: 1<br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Action Filed: February 7, 2020 |

I, Brett D. Beyler, declare:

1. I am an attorney, duly licensed to practice law within the State of California, employed as an associate attorney at Mastagni Holstedt, APC, the attorneys of record for Plaintiffs Alan and Kelly Strickland. I submit this declaration in support of Plaintiff's Motion to Compel Subpoena Responses. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. On August 24, 2020, I caused to be served on non-party Oakland Police Department ("OPD") a subpoena to produce documents and things, and electronically stored information ("ESI"), a true and correct copy of which is attached hereto as Exhibit "A".

///

1

3. On October 7, 2020, I sent a letter by first class mail and email to OPD records clerk Tracy Ton, requesting we meet and confer regarding the August 24, 2020 subpoena, a true and correct copy of which is attached hereto as Exhibit "B".

4. As of the date of the filing of this motion, OPD has entirely failed to respond or object to Plaintiffs' subpoena to produce documents and things, and ESI after more than 75 days since the issuance of the subpoena and over 30 days since the meet and confer request was sent.

5. Defendants have neither moved to quash Plaintiffs' subpoena to OPD nor sought a protective order regarding the information Plaintiffs' requested from OPD.

6. Plaintiffs are seeking relevant, proportionate, discoverable information in good faith and in accordance with the letter and spirit of Federal Rules of Civil Procedure 1 and 26.

7. Non-party OPD's failure to respond to Plaintiffs' subpoena to produce documents and things, and ESI was improper for the reasons set forth in the Memorandum of Points and Authorities attached hereto.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this November 13, 2020 in Sacramento, California.

By: /s/ BRETT D. BEYLER
BRETT D. BEYLER

# EXHIBIT "A"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| ALAN STRICKLAND, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:20-CV-000981-YGR |
| MASAI UJIRI, et al. | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Oakland Police Department: 455 7th Street, Oakland, CA 94607, (510)777-3333

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment "A"

| Place: MASTAGNI HOLSTEDT, A.P.C.<br>1912 "I" Street<br>Sacramento, CA 95811 | Date and Time:<br><br>09/07/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __08/17/2020__

                                    *CLERK OF COURT*

                                                                    *[signature]*
    _____       _____
       *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Plaintiffs Alan Strickland and Kelly Strickland_____ , who issues or requests this subpoena, are:
Brett D. Beyler, 1912 I Street, Sacramento, CA 95811.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:20-CV-000981-YGR

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

## DEFINITIONS

(1) "YOU" and "YOUR" shall means Oakland Police Department and anyone acting on YOUR behalf.

(2) "COMMUNICATION" or "COMMUNICATIONS" includes any contacts between or among two or more "PERSON" or "PERSONS," and includes, without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronic mail, or any other "DOCUMENTS," and oral contact by such means as face-to-face meetings and telephone conversations.

(3) "PERSON" or "PERSONS" includes a natural person, corporation, association, partnership, sole proprietorship, or public entity.

(4) "INCIDENT" refers to the circumstances and events occurring on June 13, 2019 at Oracle Arena located at 7000 Coliseum Way, Oakland, CA 94621 regarding an altercation between Alameda County Deputy Sheriff Alan Strickland Toronto Raptors President Masai Ujiri.

(5) "DOCUMENT" or "WRITING" means the original and any and all copies and any and all written, printed, typed, or otherwise recorded matter, however produced or reproduced, of every kind and description, in whatever form (*e.g.*, final draft versions) in your actual or constructive possession, custody, care or control, including, but not limited to, all writings, contracts, policy statements, manuals, telephone messages, telephone bills, checks, correspondence, letters, telegrams, notes, mailgrams, minutes of any meetings, agendas, memoranda, interoffice communications, reports, studies, forecasts, project analyses, work papers, charts, expense account reports, ledgers, journals, financial statements, statements of account, confirmation slips, calendars, appointment books, diaries, drawings, graphs, photographs, video or audio tape recordings, computer documents, or any other tangible things. The term "document" also means originals and copies of all of the above upon which notations in writing, print, or otherwise have been made, which do not appear on the originals. This definition covers all documents in your possession, custody or control, regardless of their location, including all copies of such documents, the contents of which differ in any respect from the original.

(6) "RELATING TO" and "RELATE TO" mean concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, compromising, showing, commenting upon, evidencing, or contradicting the subject

matter.

(7) "ANY" shall be understood to include and encompass "ALL." As used herein, the singular shall always include the plural and the present tense shall also include the past tense. The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all documents or things which might otherwise be construed to be outside its scope.

## INSTRUCTIONS

(8) Please take notice that, pursuant Rule 34 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), Plaintiffs request as follows:

(9) That YOU produce within the time specified within FRCP Rule 34, a written response to the request stating for each item or category, whether inspection and related activities will be permitted as requested, or YOUR objections to the request, including the reasons for the objection. If only part of a request is objected to, YOU must specify the part and permit inspection of the rest.

(10) Plaintiffs request ANY video produced pursuant to these requests be the raw video and raw data video files as first recorded, saved, and/or backed up onto hard drive following the subject incident.

(11) Plaintiffs request production of ESI (Electronically Stored Information) in the following format: all documents produced with a load file that defines document breaks, attachments, metadata, and with a cross-reference file that facilitates the linking of the produced file with a litigation database. For emails, word processing documents, and presentations, Plaintiffs request production in a TIFF format, with metadata and text searchable information extracted from the native file and produced as fielded metadata. Family relationships among email and attachments are to be maintained. Spreadsheets should be produced in native format. Meet and confer should be held to determine appropriate production of proprietary databases.

(12) The DOCUMENTS and ESI to be produced pursuant to these requests specifically embrace, in addition to DOCUMENTS and ESI within YOUR possession, custody, or control, DOCUMENTS and ESI within the possession, custody, or control of any of YOUR agents or representatives, including YOUR attorneys.

(13) If YOU claim any DOCUMENT or ESI responsive to any of the requests set forth below is privileged, and YOU withhold a DOCUMENT or ESI or any portion of a DOCUMENT or ESI on that basis, please provide the following information in writing with regard to each such

DOCUMENT or ESI, either at the time YOU serve responses to the request or at the time YOU produce DOCUMENTS or ESI: (a) the nature of the privilege YOU claim (*i.e.* attorney-client privilege, work product, *etc.*); (b) the facts upon which YOU rely as the basis for claiming the privilege; (c) on whose behalf YOU are asserting the privilege; (d) the title (if any) and the general subject matter of the DOCUMENT or ESI; (e) the person who prepared the DOCUMENT or ESI; (f) the date the DOCUMENT or ESI was prepared or transmitted; (g) each person to whom the DOCUMENT or ESI was directed, circulated, or shown; and (h) each person now in possession of the DOCUMENT or ESI.

(14) Notwithstanding YOUR assertion of any privilege, if YOU withhold any DOCUMENT or ESI on the basis of privilege, to the extent that withheld DOCUMENT contains non-privileged information, YOU may redact the portion of the DOCUMENT or ESI which is privileged and produce the DOCUMENT or ESI with redaction. If an adequate response is not received within the time the request is served upon YOU, all objections will be deemed waived and a formal motion to compel production will be made pursuant to Rule 34 of the FRCP, and applicable local rules at that time.

(15) Copies of the file tab or label in the file in which a DOCUMENT is called for in the Request is found shall be produced along with the documents found in this file.

(16) DOCUMENTS attached to each other should not be separated.

(17) DOCUMENTS not otherwise called for by this Request shall be produced if such DOCUMENTS refer, RELATE TO, or explain DOCUMENTS which are called for by this Request or if such DOCUMENTS are attached to DOCUMENTS called for by this Request.

(18) If YOU are aware that a DOCUMENT or thing, or group of DOCUMENTS or things, once existed, but has since been destroyed, Responding Party is requested to state when the DOCUMENT, group of DOCUMENTS, thing or group of things, was destroyed, why it was destroyed, an the circumstances under which it was destroyed.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1.**

ALL DOCUMENTS that RELATE TO or arise from ANY investigation of the INCIDENT at Oracle Arena including, but not limited to, correspondence, memoranda, notes, reports, and DOCUMENTS.

**DOCUMENT REQUEST NO. 2.**

· ANY DOCUMENTS, including video footage, audio recordings, and photographs depicting, reflecting, or revealing ANY interaction between Alameda County Deputy Sheriff Alan Strickland and Toronto Raptor's President Masai Ujiri on the date of the Incident.

**DOCUMENT REQUEST NO. 3.**

ANY DOCUMENTS, including video footage, audio recordings, and photographs depicting, reflecting, or revealing ANY within the arena from the time at which the Toronto Raptors won until the trophy ceremony concluded.

**DOCUMENT REQUEST NO. 4.**

ANY COMMUNICATION which RELATE TO Alameda County Deputy Sheriff Alan Strickland.

**DOCUMENT REQUEST NO. 5.**

ANY COMMUNICATION which RELATE TO Toronto Raptor's President Masai Ujiri.

Dated: August 17, 2020          **MASTAGNI HOLSTEDT, A.P.C.**


By: */s/ Brett D. Beyler*
    BRETT D. BEYLER
    Attorney for Plaintiffs

- 4 -
ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS

# PROOF OF SERVICE (C.C.P.§1013a)

SHORT TITLE OF CASE: *Strickland v. Ujiri, et al.*
COURT NAME: *USDC-Northern District*
CASE No.: *4:20-CV-00981-YGR*

I am a citizen of the United States and a resident of the County of Sacramento. I am over the age of 18 years and am not a party to the within action. My business address is 1912 I Street, Sacramento, CA 95811.

On the date set forth below, I served the below-described document(s), on the parties listed herein, at the addresses set forth below, by serving a true copy, or original as required by law, of each by the following means of service:

✓ **BY U.S. FIRST-CLASS MAIL [C.C.P. §§1013 & 1013(a)]:**
I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's business practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully paid.

✓ **BY ELECTRONIC SERVICE:**
Based on a court order or an agreement of the parties to accept electronic service, I caused a .pdf version of the below-described documents to be sent to the persons at the electronic service addresses as set forth below.

NAME/DESCRIPTION OF DOCUMENT(S) SERVED:
**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION FOR OAKLAND POLICE DEPARTMENT**

ADDRESSES OF SERVICE:

| | |
|---|---|
| Joseph W. Cotchett<br>Emanuel B. Townsend<br>Tamarah Prevost<br>Cotchett, Pitre & McCarthy, LLP<br>840 Malcolm Road, Ste. 200<br>Burlingame, CA 94010<br>T: (650) 697-6000/F: (650) 697-0577<br>Email: jcotchett@cpmlegal.com<br>      etownsend@cpmlegal.com<br>      tprevost@cpmlegal.com | *Attorneys for Defendants Masai Ujiri, Toronto Raptors and Maple Leaf Sports & Entertainment* |
| Mark R. Conrad<br>Courtney C. Aasen<br>Conrad & Metlitzky LLP<br>Four Embarcadero Center, Ste. 1400<br>San Francisco, CA 94111<br>T: (415) 343-7100/F: (415) 343-7101<br>Email: mconrad@conradmetlitzky.com<br>      caasen@conradmetlitzky.com | *Attorneys for Defendant National Basketball Association* |

I declare under penalty of perjury, under the laws of the State of California, that the

PROOF                                                                                          1 | P a g e

foregoing is true and correct and was executed on August 20, 2020 at Sacramento, California.

*/s/ Sonia Santos*
Sonia Santos

EXHIBIT "B"

DAVID P. MASTAGNI
JOHN R. HOLSTEDT
CRAIG E. JOHNSEN
BRIAN A. DIXON
STEVEN W. WELTY
STUART C. WOO
DAVID E. MASTAGNI
RICHARD J. ROMANSKI
PHILLIP R.A. MASTAGNI
KATHLEEN N. MASTAGNI STORM
SEAN D. HOWELL
WILLIAM P. CREGER
SEAN D. CURRIN
DANIEL L. OSIER
KENNETH E. BACON
JOHN H. BAKHIT
GRANT A. WINTER
JOSHUA A. OLANDER
TASHAYLA D. BILLINGTON
HOWARD A. LIBERMAN
ZEBULON J. DAVIS

Sacramento Office
1912 I Street
Sacramento, CA
95811
(916) 446-4692
Fax (916) 447-4614
Tax ID #94-2678460

Rancho Cucamonga Office
(909) 477-8920

Chico: (530) 895-3836
San Jose: (408) 292-4802
Stockton: (209) 948-6158
Los Angeles: (213) 640-3529

DOUGLAS T. GREEN
SETH A. NUNLEY
MARK E. WILSON
MELISSA M. THOM
JASON M. EWERT
JONATHAN D. CHAR
BRETT D. BEYLER
VANESSA A. MUNOS
KIMBERLY A. VELAZQUEZ
JOSEPH A. HOFFMANN
WILLIAM M. CLARK
MICHAEL P. R. REED
JIZELL K. LOPEZ
CHERYL CARLSON
ANISH K. SINGH
JOEL M. WEINSTEIN
MARILIA P.F. GINSBERG
ADAM HAHN
TAYLOR DAVIES-MAHAFFEY
SPENCER BOUVE
NATHAN SENDEROVICH



MASTAGNI ☰☰☰ HOLSTEDT
*A Professional Corporation*

All Correspondence to Sacramento Office
www.mastagni.com

October 7, 2020

***Sent via U.S. Mail & Email***

Tracy Ton, Police Records Clerk
Oakland Police Department (Records Section)
455 7th Street Ste. 306
Oakland, CA 94607
opdpublicrecordsrequest@oaklandnet.com

   Re: *Strickland v. Ujiri, et al.* *(N.D. Case No. 4:20-CV-00981-YGR)*

Ms. Ton,

Please consider this a meet and confer letter pursuant to FRCP 37(a)(1). This letter aims to meet and confer regarding discovery in the above captioned matter.

**August 17, 2020 Subpoena.**

On August 17, 2020, our office made a Subpoena served on your organization, pursuant to FCRP 34, requesting the following:

Documents and Electronically Stored Information (ESI) including:

1. ALL DOCUMENTS that RELATE TO or arise from ANY investigation of the INCIDENT at Oracle Arena including, but not limited to, correspondence, memoranda, notes, reports, and DOCUMENTS.

2. ANY DOCUMENTS, including video footage, audio recordings, and photographs depicting, reflecting, or revealing ANY interaction between Alameda County Deputy Sheriff Alan Strickland and Toronto Raptor's President Masai Ujiri on the date of the Incident.

3. ANY DOCUMENTS, including video footage, audio recordings, and photographs depicting, reflecting, or revealing ANY within the arena from the time at which the Toronto Raptors won until the trophy ceremony concluded.

5. ANY COMMUNICATION which RELATE TO Toronto Raptor's President Masai Ujiri.

For purposes of this subpoena, the term "DOCUMENT" is defined by FCRP 34(a)(1)(A)-(B), as any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or any designated tangible things.

Date of Incident:          June 13, 2019
Date range requested:   June 13, 2019 to present

Our office never received a response to the above-described production requests. Please inform our office how you intend to proceed with this matter. Please provide the above requested information in accordance with the subpoena or contact me to meet and confer regarding any information that cannot or will not be provided. If I do not hear back from you by October 20, 2020, I will be forced to set a deposition with production of documents pursuant to FRCPs 34, 45(a)(iii) and/or 30(b)(6).

Please contact me at my direct line (916) 491-4237 or my work cell (916) 671-2015 or my email bbeyler@mastagni.com so we can continue to meet and confer.

MASTAGNI HOLSTEDT, A.P.C.

BRETT D. BEYLER
Attorney for Plaintiffs',
ALAN STRICKLAND and
KELLY STRICKLAND

# PROOF OF SERVICE (C.C.P.§1013a)

SHORT TITLE OF CASE: ***Strickland v. Ujiri, et al.***
COURT NAME: ***USDC-Northern District***
CASE No.: ***4:20-CV-00981-YGR***

I am a citizen of the United States and a resident of the County of Sacramento. I am over the age of 18 years and am not a party to the within action. My business address is 1912 I Street, Sacramento, CA 95811.

On the date set forth below, I served the below-described document(s), on the parties listed herein, at the addresses set forth below, by serving a true copy, or original as required by law, of each by the following means of service:

✓ **BY U.S. FIRST-CLASS MAIL [C.C.P. §§1013 & 1013(a)]:**
I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's business practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully paid.

✓ **BY ELECTRONIC SERVICE:**
Based on a court order or an agreement of the parties to accept electronic service, I caused a .pdf version of the below-described documents to be sent to the persons at the electronic service addresses as set forth below.

NAME/DESCRIPTION OF DOCUMENT(S) SERVED:
**DECLARATIO OF BRETT D. BEYLER IN SUPPORT OF NOTICE OF MOTION AND MOTION TO COMPEL SUBPOENA COMPLIANCE**

ADDRESSES OF SERVICE:

| | |
|---|---|
| Joseph W. Cotchett<br>Emanuel B. Townsend<br>Tamarah Prevost<br>Cotchett, Pitre & McCarthy, LLP<br>840 Malcolm Road, Ste. 200<br>Burlingame, CA 94010<br>T: (650) 697-6000/F: (650) 697-0577<br>Email: jcotchett@cpmlegal.com<br>        etownsend@cpmlegal.com<br>        tprevost@cpmlegal.com | *Attorneys for Defendants Masai Ujiri, Toronto Raptors and Maple Leaf Sports & Entertainment* |
| Mark R. Conrad<br>Courtney C. Aasen<br>Conrad & Metlitzky LLP<br>Four Embarcadero Center, Ste. 1400<br>San Francisco, CA 94111<br>T: (415) 343-7100/F: (415) 343-7101<br>Email: mconrad@conradmetlitzky.com<br>        caasen@conradmetlitzky.com | *Attorneys for Defendant National Basketball Association* |

PROOF                                                                 1 | P a g e

1  I declare under penalty of perjury, under the laws of the State of California, that the
2  foregoing is true and correct and was executed on November 13, 2020 at Sacramento, California.

_____
Sonia Santos