Matthew M. Grigg, SBN 195951
mmg@grigglegal.com
**Law Offices of Matthew M. Grigg**
1700 N. Broadway, Ste. 360
Walnut Creek, CA 94596
510-703-4576

Co-Counsel for Plaintiff/Counter-Defendant Alan Strickland

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALAN STRICKLAND, et al., | Case No.: 20-cv-000981-YGR |
| Plaintiffs, | **PLAINTIFF/COUNTER-DEFENDANT DEPUTY ALAN STRICKLAND'S SUPPLEMENTAL BRIEFING ON MOTION TO DISMISS** |
| v. | |
| MASAI UJIRI, et al. | |
| Defendants, | |
| and Related Counteraction. | |

## I. Introduction

In response to the Court's invitation for supplemental briefing, this demonstrates that:

1. Mr. Ujiri's counterclaims' allegations and exhibits unequivocally confirm that Deputy Strickland **was** acting in the scope of his employment with Alameda County's sheriff's office (ACSO) when he supposedly acted tortiously.

2. "Equity" does **not** excuse Mr. Ujiri's noncompliance with the "mandatory" tort claim presentation requirement because: (a) his noncompliance rendered his state law counterclaims untenable before this suit was filed, and (b) no facts support any of the few "recognized" and legally acceptable excuses for noncompliance regardless.

3. The "firefighter's rule" is inapplicable for multiple reasons, including that Mr. Ujiri knowingly assaulted a peace officer.

## II. Mr. Ujiri's Allegations & Exhibits Unequivocally Confirm Deputy Strickland Was Acting In The Course Of His County Employment

A. <u>"Scope of Employment" Is Interpreted "Broadly"</u>

In California, "scope of employment" is interpreted "broadly." *See*, *e.g.*, *Morales-Simental v. Genentech*, *Inc.*, 16 Cal.App.5th 445, 452 (2017). Conduct falls within the "scope of employment" if it is an "outgrowth" of, is "engendered by," or "ar[o]se from" an employee's work, or is "broadly incidental" to the employer's business. *See*, *e.g.*, *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal.4th 291, 298, 300, 306 (1995).

Conduct thus may fall within employment's scope even when it: (1) is "malicious," "[un]authorized," and/or "criminal" (*Lisa M*., 12 Cal.4th at 296-97), (2) "contravenes an express company rule and confers no benefit to the employer" (*Farmers Ins. Group v. County of Santa Clara*, 11 Cal.4th 992, 1004 (1995)) and/or (3) the employee's "predominant motive…is to benefit himself or a third person." *Moreno v. Visser Ranch, Inc*., 30 Cal. App. 5th 568, 584 (2018).

B. <u>Mr. Ujiri's Allegations & Exhibits Confirm Deputy Strickland Was Acting In The Scope Of His County Employment</u>

Mr. Ujiri confirms Deputy Strickland was acting in the course of his work for the County's sheriff's office via his allegations that:

1. Deputy Strickland was an "Alameda County Sheriff's Office Deputy" "**working**" at the time of the altercation (Counterclaims, ¶¶14 (ECF-Doc. 43, pp. 20)),
2. he was providing "**security**,"[1] and
3. the employer for whom he was working at that time ("at all times relevant") was "**the Alameda County Sheriff's Office**." *Id.*, ¶55.

Mr. Ujiri's exhibits further confirm this by showing Deputy Strickland in full ACSO uniform "at his security post" throughout the entirety of the "11 second encounter," during which the allegedly tortious pushes occurred directly after Mr. Ujiri ignored the private security official's request to see his credential, ignored Deputy Strickland's repeated instructions that Mr. Ujiri show that official his credential, and aggressively brushed Deputy Strickland's hand away when Deputy Strickland tried to gently redirect him back to the private security official. *See* Exhs. 1(a)-1(c); Exh. 2 (Miller Decl., ¶2) (ECF-Doc. 43, p. 45).

Because the undisputed facts evident from Mr. Ujiri's allegations and exhibits thus unequivocally confirm the pertinent truth – that Deputy Strickland *was* acting in the course of his County employment – any contrary inference would be unreasonable. Therefore, as a matter of law, the scope of employment issue cannot prevent dismissal. *See, e.g.*, *Teixeira v. County of Alameda*, 873 F.3d 670, 679 (9th Cir. 2017) ("[U]nreasonable inferences...are insufficient to defeat a motion to dismiss.").

### III. As A Matter Of Law, "Equity" Furnishes No Legally Cognizable Basis For Excusing Mr. Ujiri's Undisputed Noncompliance With The Claim Presentation Requirement

The Court's order raises the question whether "equity" would "require Ujiri to plead counterclaims on the same set of facts without the requirement of a CTCA filing with the County." By this, the Court apparently is concerned that: (1) because FRCP 13 requires defendants to assert with their answers all counterclaims arising from the same transaction or occurrence on which a

---

[1] *See id.*, ¶14 (referring to Deputy Strickland's function as "security guard"); *see also id.* at ¶18 (further confirming Deputy Strickland's role by alleging he "could have asked [to see Mr. Ujiri's] credentials"); *id.*, ¶2 (alleging Deputy Strickland "was *a law enforcement officer using [his] position*.") (emphasis added); Exhs. 1(a)-1(c) (showing Deputy Strickland providing security-type services all times relevant).

plaintiff's claim is premised, (2) unless we create some sort of equitable exception, litigants like Mr. Ujiri would be unfairly precluded from asserting state law counterclaims against a public entity or employee, solely because they did not have an opportunity to submit a tort claim before their answers were due. However, such concerns of unfairness are utterly absent here. Mr. Ujiri had the full opportunity afforded by law. He just never pursued it.

To explain, the two non-injurious pushes on which all Mr. Ujiri's counterclaims are premised occurred on June 13, 2019. *See* Counterclaims, ¶10. This means that Mr. Ujiri was required to submit a tort claim to the County Board of Supervisors within six months (i.e., by December 2019) if he wished to later assert any state law claim premised on the notion that the two pushes were tortious. Govt. Code §911.2. But, as Mr. Ujiri conceded in his Opposition, he did not do so. He did not do so prior to the February 2020 filing of this lawsuit, prior to filing his April 2020 answer, or even prior to filing his September 2020 amended answer and counterclaims – *months* after it was too late even to petition for leave to submit a late claim. Govt. Code §911.4.

Therefore, this is not a case in which Rule 13's application would inequitably preclude a claimant from asserting state law claims by depriving him of a fair opportunity to submit a tort claim. This is a case in which a litigant simply made no effort whatsoever to timely comply with the "mandatory" claim presentation requirement. Excusing utter noncompliance by litigants like Mr. Ujiri who – by happenstance – are sued by a public employee long after the six-month deadline for tort claim submission thus would result in ***arbitrary*** outcomes, not ***equitable*** ones. *Cf. Smith v. Davis*, 953 F.3d 582, 590 (9th Cir. 2020) ("equity aids the vigilant, not those who slumber on their rights"); *Martell v. Antelope Valley Hosp. Med. Ctr.*, 67 Cal.App.4th 978 (1998) ("[T]hat equity abhors a forfeiture [citation] does not excuse him from complying with the law.")

Also, Rule 13 never would deprive *anyone* of the full statutory period in which to submit a tort claim in the manner Mr. Ujiri proposes because: (1) the rule applies *exclusively* to claims a litigant "has" when he or she serves his or her responsive pleading,[2] and (2) because compliance

---

[2] *See* Fed. R. Civ. P. 13 ("A pleading must state as a counterclaim any claim that—*at the time of its service*—the pleader *has* against an opposing party if the claim…arises out of the transaction or occurrence that is the subject matter of the opposing party's claim….") (Emphasis added).

with the tort claims presentation statutes is a mandatory "element" of a claim against a public entity or employee (a "substantive limitation"), a litigant "*has*" no state law claim for money or damages against a public entity or employee until and unless that element is satisfied. *See State v. Sup. Court (Bodde)*, 32 Cal. App.4th 1234 (2004).

But, more importantly, exempting litigants who have failed to submit the requisite tort claim from the CTCA statutes that govern all other litigants, simply because a public employee happened to sue them, would clash irreconcilably with governing law. The Tort Claims Act's aim is to "confine potential governmental liability to ***rigidly delineated circumstances***." *Munoz v. State of California*, 33 Cal.App.4th 1767, 1776 (1995) (emphasis added). Mr. Ujiri thus is not at liberty to contrive a new pseudo-equitable excuse for his noncompliance. Instead, "[a] cause of action that is subject to the statutory claim procedure **must** allege either that the plaintiff complied with the claims presentation requirement, or that a ***recognized*** exception or excuse for noncompliance exists." *Gong v. City of Rosemead*, 226 Cal. App. 4th 363, 374 (2014) (emphasis added). And no aspect of California law **ever** has "***recognized***" as a legitimate exception or excuse for noncompliance *anything* evident from the facts here.

Indeed, as Deputy Strickland demonstrated previously, Mr. Ujiri has not alleged facts supporting **any** "recognized" exception or excuse. He has not alleged: (1) that any County employee affirmatively mislead or threatened him to prevent him from timely submitting a tort claim, or (2) that he submitted a tort claim that, though technically deficient, gave the County Board of Supervisors the requisite *pre-suit* opportunities: (a) to avoid the litigation expenses to which Mr. Ujiri is now subjecting the County and its taxpayers, (b) to better enable the County to defend Deputy Strickland through prompt investigation of the notion that he (rather than Mr. Ujiri) used unreasonable force, (c) to take the financial implications of suit into account in light of its duties to defend and indemnify its employees, and (d) to avoid similar future liabilities. *See* Counterclaims. The *Krainock* exception is similarly inapplicable because the claims presentation statutes' aims have not been satisfied, no public "*entity*" initiated this suit, and Mr. Ujiri seeks affirmative relief rather than asserting "only ***defensive*** matter." *Krainock v. Sup. Ct.*, 216 Cal.App.3d 1473 (1990) (emphasis added).

Because Mr. Ujiri has conceded noncompliance with the claim presentation requirement, and has not offered facts supporting any "recognized" excuse or exception, the law mandates dismissal of his state law counterclaims. *See*, *e.g.*, *Gong*, 226 Cal. App. 4th at 374; *Nguyen v. L.A. County Harbor/UCLA Med. Ctr.*, 8 Cal.App.4th 729 (1992); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F. 2d 621 (9th Cir. 1988).

### III. The Firefighter's Rule Does Not Apply For Multiple Reason

The "firefighters' rule" does not apply in the context of Deputy Strickland's motion to dismiss because it cannot salvage or bar Mr. Ujiri's counterclaims.

The rule also does not apply to Deputy Strickland's claims because it does not apply to "independent acts of misconduct" – such as Mr. Ujiri's assault – "that are committed after the…officer has arrived on the scene." *Vasquez v. N. Cty. Transit Dist.*, 292 F.3d 1049, 1054 (9th Cir. 2002).

As the evidence also would show, in the unlikely event Mr. Ujiri tried to assert the defense, the rule's application also would be foreclosed because, among other things:

1. Mr. Ujiri assaulted and injured Deputy Strickland after he "kn[ew] or should have known of [Deputy Strickland's] presence,"
2. Deputy Strickland's presence was not due to Mr. Ujiri's assaultive behavior, and/or
3. because Mr. Ujiri intended to injure Deputy Strickland. *See* Civil Code §1714.9(a).

### IV. Conclusion

The facts evident from Mr. Ujiri's allegations, arguments, and exhibits confirm that his counterclaims are unsustainable and that amendment could not salvage them. The counterclaims thus should be dismissed **without** leave to amend.

Respectfully submitted:

Dated: November 23, 2020　　　　　　　　LAW OFFICES OF MATTHEW M. GRIGG

/s/ Matthew M. Grigg

_____
Matthew M. Grigg
Co-Counsel for Plaintiff/
Counter-Defendant Alan Strickland