JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
EMANUEL B. TOWNSEND (SBN 305373)
etownsend@cpmlegal.com
TAMARAH PREVOST (SBN 313422)
tprevost@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Counsel for Defendants Masai Ujiri, Toronto Raptors, and Maple Leaf Sports & Entertainment*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

**ALAN STRICKLAND**, an individual; and **KELLY STRICKLAND**, an individual,

Plaintiffs,

v.

**MASAI UJIRI**, an individual; et al.

Defendants.

---

**MASAI UJIRI**, an individual,

Defendant/Counterclaimant,

v.

**ALAN STRICKLAND**, an individual,

Plaintiff/Counter-Defendant.

**Case No. 4:20-cv-00981-YGR**

**DEFENDANT MASAI UJIRI'S SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS**

## TABLE OF CONTENTS

Page No.

I. **INTRODUCTION** .......... 1

II. **ARGUMENT** .......... 1

A. Strickland Assumed the Risk of the 11-Second Encounter, and the Firefighter's Rule Applies .......... 1

1. Strickland Assumed the Risk of the 11-Second Encounter at Issue in this Dispute .......... 2

2. Strickland's $142,000+ Compensation Through the Workers' Compensation System Brings Him Squarely Within the Firefighter's Rule .......... 3

B. Ujiri's Counterclaim is Sufficiently Pled to Avoid Dismissal Under the CTCA .......... 4

C. Equity Requires Permitting Ujiri's Claims to Proceed, Regardless of the CTCA .......... 5

III. **CONCLUSION** .......... 5

# TABLE OF AUTHORITIES

**Page No(s).**

**Cases**

*Burgdorf v. Funder*
246 Cal.App.2d 443 (1966) ........................................ 4

*Calatayud v. State of California*
18 Cal.4th 1057 (1998) ........................................ 3

*City of Los Angeles v. O'Brian*
201 Cal. Rptr. 561 (Cal. App. 2d Dist. 1984) ........................................ 1

*City of Redlands v. Sorensen*
221 Cal. Rptr. 728 (Cal. App. 4th Dist. 1985) ........................................ 2

*Hamilton v. Martinelli & Associates*
110 Cal.App.4th 1012 (2003) ........................................ 1, 2

*Hodges v. Yarian*
53 Cal.App.4th 973 (1997) ........................................ 2

*Lenthall v. Maxwell*
138 Cal.App.3d 716 (1982) ........................................ 3

*Neal v. Gatlin*
35 Cal.App.3d 871 (1973) ........................................ 4

*Neighbarger v. Irwin Industries, Inc.*
8 Cal.4th 532 (1994) ........................................ 1, 2, 5

*Orozco v. County of Yolo*
814 F.Supp. 885 (E.D. Cal. 1993) ........................................ 2

*Rabkin v. Dean*
856 F.Supp. 543 (N.D.Cal.1994) ........................................ 4

*Rowland v. Shell Oil Co.*
179 Cal.App.3d 399 (1986) ........................................ 3

*Seibert Security Services, Inc. v. Superior Court*
18 Cal.App.4th 394 (1993) ........................................ 3

*Wilson-Combs v. California Dept. of Consumer Affairs*
555 F.Supp.2d 1110 (E.D. Cal. 2008) ........................................ 4

*Yamaguchi v. Harnsmut*
106 Cal.App.4th 472 (2003) ........................................ 3

## I. INTRODUCTION

The Court correctly identified the firefighter's rule as a powerful equity consideration in deciding whether Mr. Ujiri's claims against Strickland should proceed. The rule recognizes that police officers regularly encounter risk, and to permit them to sue private individuals for injuries arising from that risk would be unjust. Such suits also risk double recovery, a particularly fitting consideration here in light of the over $142,000 Strickland has received in public workers' compensation benefits, purportedly for injuries resulting from an 11-second encounter *he himself initiated*. Whether Strickland is ultimately deemed a "public employee" or not, he undisputedly assumed the risk of this encounter, and the CTCA should not bar Mr. Ujiri's counterclaims as a matter of equity.

## II. ARGUMENT

### A. Strickland Assumed the Risk of the 11-Second Encounter, and the Firefighter's Rule Applies

The "firefighter's rule," although no longer limited to firefighters, bars recovery by a firefighter, peace officer, or similar employee for injuries caused by the very misconduct that created the risk leading to the employee's presence. *See Hamilton v. Martinelli & Associates*, 2 Cal. Rptr. 3d 168, 178 (Cal. App. 4th Dist. 2003). This rule is rooted in assumption of the risk: a legal precept recognizing that one who has knowingly and voluntarily confronted a hazard cannot recover for injuries sustained thereby and is "an example of the proper application of the doctrine of assumption of risk."[1] *Hamilton*, 110 Cal.App.4th at 1025–1026 (2003), citing *Neighbarger v. Irwin Industries, Inc.*, 8 Cal.4th 532, 538 (1994). The firefighter's rule applies to both intentional and unintentional conduct. *See, e.g.*, *City of Los Angeles v. O'Brian*, 201 Cal. Rptr. 561, 562 (Cal. App. 2d Dist. 1984) (firefighter's rule barred police officer's claims for injuries caused when defendant intentionally drove a van into the officer's vehicle). Although there are exceptions to the firefighter's rule, the exceptions only apply where the injury causing conduct does not arise from the very misconduct that necessitated the officer's presence. *See City of Redlands v. Sorensen*, 221 Cal. Rptr. 728, 733 (Cal.

[1] Mr. Ujiri raised **assumption of the risk** as an affirmative defense in his answer. *See* Dkt. 43, at 11.

App. 4th Dist. 1985) ("Civil Code section 1714.9. . . . [D]oes not represent a change in the law. [It simply codifies the] longstanding exception to application of the fireman's rule [that] applies where the injury was caused by an act of misconduct independent of the conduct that necessitated the officer's or fireman's presence on the scene."); *see also*, *Orozco v. County of Yolo*, 814 F.Supp. 885, 898 (E.D. Cal. 1993) (Firefighter's rule barred police officer's counterclaims because he was injured by "a criminal act (being shot by a drug suspect) which was not independent of the reason he was called to the scene (to execute a drug search warrant)"). Put simply, "emergency personnel may not recover for injuries which are caused by the very conduct which necessitated their presence at the scene." *Orozco*, *supra*, 814 F.Supp. at 897; *see also Hodges v. Yarian*, 53 Cal.App.4th 973, 978 (1997) (same); *Hamilton v. Martinelli & Associates*, 110 Cal.App.4th 1012, 1025–1026 (2003) (same). If the injury is caused by the particular dangers that police officers are expected to assume as part of their duties, they cannot recover damages from the tortfeasor. *Hodges*, *supra*, 53 Cal.App.4th at 979. The tortfeasor in this case is alleged to be Masai Ujiri, an innocent victim of Strickland's conduct.

The firefighter's rule reflects "a public policy precluding recovery for those who are injured by the very hazard they have been employed to confront." *Hodges, supra,* 53 Cal.App.4th at 979. As explained further below, this rule evokes deeply rooted equity rationales that strongly support permitting Mr. Ujiri's claims to proceed.

**1. Strickland Assumed the Risk of the 11-Second Encounter at Issue in this Dispute**

Plaintiff Alan Strickland has alleged the 11-second encounter forming the basis of this dispute arose from Mr. Ujiri's active resistance to Plaintiff's attempt to prevent Mr. Ujiri from accessing the basketball court. *See* Dkt. 1, at ¶¶ 21-23. Courts have repeatedly recognized police officers assume the risks associated with resistance under similar circumstances, finding "apprehending and arresting a criminal suspect, with the use of necessary force in response to active resistance—are inherently part of the job of a deputy sheriff, and precisely the types of hazard[s] [they have] been trained and [are] employed to confront." *Hodges*, *supra*, 53 Cal.App.4th at 981, citing *Neighbarger*, *supra*, 8 Cal.4th at 539. This is true even

when the alleged injuries are far more serious than those Strickland alleges he suffered here. *See e.g., Lenthall v. Maxwell*, 138 Cal.App.3d 716 (1982) (finding the firefighter's rule bars a police officer's claim of being shot "where a police officer ... should reasonably anticipate that one of the persons whom he was called on to subdue might resist him by the use of the firearms involved.")

Strickland should have anticipated Mr. Ujiri's "resistance" (and self-defense) in the 11-second encounter between them, which occurred in a crowded sports event. He is now using it as a basis to claim alleged injury. And indeed, Strickland himself described that he anticipated "any number of possibly serious crimes" including "vandalism," "assaults on players," "stabbing," "assaults on coaches," "player-fan brawls," "and even mass murder or terrorism." *See* Dkt 45, at 8. In Strickland's words: "The same threats persisted" when Mr. Ujiri, approached him, and Mr. Ujiri's conduct "risked . . . potentially committing any number of serious crimes." *Id*. And Strickland's own body camera footage shows he was the first aggressor. His assumption of the risk in choosing to initiate an attack should be even more pronounced, given these admissions.[2]

**2. Strickland's $142,000+ Workers' Compensation (To Date) Through the Workers' Compensation System Brings Him Squarely Within the Firefighter's Rule**

The firefighter's rule arises from an acknowledgement that police officers "are public employees who receive special salary, disability, and retirement benefits to compensate them for confronting the dangers posed by that negligence." *Hamilton*, *supra*, 110 Cal.App.4th at 540, 543–544.). The rule is "based upon a public policy decision to meet the public's obligation to its officers collectively through tax-supported compensation rather than through individual tort recoveries." *Calatayud v. State of California*, 18 Cal.4th 1057, 1062 (1998); *Yamaguchi v. Harnsmut*, 106 Cal.App.4th 472, 479–480 (2003); *Hodges*, *supra*, 53 Cal.App.4th at 984–985 (noting that California peace officers remedy for injuries inflicted by risks attendant to their work is the "system of special public benefits established to

[2] Courts have invoked the firefighter's rule even if the conduct is not identical to what was expected. *See Seibert Security Services, Inc. v. Superior Court* 18 Cal.App.4th 394 (1993); *Rowland v. Shell Oil Co*., 179 Cal.App.3d 399 (1986)

compensate the officer"). Strickland has been paid over $142,000.00 in workers' compensation benefits purportedly resulting from the 11-second encounter between him and Mr. Ujiri. *See* Dkt. 32. The cost-spreading rationale, described as a "critical public policy reason[] underlying the firefighter's rule" is undeniably served here. *Calatayud*, *supra*, 18 Cal.4th at 1070.

**B. Ujiri's Counterclaim is Sufficiently Pled to Avoid Dismissal Under the CTCA**

The CTCA should not bar Ujiri's claims, regardless of whether Strickland was a public employee as a technical matter. At this early stage, the precise nature of Strickland's status as a public employee is not dispositive. In his written discovery responses, Strickland contends he was an Alameda County Sheriff's Office ("ASCO") employee at the time of the encounter.

Even if Strickland was working as an Alameda County public employee at the time of the encounter, his intentional conduct likely brings him outside the CTCA's scope. While a plaintiff bringing suit against a public employee must comply with the exhaustion requirements of the CTCA (Gov. Code § 950.2), when the alleged acts fall outside the scope of his employment, "a prerequisite claim pursuant to the Tort Claims Act is not required." *Wilson-Combs v. California Dept. of Consumer Affairs*, 555 F.Supp.2d 1110, 1118 (E.D. Cal. 2008) *citing Rabkin v. Dean*, 856 F.Supp. 543, 552 (N.D.Cal.1994).

"Generally, California courts determine that a public employee is acting in the course and scope of his employment when he is engaged in work he was employed to perform." *Burgdorf v. Funder*, 246 Cal.App.2d 443 (1966); *see also Neal v. Gatlin*, 35 Cal.App.3d 871, 875 (1973). Employees acting intentionally tortious however, have been found to be acting outside their public employment. *See Wilson-Combs v. California Dept. of Consumer Affairs*, 555 F.Supp.2d 1110, 1118–1119 (E.D. Cal. 2008) (finding a defendant who "intentionally bumped the person of Plaintiff and obstructed her path in the workplace" in an "oppressive" and "malicious" not within "the scope of employment" at the pleading stage). Here, Strickland's wrongful acts, amounting to assault, battery and unjustified excessive force, are intentional torts outside the scope of his job as a deputy sheriff performing security for Game 6. And Ujiri's claims are against Strickland as an individual, not against ACSO. The CTCA should not bar Ujiri's claims under these circumstances.

### C. Equity Requires Permitting Ujiri's Claims to Proceed, Regardless of the CTCA

Ujiri's claims against Strickland, in response to Strickland's claims against him, should not be barred by a procedural rule specific to public entities. Strickland – as an individual – is bringing a claim against Ujiri in his personal capacity, and Ujiri should be permitted to do the same. Mr. Ujiri first had a game-winning, career-making moment snatched from him by Strickland's infliction of unjustified force against him. Strickland then, nearly eight months later, drew out that attack by initiating a frivolous lawsuit against Mr. Ujiri resulting in nearly two years of litigation resulting from an 11-second encounter.

Undeniably, police officers have one of the most difficult and dangerous jobs in our country. They are heavily trained and given deadly weapons to prepare for this risk. The firefighter's rule clarifies that the civil justice system does not accommodate lawsuits from police officers against private citizens for conduct squarely within the scope of what they are trained (and paid) to confront. For Strickland to use the CTCA as a shield, preventing Ujiri from vindicating his rights and asserting claims against him would not only be unjust, but it would also directly contravene well-established principles of equity deeply rooted in California law. *See Neighbarger*, *supra*, 8 Cal.4th at 540. Strickland's motion to dismiss should be denied.

## III. CONCLUSION

As the foregoing makes clear, the firefighter's rule and overarching precepts of equity should not prevent Ujiri from bringing his claims because he did not file a CTCA claim. Strickland's motion to dismiss should be denied in full.

Dated: November 23, 2020

**COTCHETT, PITRE & McCARTHY, LLP**

By: *[/s/ Tamarah P. Prevost]*

JOSEPH W. COTCHETT
EMANUEL B. TOWNSEND
TAMARAH P. PREVOST

*Counsel for Defendants Masai Ujiri, Toronto Raptors, and Maple Leaf Sports & Entertainment*