JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
EMANUEL B. TOWNSEND (SBN 305373)
etownsend@cpmlegal.com
TAMARAH PREVOST (SBN 313422)
tprevost@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577

*Counsel for Defendants Masai Ujiri, Toronto Raptors, and Maple Leaf Sports & Entertainment*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **ALAN STRICKLAND**, an individual; and **KELLY STRICKLAND**, an individual,<br><br>                Plaintiffs,<br>v.<br>**MASAI UJIRI**, an individual; et al.<br><br>                Defendants. | **Case No. 4:20-cv-00981-YGR**<br><br>**DEFENDANTS MASAI UJIRI, TORONTO RAPTORS, AND MAPLE LEAF SPORTS & ENTERTAINMENT'S REPLY IN SUPPORT OF SUPPLEMENTAL BRIEF** |
| **MASAI UJIRI**, an individual,<br><br>                Defendant/Counterclaimant,<br>v.<br>**ALAN STRICKLAND**, an individual,<br><br>       Plaintiff/Counter-Defendant. | |

**DEFENDANTS' REPLY IN SUPPORT OF SUPPLEMENTAL BRIEF;**
Case No. 4:20-cv-000981-YGR

## I. INTRODUCTION

The narrow issue before the Court is whether Strickland should be permitted to: 1) initiate unjustified force against Mr. Ujiri, 2) sue Mr. Ujiri, then 3) claim he is a public employee and thus protected under the auspices of the CTCA when Mr. Ujiri seeks to vindicate his claims in a countersuit. For the reasons set forth below, Mr. Ujiri submits that he should not. Strickland's public employment status is not ultimately determinable by the pleadings, but more importantly, strong governing principles of equity apply to permit Mr. Ujiri's claims to proceed.

## II. ARGUMENT

### A. Whether Strickland Was Acting in the Scope of his Employment as a County Employee is Not "Unequivocally Confirmed" as Strickland Contends

Strickland advocates strongly that he was working within the scope of his employment with the Alameda County Sheriff's Office ("ACSO") at the time of the encounter. *See* Dkt. 57 at 5. He makes this claim to bring himself within the gambit of the CTCA, to defeat Ujiri's claims.

But tellingly, Strickland's only evidence to support this conclusion comes from Mr. Ujiri's counterclaim, despite the fact he can likely answer this question himself. *See* Dkt. 57 at 5. And Mr. Ujiri's counterclaim does not "confirm" that Strickland was acting within the course and scope of his employment when Strickland intentionally assaulted Mr. Ujiri. *See* Dkt. 57 at 2. That is a fact-specific question to be decided at a later stage. Indeed, courts have found employees engaging in intentional tortious conduct to be acting outside the scope of their public employment, which could very well be the result here after further discovery. *See* Dkt. 58 at 7, *Wilson-Combs v. California Dept. of Consumer Affairs*, 555 F.Supp.2d 1110, 1118-1119 (E.D. Cal. 2008). At a minimum, the counterclaim allegations Strickland relies upon are not independently dispositive on this issue.[1]

Without needing to fully resolve this question now, one thing is clear: at the very least and for the reasons set forth below, Strickland's employment status vis a vis the CTCA does not provide a basis for disposing of Mr. Ujiri's claims, particularly at the pleading stage. *See Manzarek v. St. Paul*

---

[1] As Strickland notes, Mr. Ujiri alleged Strickland was a Deputy (Dkt. 43, ¶ 14); served as a "security guard" (*id*.), and worked for the ASCO. *Id*. at ¶55, Dkt. 57 at 2. But *none* of these allegations explicitly allege Strickland was working within the course and scope of his employment as a Sheriff during the encounter, when he intentionally assaulted Mr. Ujiri.

*Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (in ruling on a Rule 12(b)(6) motion, the Court "construe[s] the pleadings in the light most favorable to the nonmoving party.").

### B. The Court Correctly Identified Equity as the Governing Principle To Be Applied Here

Strickland ardently focuses his briefing on the CTCA's pre-suit claim presentment deadlines, emphasizing Mr. Ujiri did not meet them and thus his claims should be barred. *See* Dkt. 57, at 2-3. But Mr. Ujiri does not dispute this. *See* Dkt. 49, at 16-20. He does not claim to have timely filed a CTCA tort claim. Rather, Ujiri is pointing out the massive inequity in permitting Strickland to both 1) claim he is a public employee under the CTCA's gambit and therefore immune from suit, while 2) freely suing Ujiri *as an individual* and not on behalf of the County. As the Court indicated, under these circumstances equity would "appear[s] to require Ujiri to plead counterclaims on the same set of facts without the requirement of a CTCA filing with the County." *See* Dkt. 51, at 2. Strickland's insistence in applying the CTCA's strict time limits to bar Ujiri's counterclaim ignores the more pertinent question raised by the Court: whether equity requires a different outcome than would strict adherence to the CTCA. Dkt. 51 at 2. Mr. Ujiri contends that it does.

The California Tort Claim Act serves several important functions of vital importance to public entities, such as to: "(1) provide the public entity with sufficient information to allow it to make a thorough investigation of the matter; (2) facilitate settlement of meritorious claims; (3) to enable the public entity to engage in fiscal planning; and (4) avoid similar liability in the future." *Garber v. City of Clovis* 698 F.Supp.2d 1204, 1215 (E.D. Cal. 2010) quoting *Page v. MiraCosta Community College Dist.*, 180 Cal.App.4th 471, 493 (2009).

Even if Mr. Ujiri served a CTCA claim on the ACSO, such a presentment would have been futile, or rather, the CTCA's purposes have already been satisfied *despite* Ujiri failing to file a pre-suit demand. First, Strickland waited eight months after the encounter to file his suit. Presumably this time was spent investigating his claims, the encounter, and all attendant circumstances thereto.[2] He cannot claim Ujiri's failure to file a pre-suit claim prevented him from investigating entirely. Second,

---

[2] Indeed, if Strickland did not perform such an investigation before filing suit, it must be reasonably inferred he brought this suit in bad faith without proper investigation.

facilitating the settlement of Ujiri's claims is candidly nothing more than a pipe dream here, given that Strickland contends he (and not Ujiri) is the one injured from the encounter.

Among the most critical purposes of the CTCA, is "to give the public entity an opportunity to settle meritorious claims **thereby avoiding unnecessary lawsuits**." *V.C. v. Los Angeles Unified School Dist.* 139 Cal.App.4th 499, 507–508 (2006). (emphasis added). As Strickland initiated this litigation (as well as the physical attack against Ujiri), if this is an "unnecessary lawsuit," ACSO should look to Strickland to ask why that is so.

Moreover, as Strickland concedes, an exception to the CTCA filing requirements exists when, *inter alia*, a "public entity" sues a claimant first. *See* Dkt. 57 at 5; *see also Krainock v. Superior Court*, 216 Cal.App.3d 1473, 1477 (1990) ("the Krainock exception"). However, he attempts to sidestep this exception by arguing "no public entity initiated this suit." Dkt. 57 at 5.

Strickland's contradictory assertions that he is *both* a public employee (immune from suit under the CTCA), *while also* an individual tort victim (permitted to sue Ujiri as an individual and avoid the *Krainock* exception) is a dizzying effort to use his public employment as a sword and a shield. *Compare* Dkt. 57 at 3 ("unequivocally . . Deputy Strickland was acting in the course of his County employment") with *id*. at 5 ("no public entity initiated this suit"). This sharp contradiction only accentuates the strong equity rationale for permitting Mr. Ujiri's claims to proceed.

In sum, "the [CTCA] should not be allowed to become a snare for the unwary litigant if its statutory purposes have been satisfied." *Krainock v. Superior Court* 216 Cal.App.3d 1473, 1477 (1990). The CTCA's purposes have either already been fulfilled or would have been futile. This statute should not foreclose his claims.

### C. The Firefighters' Rule Applies Because the Encounter Was a Continuous Act

Strickland erroneously contends the firefighter's rule does not bar his claims simply because Mr. Ujiri pushed him after Mr. Ujiri "kn[ew] or should have known" of his presence. "[S]ection 1714.9, subdivision (a)(1) does not create a duty of care simply because an officer is injured after his or her presence is known. Rather, it applies only where the officer is injured by a separate, subsequent act of negligence that occurs after the conduct that necessitated the officer's presence." *Hamilton v. Martinelli & Associates*, 2 Cal. Rptr. 3d 168, 179 (Cal. App. 4th Dist. 2003). Here,

Strickland's alleged injuries arise out of the very conduct he alleges necessitated his presence in the first place, i.e., preventing unauthorized access to the basketball court. Accordingly, section 1714.9(a)(1) does not apply and Strickland's claims are barred by the firefighter's rule.

There is also no evidence Mr. Ujiri intended to injure Deputy Strickland. The video evidence clearly shows Mr. Ujiri pushed Strickland in the chest in an attempt to defend himself against Strickland's unnecessary and excessive use of force. The sworn statements from three eyewitnesses also confirm Mr. Ujiri simply pushed Strickland in his chest after Strickland twice shoved Mr. Ujiri and that Mr. Ujiri did not "punch" or "strike" Strickland in the face. Dkt. 43, Ex. 2. Mr. Ujiri's justified attempt to protect himself against Strickland's initiated excessive force cannot be reasonably interpreted as an attempt to injure Strickland. Accordingly, none of the exceptions to the firefighter's rule apply and Strickland's claims are barred as Mr. Ujiri owed him no duty of care.

## III. CONCLUSION

The Court should not be persuaded by Strickland's desire to dismiss Mr. Ujiri's claims on procedural grounds rather than permitting them to proceed on their well-grounded merits. Strickland's motion to dismiss should be denied.

Dated:  December 3, 2020           **COTCHETT, PITRE & McCARTHY, LLP**

By: ___/s/ Tamarah P. Prevost___
  JOSEPH W. COTCHETT
  EMANUEL B. TOWNSEND
  TAMARAH P. PREVOST

*Counsel for Defendants Masai Ujiri, Toronto Raptors, and Maple Leaf Sports & Entertainment*