**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ALAN STRICKLAND AND KELLY STRICKLAND**, <br><br>Plaintiffs, <br><br>v. <br><br>**MASAI UJIRI; TORONTO RAPTORS; MAPLE LEAF SPORTS & ENTERTAINMENT; NATIONAL BASKETBALL ASSOCIATION**, <br><br>Defendants. | Case No. 20-cv-981-YGR <br><br> **ORDER DENYING MOTION TO DISMISS DEFENDANT UJIRI'S COUNTERCLAIMS** <br><br> **DKT. NO. 45** |

Pending before the Court is the motion of plaintiff Alan Strickland to dismiss the counterclaims of defendants Masai Ujiri and Toronto Raptors/Maple Leaf Sports & Entertainment. (Dkt. No. 45.) Ujiri alleges claims for violation of Ujiri's rights under the Fourth Amendment to the United States Constitution pursuant to 42 U.S.C. section 1983, as well as claims for assault, battery, and intentional infliction of emotional distress (IIED). (Dkt. No. 43 ["Counterclaim"].)

In his motion, Strickland contends that the section 1983 claim should be dismissed on the grounds that Ujiri has not alleged facts sufficient to establish excessive force or to avoid qualified immunity; and that the state law claims should be dismissed for failure to comply with the requirements of the California Tort Claims Act (*see* Cal. Gov't Code § 905 *et seq.*, "CTCA").

The Court having carefully considered the pleadings in support of and in opposition to the motion, the pleadings in this matter, and the matters properly subject to judicial notice, and for the reasons stated herein, **ORDERS** that the motion is **DENIED**.

**I.     SECTION 1983 CLAIM**

As to the argument that Ujiri has not alleged excessive force or a basis to avoid qualified immunity in the counterclaims, the Court finds that these issues cannot be decided on the face of the pleadings. "To determine whether a government official is entitled to qualified immunity, we ask two questions: whether the official violated a statutory or constitutional right, and whether that right was clearly established at the time of the challenged conduct." *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1064 (9th Cir. 2013).

Here, Ujiri has alleged a plausible factual basis for his claim of excessive force in violation of the Constitution. Taking the allegations as true, and considering the video evidence incorporated therein by reference, Ujiri has set forth acts to which qualified immunity may not apply. The parties' wildly differing views of the video evidence incorporated by reference in the counterclaims provides reason enough to conclude that this question cannot be decided as a matter of law. Whether this or other evidence to be developed establishes a Constitutional violation, and whether "the violative nature of *particular* conduct is clearly established," *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (internal citation omitted), cannot be decided on the pleading motion before the Court.

Therefore, the motion to dismiss Ujiri's section 1983 claim is **DENIED** without prejudice to Strickland raising the qualified immunity issue on a more fulsome factual record at summary judgment or trial. *See Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) ("Because Groten alleged acts to which qualified immunity may not apply, we must reverse the dismissal of his complaint pursuant to Rule 12(b)(6) on qualified immunity grounds."); *Morley v. Walker*, 175 F.3d 756, 761 (9th Cir. 1999) (finding further factual development required to decide qualified immunity issue).[1]

**II.    CALIFORNIA LAW CLAIMS**

Strickland next moves to dismiss the assault, battery, and IIED claims on the grounds that Ujiri failed to exhaust the requirements of the CTCA. Normally, exhaustion of the CTCA's claims

---

[1] In his reply, Strickland concedes that the requirements of the CTCA do not apply to a claim under section 1983. (Reply at 15:15-16.) *See Williams v. Horvath*, 16 Cal.3d 834, 842 (1976). To the extent the motion sought to dismiss the section 1983 claim on those grounds, it is **DENIED**.

presentment requirements is a prerequisite to suit against a public entity. *City of Stockton v. Superior Court*, 42 Cal.4th 730, 737–38 (2007) (CTCA generally requires the presentation of "all claims for money or damages against local public entities" within six months for claims of personal injury and "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented" until the claim has been presented and rejected). The CTCA exhaustion requirement also applies to "a cause of action against a public employee or former public employee for injury resulting from an act or omission *in the scope of his employment as a public employee* . . . ." Cal. Gov't Code § 950.2 (emphasis supplied).

Here, the counterclaims allege that Strickland was an employee of the Alameda County Sheriff's Office and was acting within the course and scope of his employment at all times relevant to the claims. (Counterclaim at p. 29, ¶¶ 55, 56.) Those allegations are incorporated by reference into the assault, battery, and intentional infliction of emotional distress claims. (*Id*. ¶¶ 63, 72, 78.) Thus, compliance with the CTCA claims presentment procedures appears to be required absent some exception.[2]

"The primary purpose of the [CTCA] is to apprise the governmental body of an imminent legal action so that the entity may investigate and evaluate the claim and, where appropriate, avoid litigation by settling meritorious claims." *Krainock v. Superior Court*, 216 Cal.App.3d 1473, 1477 (1990). "[T]he act should not be allowed to become a snare for the unwary litigant if its statutory purpose have been satisfied." *Id*. "Public policy permits substantial compliance with claims requirements if no prejudice to the governmental entity appears." *Id*. at 1478. Thus, California courts have held that "when the state has filed suit on a contract, the defendant should be permitted to cross-complain for damages on the same contract without complying with the claim statutes." *People ex rel. Dep't of Parks & Recreation v. West-A-Rama, Inc.*, 35 Cal.App.3d 786, 794 (1973). Likewise, when a defendant seeks to file a tort cross-complaint against a public entity that first

---

[2] Ujiri cites *Wilson-Combs v. California Dep't of Consumer Affairs*, 555 F.Supp.2d 1110, 1118 (E.D. Cal. 2008) and *Rabkin v. Dean,* 856 F.Supp.543, 552 (N.D. Cal. 1994), for the proposition that compliance with the CTCA is not required when a public employee commits intentional torts amounting to acts outside the scope of employment. Although Ujiri now argues that Strickland's wrongful acts were outside the scope of his duties as a deputy sheriff, the allegations of the counterclaims are contrary.

3

initiated a claim against him, the courts have found the CTCA's requirements not to apply, at least as to defensive matter arising from the same transaction. *Krainock,* 216 Cal.App.3d at 1477-78.

Further, the case law and the statutes excuse the requirements of the CTCA when failure to file timely is due to "mistake, inadvertence, surprise or excusable neglect." *See* Cal. Gov't Code §§ 911.6(b)(1), 946.6; *see Moore v. State of Calif.*, 157 Cal.App.3d 715, 726-727 (1984). Such relief is granted liberally to preserve meritorious claims whenever possible, and doubts are resolved in favor of permitting the claim to proceed. *See Bettencourt v. Los Rios Comm. College Dist.*, 42 Cal.3d 270, 279 (1986).[3]

Here, Ujiri alleges state law counterclaims based upon the same events as alleged in Strickland's complaint. Strickland plainly was aware of the basis for the claims and had an opportunity to resolve them prior to the litigation. The primary purpose of the CTCA has been satisfied. Certainly, Ujiri's counterclaims allege a mix of purely "defensive matter" in the form of "nominal damages" along with affirmative relief in the form of punitive damages,[4] and thus do not fall squarely within the rule of *Krainock*. However, Ujiri also argues persuasively that the CTCA's requirements should be excused due to Strickland's delay in bringing his claims against Ujiri and producing the body cam footage that revealed Strickland to be the initial aggressor. Strickland did so only after Ujiri's CTCA claim filing window expired.

The Court finds that, under the unusual circumstances of the complaint and cross-complaint here, Ujiri's failure to file a timely CTCA claim, even for affirmative relief, is excusable. There is no apparent prejudice to Strickland in terms of investigating and evaluating the claims or having an

---

[3] Beyond these exceptions, there are a number of statutory, equitable, and tolling exclusions from CTCA compliance. *See, e.g., John R. v. Oakland Unified Sch. Dist.*, 48 Cal. 3d 438, 445 (1989) ("It is well settled that a public entity may be estopped from asserting the limitations of the claims statute where its agents or employees have prevented or deterred the filing of a timely claim by some affirmative act."); *J.P. v. Carlsbad Unified School Dist.*, 232 Cal.App.4th 323, 334 (2014) (finding requirement of CTCA claim estopped where public entity induced minor's parents to delay commencement of litigation); *Myers v. Cty. of Orange*, 6 Cal.App.3d 626, 636–37 (1970) (normal tolling principles applicable to statutes of limitation also apply to time period for submitting CTCA claim).

[4] The counterclaims seek nominal damages on Ujiri's assault and battery claims, and nominal and punitive damages on his IIED claim. (Counterclaim ¶¶ 70, 77, 82.)

4

opportunity to resolve them, given that Strickland initiated the litigation against Ujiri. *See Bettencourt*, 42 Cal.3d at 279 (relief from CTCA time limits granted liberally to preserve meritorious claims whenever possible).[5] The purposes of the CTCA are satisfied and the counterclaims should be permitted to proceed.

The motion to dismiss the Counterclaims is **DENIED**.

Strickland shall file his answer to the Counterclaims within 21 days of entry of this Order.

**IT IS SO ORDERED**.

Date: January 19, 2021

                                        **YVONNE GONZALEZ ROGERS**
                                        **UNITED STATES DISTRICT COURT JUDGE**

---

[5] The Court previously noted that Strickland's claims for injury may be controlled by the "firefighter's rule" barring claims as arising from the normal occupational risks of engagement as a peace officer. *See Vasquez v. N. Cty. Transit Dist.*, 292 F.3d 1049, 1054 (9th Cir. 2002); *Hodges v. Yarian*, 53 Cal.App.4th 973, 981-982 (1997). However, based upon the supplemental briefing, the Court concludes that determining the applicability of that defense, or any exception thereto, does not aid it in determining whether the CTCA's requirements are satisfied here.