DAVID P. MASTAGNI (SBN 57721)
GRANT A. WINTER (SBN 266329)
BRETT D. BEYLER (SBN 238254)
**MASTAGNI HOLSTEDT, A.P.C.**
1912 I Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
*Email: bbeyler@mastagni.com*

Attorneys for Plaintiffs Alan Strickland and Kelly Strickland

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alan Strickland, an individual; and Kelly Strickland, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> MASAI UJIRI, an individual; TORONTO RAPTORS, a business entity, MAPLE LEAF SPORTS & ENTERTAINMENT, a business entity; NATIONAL BASKETBALL ASSOCIATION, INC.; and DOES 1 through 100, inclusive <br><br> Defendants. | Case No.: 4:20-cv-00981-YGR <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO DISCOVERY AND RELATED DEADLINES** <br><br> Hearing Date:  March 2, 2021 <br> Hearing Time:  2:00 p.m. <br> Courtroom:      1 <br> Judge:              Hon. Yvonne Gonzalez Rogers <br><br> Action Filed: February 7, 2020 |

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure ("FRCP") 6 and 16, on March 2, 2021, or as soon thereafter as the Court will allow, in Courtroom 1 at 1301 Clay Street, in Oakland, at 2:00 p.m., Plaintiffs Alan and Kelly Strickland, will and hereby do move for an order extending the discovery and related deadlines, and such additional relief as the Court deems just.  This motion is based on the good cause demonstrated in this Notice of Motion and Motion, the Memorandum of Points and Authorities herein, and the accompanying Declaration of Brett D. Beyler.

## I.    INTRODUCTION

Plaintiffs filed this suit on February 7, 2020, alleging assault and battery, intentional infliction of emotional distress, negligence, negligence per se, and loss of consortium.  (*See* ECF

No. 1).  This motion is submitted in accordance with Local Rules 6, 7, 16 and 37.  Plaintiffs' move to extend the discovery deadline pursuant to FRCP 6(b), (c) and 16.  FRCP 6(b)(1) empowers the Court to extend the discovery cut-off for "good cause."  *See* FRCP 6(b)(1)(A). The Court has "good cause" for the following reasons:

Discovery only opened in May 2020. Since that time, Deputy Strickland has diligently pursued both party and non-party discovery in this matter.

On January 20, 2021, the Court issued its order denying Deputy Strickland's motion for dismissal. Before this order, Deputy Strickland did not know which counterclaims, if any, he would have to defend against. Now, from the date in which his answer is due, Deputy Strickland will have less than a month to complete discovery and a little more than a month to obtain experts.

Defendants have caused, and continue to cause, ongoing discovery delays. These delays are being addressed by appropriate, separate motion before the Court. These delays have nonetheless impacted and made necessary this request for continuance.

Due to COVID-19, the parties have encountered numerous discovery delays. For example, has prevented Mr. Ujiri from producing the responsive documents, including the credential on his person at the time of the incident. As discussed in greater detail below, the credential is a critical piece of evidence in this case.

Therefore, for all the reasons stated above, Deputy Strickland and Kelly Strickland request a short extension on non-expert and expert discovery and related deadlines/cutoffs, for the good cause demonstrated herein and in the supporting documents.

## II.    <u>STATEMENT OF FACTS</u>

Deputy Alan and Kelly Strickland filed their complaint on February 7, 2020. (*See* ECF No. 2.) Defendants did not answer until April 2, 2020. (*See* ECF Nos. 18-19.) The first Case Management Conference was held on May 11, 2020. (*See* ECF Nos. 29, 30.) The Court directed the parties to complete an early private mediation by August 14, 2020. (*See* ECF No. 30.)

Following the Case Management Conference, on May 13, 2020, Deputy Strickland promptly propounded discovery on all Defendants. (Declaration of Brett D. Beyler ("Beyler Decl."), ¶ 2.) Mr. Ujiri served his written responses – without producing the responsive documents

1    – on June 22, 2020. (Beyler Decl. ¶ 4.) Mr. Ujiri delayed in producing any documents until July

2    16, 2020. (Beyler Decl. ¶ 8.) Mr. Ujiri did not serve a verification with any of his responses.

3    (Beyler Decl. ¶ 4.) The NBA produced its discovery responses on June 29, 2020, but did not serve

4    any documents until August 4, 2020. (Beyler Decl. ¶ 5.) Since the parties had a private mediation

5    scheduled, it was agreed that meet and confer efforts regarding defendants' inadequate discovery

6    responses would wait until after mediation, should the matter not settle at mediation. (Beyler Decl.

7    ¶¶ 6-7; **Exhibit 1,** pp. 1-2.)

8          On August 11, 2020, the parties mediated before Honorable (Ret.) Judge Vaughn Walker.

9    On August 20, 2020, Deputy Strickland served subpoenas on Oakland Police Department

10   ("OPD"), Alameda County Sheriff's Office ("ACSO"), and Anschutz Entertainment Group

11   ("AEG"). OPD and AEG did not respond to the subpoenas by the required production date of

12   September 7, 2020. (Beyler Decl. ¶ 9.)  On October 7, 2020, Mr. Strickland sent meet and confer

13   letters to both OPD and AEG. (*Ibid.*) Neither OPD or AEG responded to Mr. Strickland's meet and

14   confer attempt. (*Ibid.*) On November 13, 2020, Deputy Strickland filed motions to compel in the

15   Northern District and Central District. (*See* ECF No. 52.) The Court granted Deputy Strickland's

16   motion and, shortly thereafter, OPD complied with the subpoena and produced all responsive

17   documents. (*See* ECF Nos. 63, 65.)

18         Meanwhile, after the mediation, Mr. Strickland resumed meeting and conferring with Mr.

19   Ujiri and the NBA concerning the inadequate discovery responses those parties served. (Beyler

20   Decl. ¶¶ 6-7; **Exhibit 1,** passim.) On November 25, 2020, the NBA served amended responses to

21   Deputy Strickland's May 2020 discovery requests. On November 30, 2020, Mr. Ujiri, Raptors, and

22   MLSE served a one-page privilege log. (Beyler Decl. ¶ 18.) On December 2, 2020, they served

23   amended responses to some, but not all, of their inadequate responses. (Beyler Decl. ¶¶ 19-20.) At

24   long last, Mr. Ujiri's served verifications for his responses. (Beyler Decl. ¶ 19.) Deputy Strickland

25   once more attempted to meet and confer with Mr. Ujiri, Raptors, and MLSE to explain that their

26   amended responses still did not cure the issues raised in the early meet and confer attempt. (Beyler

27   Decl. ¶ 23; **Exhibit 2**.) In response, Mr. Ujiri argued he cannot produce responsive documents,

28   such as his credential, because the Raptors' facility in Toronto is closed due to COVID-19. (Beyler

Decl. ¶ 24; **Exhibit 3,** p.2: "Mr. Ujiri is not intentionally withholding a copy of the credential he was wearing during Game 6 and at the time of the encounter. Rather, serious health risks posed by COVID-19 pandemic have hampered our good faith attempts to obtain the physical credential and photocopy it for production. For example, the Toronto Raptors' practice arena and Mr. Ujiri's offices in Toronto, Canada have been closed for months due to the pandemic...")

After extensive meeting and conferring, Deputy Strickland and Mr. Ujiri, Raptors, and MLSE will be filing a joint discovery dispute brief with the Court. (Beyler Decl. ¶ 31.) To this day – as of the filing of this motion – Mr. Ujiri and the Raptors have not produced Mr. Ujiri's credential and claim they cannot access the building where the credential is left because it is closed due to COVID-19. (Beyler Decl. ¶ 24; **Exh. 3**.)

On December 31, 2020, Deputy Strickland propounded additional discovery on the NBA, Raptors, and MLS&E. Responses thereto are not yet due. On January 15, 2021, Deputy Strickland noticed seven depositions of parties and non-party entities and individuals. (Beyler Decl. ¶ 31.) These depositions are presently scheduled to start in late February 2021 and conclude in the second week of March 2021. (Beyler Decl. ¶¶ 30-31.)

On August 18, 2020, less than a week after the parties early mediation, Mr. Ujiri filed a motion for leave to file a counterclaim against Deputy Strickland. (*See* ECF No. 35.) The Court granted this motion on September 15, 2020. (*See* ECF No. 42.) On October 5, 2020, Deputy Strickland moved to dismiss Mr. Ujiri's counterclaim. (*See* ECF No. 45.) The final supplemental briefing on the matter was submitted on December 3, 2020. (*See* ECF Nos. 60 and 61.) On January 19, 2020, the Court denied Deputy Strickland's motion to dismiss in its entirety. (*See* ECF No. 68.) Now, Deputy Strickland must serve an answer to Mr. Ujiri's counterclaim by February 9, 2021. (*Id.*) This leaves only six weeks between Mr. Strickland's answer and the current discovery cutoff. (Beyler Decl. ¶¶ 30-31.)

## III.   ARGUMENT

Rule 6(b) allows the Court, for good cause shown, "at any time in its discretion," to extend the time to complete discovery. *Brew v. City of Emeryville*, 138 F. Supp. 2d 1217, 1226 (N.D. Cal. 2001) (quoting FRCP 6(b)).   Similarly, "Rule 16 provides that deadlines established in a case

1  management order may "be modified [] for good cause[.]" *Meneweather v. Powell*, No. C 07-

2  04204 SBA PR, 2012 WL 3670698, at *1 (N.D. Cal. Aug. 24, 2012) (quoting FRCP 16(b)(4)).

3  "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party

4  seeking the extension." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610

5  (9th Cir. 1992)).

6      **A.    "Good Cause" Warrants A Continuance.**

7        "'Good cause' is a non-rigorous standard that has been construed broadly across procedural

8  and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010);

9  s*ee Tennison v. Henry*, 203 F.R.D. 435, 439 (N.D. Cal. 2001).  "Rule 16(b)' s 'good cause'

10  standard primarily considers the diligence of the party seeking the amendment." *Johnson, supra,*

11  975 F.2d at 609.  A discovery extension may be appropriate where, as here, (1) discovery remains

12  outstanding; (2) the timing for completion of the discovery is uncertain; and (3) no prejudice to

13  Defendants exists other than the delay itself.  *See Vietnam Veterans of Am. v. C.I.A.*, No. 09-CV-

14  0037 CW JSC, 2011 WL 6056406, at *1 (N.D. Cal. Oct. 31, 2011).

15        Although this action was filed in February 2020, discovery was not able commence until

16  after the Rule 26(f) conference, which occurred in May 2020. On May 13, 2020, Deputy Strickland

17  promptly served his initial sets of discovery requests. (Beyler Decl. ¶ 2; *see also* ECF No. 30, the

18  Court's May 11, 2020 CMC Order.)  After requesting and receiving extensions, Defendants served

19  their document production on July 16, 2020.  (Beyler Decl. ¶¶ 2-7.)  Following Plaintiffs' multiple

20  requests in September of 2020, the parties met and conferred regarding discovery disputes in

21  October, 2020.  (Beyler Decl. ¶¶ 7, 10-12; **Exhibit 1**.)  Defendants delayed serving supplemental

22  responses until December 1, 2020.  (Beyler Decl. ¶¶ 13-15, 18; **Exhibit 1**, pp. 3-9.)  Defendants'

23  responses remain legally inadequate and have ignored Plaintiffs further requests for responsive

24  material.  (Beyler Decl. ¶¶ 22-24; **Exhibits 1-4**.)  Here, Plaintiffs have demonstrated diligence at

25  every step of the discovery process, showing that good cause for extension of the discovery

26  deadline exists.  (Beyler Decl. ¶¶ 1-31; **Exhibits 1-4**.) Plaintiffs have repeatedly been forced to

27  subpoena and compel relevant information, further demonstrating diligence.  (*See* ECF Nos. 54,

28  55, and 63; Beyler Decl. ¶¶ 16-17, 27; **Exhibit 2**.)  However, despite Plaintiffs' diligence, multiple

1  delays have ensured Plaintiffs will be unable to reasonably meet the current discovery deadlines.
2  (Beyler Decl. ¶¶ 3-31.)

3     Additionally, prior to the Court's January 20, 2021 ruling on the motion to dismiss, Deputy
4  Strickland did not know which counterclaims he would have to defend against, giving him less
5  than a month to complete discovery, and little more than a month to obtain experts. (*See* ECF No.
6  68.)  Failing an extension of the discovery deadline, Deputy Strickland will be prejudiced by
7  inability to prepare an adequate defense to Defendant Ujiri's counterclaims.  *See CSPC Dophen*
8  *Corp. v. Zhixiang Hu*, No. 2-17-CV-1895-MCE-DB-PS, 2019 WL 5960137, at *7 (E.D. Cal. Nov.
9  13, 2019) (re-opening closed discovery upon finding the need to defend against counterclaims
10 established "good cause" for extension of the discovery deadline).

11    Accordingly, good cause warrants an extension. *See*, *e.g*., *Meneweather*, 2012 WL
12 3670698, at *1; *Atkins v. Mabus*, 654 Fed. Appx. 878, 879 (9th Cir. 2016) (reversing and
13 remanding a denial of discovery deadline extension where "no evidence indicat[ed] that counsel
14 acted in bad faith" or that "an extension would have prejudiced the [nonmovant]."

15 **B.     Both Parties are Burdened by COVID-19 Complications, Reflecting**
16 **Extraordinary or Extenuating Circumstances.**

17    Regarding the extension of deadlines, "extraordinary circumstances" also may constitute
18 "good cause." *Johnson, supra*, 975 F.2d at 609.  Indeed, "'[g]ood cause' is shown even when
19 there are merely 'extenuating circumstances.'" *Id.* (internal citation omitted).  In *Ahanchian*,
20 *supra*, the Ninth Circuit held that the District Court abused its discretion where it denied a timely
21 motion for extension because nothing suggested the movant "was acting in bad faith or
22 misrepresenting his reasons for asking for the extension."  624 F.3d at 1260.  An extension of
23 discovery here neither unfairly prejudices Defendants nor imposes undue burden or expense on
24 any party, as they have also experienced pandemic-related challenges.  (Beyler Decl. ¶ 24; **Exhibit 3**.)

25    The unprecedented, novel, global COVID-19 pandemic is indisputably an "extraordinary
26 circumstance[]".  *Johnson,* 975 F.2d at 609.  Both parties agree COVID-19 complications
27 interfered with discovery efforts in this matter.  (Beyler Decl. ¶¶ 22-26; **Exhibits 2-4**.). For
28 example, there is disputed fact in this matter regards the sufficiency of Defendant Ujiri's

-6-

1    credentials at the time of the incident. The actual credential itself is also a necessary piece of

2    evidence because Mr. Ujiri asserts, he was showing, or trying to show, it to Deputy Strickland at

3    the time of the incident. The actual credential itself must be inspected to determine whether it was

4    visible to Deputy Strickland to perceive, process, and react to what the credential was and read it

5    while reacting to Mr. Ujiri's presence. Despite admitting they are unable to retrieve Ujiri's

6    credentials because of COVID-19 complications, Defendants nonetheless inexplicably oppose

7    extension. (Beyler Decl. ¶¶ 23-26; **Exhibits 2-4**.).

8        Deputy Strickland has set Raptor's PMK deposition in March, and seeks to have that PMK

9    search for and produce a variety of relevant records, presumably stored at the Raptor's facility in

10   Toronto.  Such extraordinary circumstances demonstrate good cause, warranting an extension.

11        Also, Defendants have produced no communications relating to the incident giving rise to

12   this litigation. No emails. No letters. No voicemails. No memos. No texts. Nothing. It thus is

13   anticipated that even more time will be required to address the lack of production.

14        For the reasons stated above, Deputy Strickland requests the current pre-trial schedule be

15   amended as follows: (1) Non-expert discovery continued until September 2, 2021; (2) Expert

16   disclosure continued until September 9, 2021; (3) Rebuttal expert continued until September 16,

17   2021; (4) Expert discovery cutoff continued until October 15, 2021; (5) Dispositive motion

18   deadline continued until November 12, 2021, with filing cutoff continued until October 29, 2021.

19   All other dates to remain unchanged. (Beyler Decl. ¶¶ 29-30, 33-34.)

20                             **IV.**     **CONCLUSION**

21        Plaintiffs need more time for discovery despite acting diligently, reasonably, and in good

22   faith. The requested extension would cause no prejudice. Good cause and the interests of justice

23   thus warrant an extension.

24   Respectfully submitted:

25   Dated: January 22, 2021             **MASTAGNI HOLSTEDT, A.P.C.**

26

27                        By:___/s/ BRETT D. BEYLER_____

28                         Attorney for Plaintiffs

1

**PROOF OF SERVICE (C.C.P.§1013a)**

2

SHORT TITLE OF CASE:   ***Strickland v. Ujiri, et al.***
COURT NAME:              ***USDC-Northern District***

3

CASE No.***:***                  ***4:20-CV-00981-YGR***

4

5

      I am a citizen of the United States and a resident of the County of Sacramento.  I am over the age of 18 years and am not a party to the within action.  My business address is 1912 I Street, Sacramento, CA 95811.

6

7

      On the date set forth below, I served the below-described document(s), on the parties listed herein, at the addresses set forth below, by serving a true copy, or original as required by law, of each by the following means of service:

8

9

✓      **BY ELECTRONIC SERVICE**:
        Based on a court order or an agreement of the parties to accept electronic service, I caused a .pdf version of the below-described documents to be sent to the persons at the electronic service addresses as set forth below.

10

11

NAME/DESCRIPTION OF DOCUMENT(S) SERVED:

12

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PRE-TRIAL SCHEDULING ORDER DEADLINES**

13

ADDRESSES OF SERVICE:

| | |
|---|---|
| Joseph W. Cotchett<br>Emanuel B. Townsend<br>Tamarah Prevost<br>Cotchett, Pitre & McCarthy, LLP<br>840 Malcolm Road, Ste. 200<br>Burlingame, CA 94010<br>T: (650) 697-6000/F: (650) 697-0577<br>*Email: jcotchett@cpmlegal.com*<br>     *etownsend@cpmlegal.com*<br>     *tprevost@cpmlegal.com* | *Attorneys for Defendants Masai Ujiri, Toronto Raptors and Maple Leaf Sports & Entertainment* |
| Mark R. Conrad<br>Courtney C. Aasen<br>Conrad & Metlitzky LLP<br>Four Embarcadero Center, Ste. 1400<br>San Francisco, CA 94111<br>T: (415) 343-7100/F: (415) 343-7101<br>*Email: mconrad@conradmetlitzky.com*<br>     *caasen@conradmetlitzky.com* | *Attorneys for Defendant National Basketball Association* |

14

15

16

17

18

19

20

21

22

23

24

      I declare under penalty of perjury, under the laws of the State of California, that the

25

foregoing is true and correct and was executed on January 22, 2021 at Sacramento, California.

26

27

                      /s/ SONIA SANTOS

28

                      Sonia Santos